Cindy Hamilton (SBN 217951)
Shauna Imanaka (SBN 315742)
**GREENBERG TRAURIG, LLP**
1900 University Avenue, 5th Floor
East Palo Alto, CA 94303
T: (650) 328-8500
F: (650) 328-8508
hamiltonc@gtlaw.com
imanakas@gtlaw.com

Attorneys for Defendant
JPMORGAN CHASE BANK, N.A.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LISA JO NOBLE, ADMINISTRATOR OF THE ESTATE OF DANIEL STRANGE,<br><br>Plaintiff,<br><br>vs.<br><br>JP MORGAN CHASE BANK, N.A.; and DOES 1 - 25, Inclusive,<br><br>Defendants. | CASE NO. 3:22-CV-02879-LB<br><br>**DEFENDANT JPMORGAN CHASE BANK, N.A.'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO STAY**<br><br>Date: September 15, 2022<br>Time: 9:00 am<br>Courtroom: B – 15th Floor<br>Assigned to: Hon. Laurel Beeler<br><br>Action Filed: April 1, 2022<br>Action Removed: May 16, 2022 |

## **REQUEST FOR JUDICIAL NOTICE**

Pursuant to Federal Rule of Evidence 201, and in connection with its concurrently filed Motion to Stay Defendant JPMorgan Chase Bank, N.A. ("Chase") respectfully requests that the Court take judicial notice of the following attached exhibits:

- **Exhibit A** – A true and correct copy of the interpleader docket downloaded on July 21, 2022 for *National Recovery Solutions v. Lisa Jo Noble, Administrator to the Estate of Daniel Strange, Deceased,* Case No. 20-CIV-01183, Superior Court of California, County of San Mateo

- **Exhibit B** – A true and correct copy of the Interpleader Complaint, *National Recovery Solutions v. Lisa Jo Noble, Administrator to the Estate of Daniel Strange, Deceased*, Case No. 20-CIV-01183, filed on February 24, 2020 in the Superior Court of California, County of San Mateo

- **Exhibit C** – A true and correct copy of the probate docket downloaded on July 21, 2022 for *Estate of Daniel Strange*, Case No. 19-PRO-00643, Superior Court of California, County of San Mateo

- **Exhibit D** – A true and correct copy of Administrator's First Amended Petition for Title to and Possession of Property Held by Another, and for Order Conveying and Transferring Such Property to Administrator, *Estate of Daniel Strange*, Case No. 19-PRO-00643, filed on October 14, 2021 in the Superior Court of California, County of San Mateo

- **Exhibit E** – A true and correct copy of the docket in the action Plaintiff Lisa Jo Noble, as Administrator of the Estate of Daniel Strange, Deceased filed against Eyad Yaser Abdeljawad downloaded on July 21, 2022 for *Lisa Jo Noble, as Administrator of the Estate of Daniel Strange, Deceased v. Eyad Yaser Abdeljawad*, Case No. 21-CIV-01037 in the Superior Court of California, County of San Mateo

////
////
////

- **Exhibit F** – A true and correct copy of the First Amended Complaint, *Lisa Jo Noble, as Administrator of the Estate of Daniel Strange, Deceased v. Eyad Yaser Abdeljawad*, Case No. 21-CIV-01037, filed on June 6, 2022 in the Superior Court of California, County of San Matteo.

- **Exhibit G** – A true and correct copy of the Notice of Entry of Order on Demurrer Adopting Tentative Ruling and Continuing Matter filed on March 8, 2022 in *Estate of Daniel Strange*, Case No. 19-PRO-00643, Superior Court of California, County of San Mateo, staying the probate action until the conclusion of the interpleader.

- **Exhibit H** - A true and correct copy of the Minute Order issued by the Court on July 6, 2022 in *Estate of Daniel Strange*, Case No. 19-PRO-00643, Superior Court of California, County of San Mateo, further staying the probate action.

- **Exhibit I** – A true and correct copy of the March 17, 2022 Minute Order of the Court in *National Recovery Solutions v. Lisa Jo Noble, Administrator to the Estate of Daniel Strange, Deceased,* Case No. 20-CIV-01183, Superior Court of California, County of San Mateo.

The Federal Rules of Evidence rule 201 provides that courts may take judicial notice of facts that are not subject to reasonable dispute, either because they are "(1) generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be question." Fed. R. Evid. 201. Court orders and filings are the type of documents that are properly noticed under the rule. *Schwartz v. U.S. Bank, N.A.*, Case No. CV 11-08754 MMM (JCG), 2012 U.S. Dist. LEXIS 189868, *8-9 (C.D. Cal. Aug. 3, 2012) (taking judicial notice of documents filed in a related action in superior court). The Court "can take judicial notice of the existence of these records, but not for the truth of the statements with them." *Barich v. City of Cotati*, Case No. 21-cv-00034-EMC, 2021 U.S. Dist. LEXIS 135380, *17 (N.D. Cal. July 20, 2021). Exhibits A-F attached hereto are filings and the dockets from the three related state court actions. Accordingly, Chase respectfully requests that the Court take judicial notice of Exhibits A-I in connection with Chase's Motion to Stay.

////

Respectfully submitted,

DATED: July 22, 2022 **GREENBERG TRAURIG, LLP**


By: */s/ Cindy Hamilton*
    Cindy Hamilton
    Shauna Imanaka
    Attorneys for Defendant
    JPMORGAN CHASE BANK, N.A.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

PROOF OF SERVICE

# EXHIBIT A

# Case Information

20-CIV-01183 | National Recovery Solutions vs. LISA JO NOBLE, et al

| | | |
|---|---|---|
| Case Number | Court | Judicial Officer |
| 20-CIV-01183 | Civil Unlimited | Swope, V. Raymond |
| File Date | Case Type | Case Status |
| 02/24/2020 | (43) Unlimited Other Petition (Not Spec) | Active |

# Party

Respondent
NOBLE, LISA JO

Respondent
DOES 1-50 INCLUSIVE

Petitioner
National Recovery Solutions

Active Attorneys ▼
Lead Attorney
DHAHBI, NADA
Retained

Inactive Attorneys ▼
  Pro Se

# Cause of Action

| File Date | Cause of Action | Type | Filed By | Filed Against |
|-----------|-----------------|------|----------|---------------|
| 02/24/2020 | Complaint | Action | National Recovery Solutions | NOBLE, LISA JO<br>DOES 1-50 INCLUSIVE |

# Events and Hearings

02/24/2020 New Filed Case

02/24/2020 Summons Issued / Filed ▾

Summons Issued / Filed

02/24/2020 Civil Case Cover Sheet ▾

Civil Case Cover Sheet

02/24/2020 Complaint ▾

Complaint

02/24/2020 Notice of Case Management Conference ▾

Notice of Case Management Conference

02/24/2020 Cause Of Action ▾

| Action | File Date |
|--------|-----------|
| Complaint | 02/24/2020 |

06/16/2020 Affidavit of Mailing ▾

Affidavit of Mailing CMC 9/24/20

Comment
CMC 9/24/20

06/16/2020 Case Management Order ▾

Case Management Order CMC 9/24/20

Comment
CMC 9/24/20

09/16/2020 Affidavit of Mailing ▾

Affidavit of Mailing CMC 12/9/20

Comment
CMC 12/9/20

09/16/2020 Case Management Order ▾

Case Management Order CMC 12/9/20

Comment
CMC 12/9/20

09/16/2020 CMC - Not at issue - no service/default/answer. ▾

Comment
Requesting associated template form.

11/24/2020 CMC - Not at issue - no service/default/answer. ▾

CMC - Not at issue - no service/default/answer.

12/09/2020 Proof of Service by SUBSTITUTED SERVICE of ▾

Proof of Service by SUBSTITUTED SERVICE of SUMMONS, COMPLAINT, ADR PACKET, CIVIL CASE COVE
SHEET, NO

Comment
SUMMONS, COMPLAINT, ADR PACKET, CIVIL CASE COVE SHEET, NOTICE OF CMC

01/21/2021 Request to Enter Default ▾

Request to Enter Default

02/25/2021 Notice of Case Management Conference ▾

Notice of Case Management Conference Case Management Conference - 7/14/2021 at 9:00 a.m. SSF

Comment
Case Management Conference - 7/14/2021 at 9:00 a.m. SSF

06/29/2021 Notice of Case Management Conference ▾

Notice of Case Management Conference Case Management Conference - 7/14/2021 at 9:00 a.m.

Comment
Case Management Conference - 7/14/2021 at 9:00 a.m.

07/14/2021 Case Management Conference ▾

Original Type
Case Management Conference

~CIV Minute Order - Case Management Conference 07/14/2021

Judicial Officer

Hearing Time
9:00 AM

Result
Held

---

07/15/2021 Notice of Case Management Conference ▾

Notice of Case Management Conference Case Management Conference And Order to Show Cause Re: Why Sanc

Comment
Case Management Conference And Order to Show Cause Re: Why Sanctions of at Least $150 Should Not be Imposed Due to Failure to Appear at CMC - 9/23/2021 at 9:00 a.m.

---

09/23/2021 Case Management Conference ▾

Original Type
Case Management Conference

~CIV Minute Order - Case Management Conference 09/23/2021

Judicial Officer
Halperin, Ernst A.

Hearing Time
9:00 AM

Result
Held

Comment
And Order to Show Cause Re: Why Sanctions of at least $150 Should Not be Imposed Due to Failure to Appear at CMC

---

09/28/2021 Notice of Case Management Conference ▾

Notice of Case Management Conference Case Management Conference & Order to Show Cause Re: Why Sancti

Comment
Case Management Conference & Order to Show Cause Re: Why Sanctions of $150 Should Not be Imposed Due to Failure to Appear at CMC - 11/15/2021 at 9:00 a.m.

---

10/15/2021 Notice of Case Management Conference ▾

Notice of Case Management Conference Case Management Conference & Order to Show Cause Re: Why Sancti

Comment
Case Management Conference & Order to Show Cause Re: Why Sanctions of at Least $150 Should Not be Imposed upon Plaintiff for Failure to Appear at CMC - 11/15/2021 at 9:00 a.m.

---

11/15/2021 Case Management Conference ▾

Original Type
Case Management Conference

~CIV Minute Order - Case Management Conference 11/15/2021

Judicial Officer
Halperin, Ernst A.

Hearing Time
9:00 AM

Result
Held

Comment
& Order to Show Cause Re: Why Sanctions of at Least $150 Should Not be Imposed upon Plaintiff for Failure to Appear at CMC

11/15/2021 Party appeared by audio and/or video ▾

Comment
Attorney Nada Dhahbi specially appearing for Defendant

11/15/2021 Notice of Case Management Conference ▾

Notice of Case Management Conference Case Management Conference & Order to Show Cause Re: Why Defaul

Comment
Case Management Conference & Order to Show Cause Re: Why Default Should Not be Withdrawn due to Plaintiff being a Business Entity without Attorney Representation - 3/17/2022 at 9:00 a.m.

03/16/2022 Substitution of Attorney as to ▾

Substitution of Attorney as to Former Attorney: PRO PERNew Attorney: NADA DHAHI

Comment
Former Attorney: PRO PER New Attorney: NADA DHAHI

03/17/2022 Case Management Conference ▾

Original Type
Case Management Conference

~CIV Minute Order - Case Management Conference 03/17/2022

Judicial Officer
Halperin, Ernst A.

Hearing Time
9:00 AM

Result
Held

Comment
& Order to Show Cause Re: Why Default Should Not be Withdrawn due to Plaintiff being a Business Entity without Attorney Representation

Parties Present ▴
Petitioner

Attorney: DHAHBI, NADA

03/17/2022 Party appeared by audio and/or video

03/18/2022 Notice of Case Management Conference ▾

Notice of Case Management Conference 10/27/2022 at 9:00 a.m.

Comment
10/27/2022 at 9:00 a.m.

Judicial Officer
Halperin, Ernst A.

Hearing Time
9:00 AM

# Financial

National Recovery Solutions

| | | | | |
|---|---|---|---|---|
| Total Financial Assessment | | | | $435.00 |
| Total Payments and Credits | | | | $435.00 |

| 2/25/2020 | Transaction Assessment | | | $435.00 |
|---|---|---|---|---|
| 2/25/2020 | eFile Online Payment | Receipt # 2020-010878-HOJ | National Recovery Solutions | ($435.00) |

# Documents

Summons Issued / Filed

Civil Case Cover Sheet

Complaint

Notice of Case Management Conference

Case Management Order CMC 9/24/20

Affidavit of Mailing CMC 9/24/20

Case Management Order CMC 12/9/20

Affidavit of Mailing CMC 12/9/20

CMC - Not at issue - no service/default/answer.

CMC Order Continue - Not Yet at Issue

Proof of Service by SUBSTITUTED SERVICE of SUMMONS, COMPLAINT, ADR PACKET, CIVIL CASE COVE SHEET, NO

Request to Enter Default

Notice of Case Management Conference Case Management Conference - 7/14/2021 at 9:00 a.m. SSF

Notice of Case Management Conference Case Management Conference - 7/14/2021 at 9:00 a.m.

~CIV Minute Order - Case Management Conference 07/14/2021

Notice of Case Management Conference Case Management Conference And Order to Show Cause Re: Why Sanc

~CIV Minute Order - Case Management Conference 09/23/2021

Notice of Case Management Conference Case Management Conference & Order to Show Cause Re: Why Sancti

Notice of Case Management Conference Case Management Conference & Order to Show Cause Re: Why Sancti

~CIV Minute Order - Case Management Conference 11/15/2021

Notice of Case Management Conference Case Management Conference & Order to Show Cause Re: Why Defaul

Substitution of Attorney as to Former Attorney: PRO PERNew Attorney: NADA DHAHI

~CIV Minute Order - Case Management Conference 03/17/2022

Notice of Case Management Conference 10/27/2022 at 9:00 a.m.

# EXHIBIT B

NATIONAL RECOVERY SOLUTIONS
3780 W. Mission Blvd Ste 105
Montclair CA 91762
(909) 668-3241

In Pro Per

Electronically
**FILED**
by Superior Court of California, County of San Mateo
ON          2/24/2020
By_____ **/s/ Rjay Dominia**
**Deputy Clerk**

## SUPERIOR COURT OF SAN MATEO COUNTY

## SOUTHERN BRANCH: HALL OF JUSTICE

| | |
|---|---|
| NATIONAL RECOVERY SOLUTIONS | **Case No.:** 20-CIV-01183 |
| Plaintiff | |
| v. | **PLAINTIFF COMPLAINT FOR INTERPLEADER PER CCP §386 (B)** |
| LISA JO NOBLE, Administrator to the Estate of Daniel Strange, Deceased, and DOES 1-50 Inclusive | |

PLAINTIFF NATIONAL RECOVERY SOLUTIONS HEREBY ALLEGES THE FOLLOWING:

### JURISDICTION AND VENUE

1.    Jurisdiction and Venue are proper in this Court Pursuant to **CA Code of Civ. Pro. §395** as the course of conduct of alleged acts occurred within geographic region of San Mateo County

### PARTIES

2.    National Recovery Solutions (NRS) is a Business and Plaintiff in this matter.

3.     Lisa Jo Noble is the Administrator to the Estate of Daniel Strange, Deceased (NOBLE). Plaintiff is informed and reasonably asserts that NOBLE was Appointed as Personal Representative Pursuant to Letters of Administration that were issued by San Mateo County Superior Court Probate Division. NOBLE is the sister to the DECEDENT

4.     Plaintiff hereby reserves right to amend complaint to conform to proof. Plaintiff is informed and reasonably believes that each of the Defendants are responsible in some manner for the occurrences herein alleged and that Plaintiffs' damages were proximately caused thereby.

## **STATEMENT OF FACTS COMMON TO ALL CAUSES OF ACTION**

5.     Daniel Lee Strange died intestate on Dec 12, 2010 leaving behind a surviving spouse by the name of Gaye Dotson WIDOW, and three siblings including Defendant NOBLE. Mr. Strange was the former trustor of a property located at 432 Waverly Street Menlo Park CA 94025 (HOME).

6.     Shortly thereafter, Defendant NOBLE assigned in a valid agreement with NRS in order for Plaintiffs to recover proceeds from a sale of HOME belonging to the Estate.

7.     Subsequent to that, Defendant and siblings were informed that a Court Order was needed from Probate Division in order for NOBLE to have standing to step into the shoes of her late brother and transact on his behalf.

8.    As a result, outside counsel was retained for NOBLE for the sole limited

purpose of obtaining Letters of Administration (LETTERS) for her late

brother's estate. Counsel for NOBLE successfully obtained LETTERS from

the Probate Division of San Mateo Superior Court Probate Division in Case #

**19-PRO-00643**.

9.    Plaintiff states based on information and belief that the siblings

nominated NOBLE to act as the personal representative to the

DECECDENT's Estate.

10.    Plaintiffs further allege based on knowledge and belief that NOBLE

was apprised her standing fiduciary duty to the remaining heirs including

her siblings and the surviving spouse of DECEDENT.

11.    Once Estate Property was was ready to be disbursed, NOBLE initially

acknowledged her standing duty to distribute shares to the heirs in

accordance with Intestate Succession Laws. NOBLE was given a

full accounting and all of her documents that were part of her case in

Probate Court.

12.    NOBLE's instructions were for Plaintiff to deduct its percentage for

recovering monies that belonging to the Estate; Earmark and keep separate

WIDOW's 50% share; Distribute remainder to NOBLE as the Personal

Representative of the Siblings.

13.    After NOBLE received her accounting, NOBLE sent a threatening

demand email that was addressed to Plaintiff and Defendant's Counsel in

the Probate Proceedings. In the Demand, NOBLE threatened to report her counsel to the State Bar unless Plaintiff paid WIDOW's share directly to NOBLE.

14.     More noteworthy, NOBLE stated her intent to not pay the any of the beneficiaries as mandated by law.

15.     As a result, Plaintiff is in concurrent possession of funds that have been earmarked for WIDOW. Based on information and believe, it would be unconscionable for Plaintiff to distribute WIDOW's share to NOBLE.

## FIRST CAUSE OF ACTION

### (Interpleader CCP §386 (b) – As Against All Defendants)

16.     Plaintiff is in possession of $686,200.00 that is held for the benefit of WIDOW.  Plaintiff is informed and reasonably asserts that conflicting demands have been made as to who is entitled to WIDOW's share.

17.     NOBLE stated her intent to keep all of the money for herself. NOBLE further stated that she is under no obligation to pay out siblings as beneficiaries or WIDOW

18.     Plaintiff cannot determine the validity to the conflicting claims, and is gravely concerned that it will be subjected to multiple liability in the absence of the intervention of this court. Concurrent with this complaint, Plaintiff shall deposit $682,600.00 with the clerk of the Superior Court pursuant to *CCP §386 (c)*, which represents the full amount of WIDOW's share.

**WHERFORE PLAINTIFF PRAYS FOR AS FOLLOWS:**

1. An order that WIDOW's share be deposited with the court and that Defendant and All potential claimants litigate their claims to monies/property as described in complaint.

**RESPECTFULLY SUBMITTED**

Dated: _2/21/2020_

_____
**National Recovery Solutions**

# EXHIBIT C

# Case Information

19-PRO-00643 | Estate of DANIEL STRANGE

| | | |
|---|---|---|
| Case Number | Court | |
| 19-PRO-00643 | Probate | |
| File Date | Case Type | Case Status |
| 05/22/2019 | Decedent's Estate | Active |

# Party

Respondent (Participant)
Dotson-Strange, Gay Lynne

Respondent (Participant)
National Recovery Solutions

Respondent (Participant)
Arce, Joyce

Respondent (Participant)
Alejandro, Marrero

Respondent
Abdeljawad, Eyad

Active Attorneys ▾
Lead Attorney
ABDELJAWAD, EYAD YASER
Retained

Proposed Personal Representative (Participant)
NOBLE, LISA JO

Petitioner
NOBLE, LISA JO

Active Attorneys ▾

Lead Attorney
PROCHNOW, KENNETH H.
Retained

Decedent
STRANGE, DANIEL

Administrator
NOBLE, LISA JO

Active Attorneys ▾

Lead Attorney
PROCHNOW, KENNETH H.
Retained

## Events and Hearings

05/22/2019 New Filed Case

05/22/2019 Petition for Letters of ▾

Petition for Letters of Administration & Authorization to Administer Under the IAEA

Comment
Administration & Authorization to Administer Under the IAEA

05/22/2019 Notice of Petition to Administer Estate ▾

Notice of Petition to Administer Estate

06/06/2019 Duties and Liabilities signed ▾

Duties and Liabilities signed

06/06/2019 Confidential Statement of Birthdate & Drivers License signed

06/21/2019 Proposed Order Received ▾

Proposed Order Received ORDER FOR PROBATE

Comment
ORDER FOR PROBATE

06/26/2019 Affidavit of Publication of ▾

Affidavit of Publication of NOTICE OF PETITION TO ADMINISTER ESTATE

Comment
NOTICE OF PETITION TO ADMINISTER ESTATE

06/28/2019 Letters of Administration Hearing with ATA ▾

~PRO Minute Order - Letters of Administration Hearing with ATA 06/28/2019

Judicial Officer
Miram, George A.

Hearing Time
9:00 AM

Result
Held

07/02/2019 Document Returned: ▾

Document Returned: MINUTE ORDER, ORIGINAL LETTERS, AND CHECK #0360 returned to ATTORNEY per Clerk's

Comment
MINUTE ORDER, ORIGINAL LETTERS, AND CHECK #0360 returned to ATTORNEY per Clerk's instructions

07/03/2019 Request for Appointment of CA Probate Referee ▾

Request for Appointment of CA Probate Referee Probate Referee appointed: Not Applicable - The estate

Comment
Probate Referee appointed: Not Applicable - The estate is all cash; no Probate Referee is necessary

07/11/2019 Order for Probate; Personal Representative ▾

Order for Probate; Personal Representative appointed as Administrator with Full Authority. Bond: $20

Comment
appointed as Administrator with Full Authority. Bond: $200,000.00. Deposits: N/A Expires: N/A

07/11/2019 Bond ▾

Bond Capacity: ADMINISTRATOR

Comment
Capacity: ADMINISTRATOR

07/11/2019 Letters of Administration issued to Personal Representative ▾

Letters of Administration issued to Personal Representative with FULL authority

Comment
with FULL authority

03/25/2020 Substitution of Attorney as to ▾

Substitution of Attorney as to

08/14/2020 Petition (Subsequent) ▾

Petition (Subsequent) Petition for Title to and Possession of Property Held by Another

Comment
Petition for Title to and Possession of Property Held by Another

08/14/2020 Proposed Order Received ▾

Proposed Order Received Proposed Order Granting Administrator's Petition for Title to and Possession

Comment
Proposed Order Granting Administrator's Petition for Title to and Possession of Property Held by Another

08/14/2020 Petition (Subsequent) ▾

Petition (Subsequent) PETITION FOR INSTRUCTIONS

Comment
PETITION FOR INSTRUCTIONS

08/14/2020 Proposed Order Received ▾

Proposed Order Received Proposed Order Granting Petition for Instructions

Comment
Proposed Order Granting Petition for Instructions

08/14/2020 Notice of Hearing re ▾

Notice of Hearing re Petition for Title to and Possession of Property Held by Another

Comment
Petition for Title to and Possession of Property Held by Another

08/14/2020 Notice of Hearing re ▾

Notice of Hearing re PETITION FOR INSTRUCTIONS

Comment
PETITION FOR INSTRUCTIONS

08/25/2020 Proof of Service by MAIL of ▾

Proof of Service by MAIL of Proof of Service of Petition for Instructions served on SEEE SERVICE ,IS

Comment
Proof of Service of Petition for Instructions served on SEEE SERVICE ,IST

08/25/2020 Proof of Service by MAIL of ▾

Proof of Service by MAIL of Proof of Service of Petition for Title to and Possession of Property ser

Comment
Proof of Service of Petition for Title to and Possession of Property served on SEE SERVICE LIST

08/27/2020 Proof of Service by MAIL of ▾

Proof of Service by MAIL of Notice of Hearing-Decedent's Estate or Trust, a copy of the petition or

Comment
Notice of Hearing-Decedent's Estate or Trust, a copy of the petition or other document referred to in the Notice served on SEE SERVICE LIST

08/27/2020 Proof of Service by MAIL of ▾

Proof of Service by MAIL of Notice of Hearing-Decedent's Estate or Trust, a copy of the petition or

Comment
Notice of Hearing-Decedent's Estate or Trust, a copy of the petition or other document referred to in the Notice served on SEE SERVICE LIST

09/28/2020 Continuance Fee re ▾

Comment
PETITION FOR INSTRUCTIONS From 10/2/20 To 12/4/20

09/28/2020 Continuance Fee re ▾

Comment
PETITION FOR TITLE TO AND POSSESSION From 10/2/20 To 12/4/20

10/02/2020 Petition Hearing ▾

Original Type
Petition Hearing

~PRO Minute Order - Petition Hearing 10/02/2020

Judicial Officer
Miram, George A.

Hearing Time
9:00 AM

Result
Held

Comment
PETITION FOR INSTRUCTIONS

10/02/2020 Petition Hearing ▾

Original Type
Petition Hearing

~PRO Minute Order - Petition Hearing 10/02/2020

Judicial Officer
Miram, George A.

Hearing Time
9:00 AM

Result
Held

Comment
Petition for Title to and Possession of Property Held by Another

---

10/02/2020 Party appeared by audio and/or video ▾

Comment
Added by automated script

---

12/04/2020 Petition Hearing ▾

Original Type
Petition Hearing

~PRO Minute Order - Petition Hearing 12/04/2020

Judicial Officer
Miram, George A.

Hearing Time
9:00 AM

Result
Held

Comment
(*Continued from 10/02/2020) Petition for Instructions, Petition for Title to and Possession of Property Held by Another

Parties Present ▴
Petitioner

Attorney: PROCHNOW, KENNETH H.

Administrator

Attorney: PROCHNOW, KENNETH H.

---

12/04/2020 Petition Hearing ▾

Original Type
Petition Hearing

~PRO Minute Order - Petition Hearing 12/04/2020

Judicial Officer
Miram, George A.

Hearing Time
9:00 AM

Result
Held

Comment
(*Continued from 10/02/2020) Petition for Title to and Possession of Property Held by Another

---

12/04/2020 Party appeared by audio and/or video ▾

Comment
Added by automated script

03/03/2021 Petition Hearing ▼

Original Type
Petition Hearing

~PRO Minute Order - Petition Hearing 03/03/2021

Judicial Officer
Grandsaert, John L.

Hearing Time
9:00 AM

Result
Held

Comment
Petition for Instructions

Parties Present ▲
Petitioner

Attorney: PROCHNOW, KENNETH H.

Administrator

Attorney: PROCHNOW, KENNETH H.

03/03/2021 Party appeared by audio and/or video ▼

Comment
Added by automated script

06/09/2021 Petition Hearing ▼

Original Type
Petition Hearing

~PRO Minute Order - Petition Hearing 06/09/2021

Judicial Officer
Grandsaert, John L.

Hearing Time
9:00 AM

Result
Held

Comment
Petition for Instructions

Parties Present ▲
Petitioner

Attorney: PROCHNOW, KENNETH H.

Administrator

Attorney: PROCHNOW, KENNETH H.

06/09/2021 Party appeared by audio and/or video ▼

Comment
Added by automated script

09/03/2021 Request to Continue Hearing ▾

Request to Continue Hearing Per LR email dated 9/3/21; Petition Hearing will be continued via tentat

    Comment
    Per LR email dated 9/3/21; Petition Hearing will be continued via tentative ruling from 9/7/21 to 11/15/21.

09/03/2021 Continuance Fee re ▾

    Comment
    Petition Hearing From 9/7/21 To 11/15/21

09/07/2021 Petition Hearing ▾

Original Type
Petition Hearing

~PRO Minute Order - Petition Hearing 09/07/2021

Judicial Officer
Grandsaert, John L.

Hearing Time
9:00 AM

Result
Held

Comment
Petition for Instructions

10/14/2021 Inventory & Appraisal ▾

Inventory & Appraisal FINAL

    Comment
    FINAL

10/14/2021 Amended ▾

Amended First Amended Petition for Title to and Possession of Property

    Comment
    First Amended Petition for Title to and Possession of Property

10/18/2021 Amended Notice of Hearing & Proof of Service (by Mail) re ▾

Amended Notice of Hearing & Proof of Service (by Mail) re . Administrator's First Amended Petition f

    Comment
    . Administrator's First Amended Petition for instructions Authorizing and Directing Administrator to Administer Asset Held in served on SEE SERVICE LIST with a service date of SEE SERVICE LIST

10/18/2021 Document filed: ▾

Document filed: ADMINISTRATOR'S FIRST AMENDED PETITION FOR INSTRUCTIONS AUTHORIZING ETC,

    Comment
    ADMINISTRATOR'S FIRST AMENDED PETITION FOR INSTRUCTIONS AUTHORIZING ETC,

10/18/2021 Proposed Order Received ▾

Proposed Order Received ORDER GRANTING ADMINISTRATOR'S FIRST AMENDED PETITION FOR INSTRUCTIONS

Comment

ORDER GRANTING ADMINISTRATOR'S FIRST AMENDED PETITION FOR INSTRUCTIONS

10/18/2021 Amended Notice of Hearing & Proof of Service (by Mail) re ▾

Amended Notice of Hearing & Proof of Service (by Mail) re Amended Notice of Hearing on Amended Petit

Comment

Amended Notice of Hearing on Amended Petition for Title and Possession of Property served on SEE SERVICE LIST with a service date of SEE SERVICE LIST

10/18/2021 Proposed Order Received ▾

Proposed Order Received Proposed Order on Amended Petition for Title and Possession of Property

Comment

Proposed Order on Amended Petition for Title and Possession of Property

10/19/2021 Petition (Subsequent) ▾

Petition (Subsequent) for Preliminary Distribution

Comment

for Preliminary Distribution

10/19/2021 Notice of Hearing re ▾

Notice of Hearing re Administrator's Petition for Preliminary Distribution2. [Proposed] Order Grant

Comment

Administrator's Petition for Preliminary Distribution 2. [Proposed] Order Granting Petition for Preliminary Distribution

10/19/2021 Proposed Order Received ▾

Proposed Order Received ORDER GRANTING ADMINISTRATOR'S PETITION FOR PRELIMINARY DISTRIBUTION OF THE

Comment

ORDER GRANTING ADMINISTRATOR'S PETITION FOR PRELIMINARY DISTRIBUTION OF THE ESTATE

11/08/2021 Proof of Publication of ▾

Proof of Publication of AMENDED NOTICE OF PETITION TO ADMINISTER ESTATE OF DDANIEL STRANGE

Comment

AMENDED NOTICE OF PETITION TO ADMINISTER ESTATE OF DDANIEL STRANGE

11/12/2021 Ex Parte Application ▾

Ex Parte Application EX PARTE APPLICATION TO CONTINUE NOVEMBER 15, 2021 HEARING

Comment

EX PARTE APPLICATION TO CONTINUE NOVEMBER 15, 2021 HEARING

11/12/2021 Ex Parte Proposed Order ▼

Ex Parte Proposed Order court order on ex-parte application to continue november 15, 2021 hearing

Comment
court order on ex-parte application to continue november 15, 2021 hearing

11/12/2021 Declaration ▼

Declaration of ex parte notice

Comment
of ex parte notice

11/12/2021 Proof of Service - ELECTRONIC of ▼

Proof of Service - ELECTRONIC of ex parte application and declaration served on matthew stanford

Comment
ex parte application and declaration served on matthew stanford

11/12/2021 Declaration in Support ▼

Declaration in Support OF EX PARTE MOTION TO CONTINUE HEARING

Comment
OF EX PARTE MOTION TO CONTINUE HEARING

11/12/2021 Ex Parte sent to Judicial Officer ▼

Judicial Officer
Grandsaert, John L.

11/12/2021 Proof of Publication of ▼

Proof of Publication of AMENDED NOTICE OF HEARING - DECEDENT'S ESTATE OR TRUST

Comment
AMENDED NOTICE OF HEARING - DECEDENT'S ESTATE OR TRUST

11/15/2021 Petition Hearing ▼

Original Type
Petition Hearing

~PRO Minute Order - Petition Hearing 11/15/2021

~PRO Minute Order - Petition Hearing 11/15/2021

Judicial Officer
Grandsaert, John L.

Hearing Time
9:00 AM

Result
Held

Comment
Petition for Instructions

Parties Present ▲
  Petitioner: NOBLE, LISA JO

    Attorney: PROCHNOW, KENNETH H.

  Administrator

    Attorney: PROCHNOW, KENNETH H.

11/15/2021 Petition Hearing ▼

Original Type
Petition Hearing

~PRO Minute Order - Petition Hearing 11/15/2021

Judicial Officer
Grandsaert, John L.

Hearing Time
9:00 AM

Result
Held

Comment
First Amended Petition for Title to and Possession of Property

Parties Present ▲
  Petitioner: NOBLE, LISA JO

    Attorney: PROCHNOW, KENNETH H.

  Administrator

    Attorney: PROCHNOW, KENNETH H.

11/15/2021 Order Denying ▼

Order Denying COURT ORDER ON EX-PARTE TO CONTINUE NOVEMBER 15, 2021 HEARING

  Comment
  COURT ORDER ON EX-PARTE TO CONTINUE NOVEMBER 15, 2021 HEARING

11/15/2021 Ex Parte Cover Sheet ▼

Ex Parte Cover Sheet

11/15/2021 Party appeared by audio and/or video

11/15/2021 Party appeared by audio and/or video

11/17/2021 Order ▼

Order ORDER GRANTING ADMINISTRATOR'S FIRST AMENDED PETITION FOR INSTRUCTIONS

  Comment
  ORDER GRANTING ADMINISTRATOR'S FIRST AMENDED PETITION FOR INSTRUCTIONS

11/30/2021 Notice of Entry of Order ▼

Notice of Entry of Order NOTICE OF ENTRY OF ORDER GRANTING ADMINISTRATOR'S FRIST AMENDED

Comment
NOTICE OF ENTRY OF ORDER GRANTING ADMINISTRATOR'S FRIST AMENDED PETITION FOR INSTRUCTIONS

---

01/24/2022 Petition for Preliminary Distribution ▾

Original Type
Petition for Preliminary Distribution

~PRO Minute Order - Petition for Preliminary Distribution 01/24/2022

Judicial Officer
Scott, Joseph C.

Hearing Time
9:00 AM

Result
Held

Parties Present▴
Petitioner

   Attorney: PROCHNOW, KENNETH H.

Administrator

   Attorney: PROCHNOW, KENNETH H.

---

01/24/2022 Proof of Publication of ▾

Proof of Publication of PETITION FOR PRELIMINARY DISTRIBUTION

   Comment
   PETITION FOR PRELIMINARY DISTRIBUTION

---

01/24/2022 Proof of Service by MAIL of ▾

Proof of Service by MAIL of NOTICE OF HEARING ON PETITION FOR PRELIMINARY DISTRIBUTION, ADMINISTRATO

   Comment
   NOTICE OF HEARING ON PETITION FOR PRELIMINARY DISTRIBUTION, ADMINISTRATOR'S PETITION FOR PRELIMINARY DISTRIBUTION OF THE ESTATE, [PROPOSED] ORDER GRANTING ADMINISTRATOR'S PETITION FOR PRELIMIARY DISTRIBUTION served on SEE SERVICE LIST

---

01/25/2022 Proof of Service by MAIL of ▾

Proof of Service by MAIL of Notice of Entry of Order to Show Cause served on SEE SERVICE LIST

   Comment
   Notice of Entry of Order to Show Cause served on SEE SERVICE LIST

---

01/25/2022 Proof of Service by PERSONAL SERVICE of ▾

Proof of Service by PERSONAL SERVICE of Notice of Entry of Order to Show Cause served on SEE SERVICE

   Comment
   Notice of Entry of Order to Show Cause served on SEE SERVICE LIST

---

01/25/2022 Declaration of Due Diligence ▾

Declaration of Due Diligence

02/04/2022 Demurrer to ▼

Demurrer to DEMURRER TO FIRST AMENDED 850 PETITION OF LISA JO NOBLE

Comment
DEMURRER TO FIRST AMENDED 850 PETITION OF LISA JO NOBLE

02/04/2022 Declaration in Support ▼

Declaration in Support DECLARATION IN SUPPORT OF GOOD FAITH ATTEMPT TO MEET AND CONFER

Comment
DECLARATION IN SUPPORT OF GOOD FAITH ATTEMPT TO MEET AND CONFER

02/04/2022 Request for Judicial Notice ▼

Request for Judicial Notice

02/04/2022 Demurrer to ▼

Demurrer to FIRST AMENDED 850 PETITION OF LISA JO NOBLE

Comment
FIRST AMENDED 850 PETITION OF LISA JO NOBLE

02/04/2022 Declaration in Support ▼

Declaration in Support DECLARATION OF NADA DHABI IN SUPPORT OF GOOD FAITH MEET AND CONFER

Comment
DECLARATION OF NADA DHABI IN SUPPORT OF GOOD FAITH MEET AND CONFER

02/04/2022 Declaration in Opposition ▼

Declaration in Opposition DCLARATION OF NADA DHAHBI IN OPPOSITION TO OSC RE GRANTING OF THE 850 PETI

Comment
DCLARATION OF NADA DHAHBI IN OPPOSITION TO OSC RE GRANTING OF THE 850 PETITION

02/04/2022 Request for Judicial Notice ▼

Request for Judicial Notice

02/04/2022 Declaration in Opposition ▼

Declaration in Opposition DECLARATION OF EYAD YASER ABDELJAWAD IN OPPOSITION TO OSC RE GRANTING OF 8

Comment
DECLARATION OF EYAD YASER ABDELJAWAD IN OPPOSITION TO OSC RE GRANTING OF 850 PETITION

02/07/2022 Report ▼

Report STATUS REPORT AS TO SERVICE ON RESPONDENTS

Comment
STATUS REPORT AS TO SERVICE ON RESPONDENTS

02/07/2022 Notice ▾

Notice NOTICE OF REMOTE APPEARANCE

Comment
NOTICE OF REMOTE APPEARANCE

02/08/2022 Proof of Service by MAIL of ▾

Proof of Service by MAIL of NOTICE OF LIMITED SCOPE REPRESENTATION; DECLARATION OF NADA DHAHBI IN OP

Comment
NOTICE OF LIMITED SCOPE REPRESENTATION; DECLARATION OF NADA DHAHBI IN OPPOSITION TO OSC, ETC., ET.,C served on LAW OFFICE OF KENNETH PROCHNOW

02/08/2022 Proof of Service by MAIL of ▾

Proof of Service by MAIL of NOTICE OF LIMITED SCOPE REPRESENTATION; DECLARATION OF NADA DHAHBHI IN O

Comment
NOTICE OF LIMITED SCOPE REPRESENTATION; DECLARATION OF NADA DHAHBHI IN OPPOSITION TO OSC, ETC., ETC., served on BRIDGEPOINT LAW GROUP, APC

02/08/2022 Order ▾

Order Order Granting Administrator's Petition for Preliminary Distribution

Comment
Order Granting Administrator's Petition for Preliminary Distribution

02/10/2022 Order to Show Cause Hearing ▾

Original Type
Order to Show Cause Hearing

~PRO Minute Order - Order to Show Cause Hearing 02/10/2022

Judicial Officer
Grandsaert, John L.

Hearing Time
9:00 AM

Result
Held

Comment
AS TO WHY THE 850 PETITION SHOULD NOT BE GRANTED

Parties Present ▴
Petitioner: NOBLE, LISA JO

Attorney: PROCHNOW, KENNETH H.

Administrator

Attorney: PROCHNOW, KENNETH H.

02/10/2022 Party appeared by audio and/or video

02/22/2022 Objection/Opposition to ▾

Objection/Opposition to PETITIONER/ADMINISTRATOR'S OPPOSITION TO DEMURRERS TO FIRST AMENDED PETITION

Comment
PETITIONER/ADMINISTRATOR'S OPPOSITION TO DEMURRERS TO FIRST AMENDED PETITION FOR TITLE TO AND POSSESSION OF PROPERTY HELD BY ANOTHER, AND FOR ORDER CONVEYING ETC.

02/22/2022 Document filed: ▾

Document filed: ADMINISTRATOR NOBLE'S JOINDER IN REQUEST FOR JUDICIAL NOTICE/REQUEST FOR JUDICAL NOT

Comment
ADMINISTRATOR NOBLE'S JOINDER IN REQUEST FOR JUDICIAL NOTICE/REQUEST FOR JUDICAL NOTICE IN OPPOSITION ETC.

02/22/2022 Proposed Order Received ▾

Proposed Order Received [Proposed] ORDER OVERRULING THE DEMURRERS OF NATIONAL RECOVERY SOLUTIONS AND

Comment
[Proposed] ORDER OVERRULING THE DEMURRERS OF NATIONAL RECOVERY SOLUTIONS AND EYAD YASER ABDELJAWAD TO ADMINISTRATOR'S FIRST AMENDED PROBATE CODE 850 PETITION FOR TITLE TO AND POSSESSION OF PROPERTY HELD BY ANOTHER

02/22/2022 Proof of Service by MAIL of ▾

Proof of Service by MAIL of PETITIONER/ADMINISTRATOR'S OPPOSITION TO DEMURRERS TO "FIRST ETC. served

Comment
PETITIONER/ADMINISTRATOR'S OPPOSITION TO DEMURRERS TO "FIRST ETC. served on SEE SERVICE LIST

02/23/2022 Declaration ▾

Declaration DECLARATION OF NADA DHAHBI, ESQ

Comment
DECLARATION OF NADA DHAHBI, ESQ

02/28/2022 Reply Filed ▾

Reply Filed REPLY BRIEF IN SUPPORT OF DEMURRER

Comment
REPLY BRIEF IN SUPPORT OF DEMURRER

02/28/2022 Objection/Opposition to ▾

Objection/Opposition to RESPONDENT ABDELJAWAD'S OBJECTION TO REQUEST FOR JUDICIAL NOTICE

Comment
RESPONDENT ABDELJAWAD'S OBJECTION TO REQUEST FOR JUDICIAL NOTICE

03/04/2022 Hearing on Demurrer ▼

Original Type
Hearing on Demurrer

~PRO Minute Order - Hearing on Demurrer 03/04/2022

Judicial Officer
Novak, Lisa A.

Hearing Time
9:00 AM

Result
Held

Parties Present ▲
  Petitioner

    Attorney: PROCHNOW, KENNETH H.

  Administrator

    Attorney: PROCHNOW, KENNETH H.

  Respondent: Abdeljawad, Eyad

03/04/2022 Hearing on Demurrer ▼

Original Type
Hearing on Demurrer

~PRO Minute Order - Hearing on Demurrer 03/04/2022

Judicial Officer
Novak, Lisa A.

Hearing Time
9:00 AM

Result
Held

Parties Present ▲
  Petitioner

    Attorney: PROCHNOW, KENNETH H.

  Administrator

    Attorney: PROCHNOW, KENNETH H.

  Respondent: Abdeljawad, Eyad

03/04/2022 Order to Show Cause Hearing ▼

Original Type
Order to Show Cause Hearing

~PRO Minute Order - Order to Show Cause Hearing 03/04/2022

Judicial Officer
Novak, Lisa A.

Hearing Time
9:00 AM

Result
Held

Comment
AS TO WHY THE 850 PETITION SHOULD NOT BE GRANTED

Parties Present▲
  Petitioner

    Attorney: PROCHNOW, KENNETH H.

  Administrator: NOBLE, LISA JO

    Attorney: PROCHNOW, KENNETH H.

  Respondent: Abdeljawad, Eyad

---

03/04/2022 Case ordered off calendar

---

03/04/2022 Party appeared by audio and/or video ▾

    Comment
    Nada Dhahbi for NRS

---

03/04/2022 Party appeared by audio and/or video ▾

    Comment
    Nada Dhahbi for NRS

---

03/08/2022 Notice of Entry of Order ▾

Notice of Entry of Order NOTICE OF ENTRY OF ORDER ON DEMURRERS ADOPTING TENTATIVE RULING AND CONTINU

    Comment
    NOTICE OF ENTRY OF ORDER ON DEMURRERS ADOPTING TENTATIVE RULING AND CONTINUING MATTER

---

03/21/2022 Notice of Motion and Motion ▾

Notice of Motion and Motion OF RESPONDENT EYAD YASER ABDELJAWADTO COMPEL RESPONSES TO FORM INTERROGA

    Comment
    OF RESPONDENT EYAD YASER ABDELJAWADTO COMPEL RESPONSES TO FORM INTERROGATORIES AGAINST PETITIONER LISA JO NOBLE; REQUEST FOR SANCTIONS IN THE AMOUNT OF $1,760.00

---

03/21/2022 Notice of Motion and Motion ▾

Notice of Motion and Motion OF RESPONDENT EYAD YASER ABDELJAWARD TO COMPEL RESPONSES TO SPECIAL INTE

    Comment
    OF RESPONDENT EYAD YASER ABDELJAWARD TO COMPEL RESPONSES TO SPECIAL INTERROGATORIES AGAINST PETITIONA LISA JO NOBLE; REQUEST FOR SANCTIONS IN THE AMOUNT OF $1,760.00

---

03/21/2022 Notice of Motion and Motion ▾

Notice of Motion and Motion OF EYAD YASER ABDELJAWARD TO COMPEL RESPONSES TO DEMAND FOR PRODUCTION O

### Comment

OF EYAD YASER ABDELJAWARD TO COMPEL RESPONSES TO DEMAND FOR PRODUCTION OF DOCUMENT AGAINST PETITIONER LIST JO NOBLE; REQUESTFOR SANCTIONS IN THE AMOUNT OF $1,768.00

03/21/2022 Notice of Motion and Motion ▾

Notice of Motion and Motion OF RESPONDENT EYAD YASER ABDELJAWARD TO DEEM ADMISSIONS AGAINST PETITION

### Comment

OF RESPONDENT EYAD YASER ABDELJAWARD TO DEEM ADMISSIONS AGAINST PETITIONER LISA JO NOBLE; REQUEST FOR SANCTIONS IN THE AMOUNT OF $1,760.00

03/21/2022 Declaration in Support ▾

Declaration in Support DECLARATION OF EYAD YASER ABDELJAWARD IN SUPPORT OF MOTION TO RESPONSE TO FOR

### Comment

DECLARATION OF EYAD YASER ABDELJAWARD IN SUPPORT OF MOTION TO RESPONSE TO FORM INTERROGATORIES; REQUEST FOR SANCTIONS AGAINST PETITIONER AND COUNSEL IN THE AMOUNT OF $1,760.00

03/21/2022 Declaration in Support ▾

Declaration in Support DECLARATION OF EYAD YASER ABDELJAWARD IN SUPPORT OF MOTION TO RESPONSE TO SPE

### Comment

DECLARATION OF EYAD YASER ABDELJAWARD IN SUPPORT OF MOTION TO RESPONSE TO SPECIAL INTERROGATORIES; REQUEST FOR SANCTIONS AGAINST PETITIONER AND COUNSEL IN THE AMOUNT OF $1,760.00

03/21/2022 Declaration in Support ▾

Declaration in Support DECLARATION OF EYAD YASER ABDELJAWARD IN SUPPORT OF MOTION TO COMPEL PRODUCTI

### Comment

DECLARATION OF EYAD YASER ABDELJAWARD IN SUPPORT OF MOTION TO COMPEL PRODUCTION OF DOCUMENTS; REQUEST FOR SANCTIONS AGAINST PETITIONER AND COUNSEL IN THE AMOUNT OF $1,760.00

03/21/2022 Declaration in Support ▾

Declaration in Support DECLARATION OF EYAD YASER ABDELJAWARD IN SUPPORT OF MOTION TO DEEM ADMISSIONS

### Comment

DECLARATION OF EYAD YASER ABDELJAWARD IN SUPPORT OF MOTION TO DEEM ADMISSIONS; REQUEST FOR SANCTIONS AGIANST PETITIONER AND COUNSEL IN THE AMOUNT OF $1,760.00

03/21/2022 Proposed Order Received ▾

Proposed Order Received COMPELLING ANSWERS WITHOUT OBJECTIONS TO FORM INTERROGATORIES

Comment
COMPELLING ANSWERS WITHOUT OBJECTIONS TO FORM INTERROGATORIES

03/21/2022 Proposed Order Received ▾

Proposed Order Received COMPELLING ANSWERS WITHOUT OBJECTIONS TO SPECIAL INTERROGATORIES

Comment
COMPELLING ANSWERS WITHOUT OBJECTIONS TO SPECIAL INTERROGATORIES

03/21/2022 Proposed Order Received ▾

Proposed Order Received COMPELLING COMPLIANCE WITH INSPECTION DEMANDS

Comment
COMPELLING COMPLIANCE WITH INSPECTION DEMANDS

03/21/2022 Proposed Order Received ▾

Proposed Order Received ESTABLISH ADMISSIONS

Comment
ESTABLISH ADMISSIONS

04/07/2022 Notice of Hearing & Proof of Service (by Mail) re ▾

Notice of Hearing & Proof of Service (by Mail) re MOTION TO COMPEL RESPONSES TO FORM INTERROGATORIES

Comment
MOTION TO COMPEL RESPONSES TO FORM INTERROGATORIES; REQUESTFOR SANCTIONS served on SEE SERVICE LIST with a service date of 03/30/2022

06/24/2022 Objection/Opposition to ▾

Objection/Opposition to OPPOSITIONAND OBJECTION OF ADMINISTRATOR LISA NOBLE TO MOTIONS OF RESPONDENT

Comment
OPPOSITIONAND OBJECTION OF ADMINISTRATOR LISA NOBLE TO MOTIONS OF RESPONDENT EYAD YASER ABDELJAWAD: (1) TO COMPEL ANSWERS TO FORM INTERROGATORIES; (2) TO COMPEL ANSWERS TO SPECIAL INTERROGATORIES; (3) TO COMPEL RESPONSES TO REQUESTS FOR ADMISSIONS; AND (4) TO COMPEL RESPONSES TO REQUESTS FOR ADMISSIONS/ MEMORANDUM OF POINTS AND AUTHORITIES

06/28/2022 Reply Filed ▾

Reply Filed RESPONDENT EYAD YASER ABDELJAWAD'S CONSOLIDATED REPLY BRIEF IN SUPPORT OF MOTIONS TO COM

Comment
RESPONDENT EYAD YASER ABDELJAWAD'S CONSOLIDATED REPLY BRIEF IN SUPPORT OF MOTIONS TO COMPEL

06/30/2022 Notice of Related Case ▾

Notice of Related Case

06/30/2022 Case Management Statement ▼

Case Management Statement

07/01/2022 Report ▼

Report RESPONDENT EYAD YASER ABDELJAWADS STATUS REPORT

Comment
RESPONDENT EYAD YASER ABDELJAWADS STATUS REPORT

07/06/2022 Hearing on Demurrer ▼

Original Type
Hearing on Demurrer

~PRO Minute Order - Hearing on Demurrer 07/06/2022

Judicial Officer
Grandsaert, John L.

Hearing Time
9:00 AM

Result
Held

Parties Present ▲
Petitioner: NOBLE, LISA JO

Attorney: PROCHNOW, KENNETH H.

Administrator

Attorney: PROCHNOW, KENNETH H.

Respondent

Attorney: ABDELJAWAD, EYAD YASER

07/06/2022 Hearing on Demurrer ▼

Original Type
Hearing on Demurrer

~PRO Minute Order - Hearing on Demurrer 07/06/2022

Judicial Officer
Grandsaert, John L.

Hearing Time
9:00 AM

Result
Held

Parties Present ▲
Petitioner

Attorney: PROCHNOW, KENNETH H.

Proposed Personal Representative: NOBLE, LISA JO

Administrator

Attorney: PROCHNOW, KENNETH H.

Respondent

    Attorney: ABDELJAWAD, EYAD YASER

## 07/06/2022 Motion hearings ▼

Original Type
Motion hearings

~PRO Minute Order - Motion hearings 07/06/2022

Judicial Officer
Grandsaert, John L.

Hearing Time
9:00 AM

Result
Held

Comment
NOTICE OF MOTION; MOTION OF RESPONDENT EYAD YASER ABDELJAWADTO COMPEL RESPONSES TO FORM INTERROGATORIES AGAINST PETITIONER LISA JO NOBLE; REQUEST FOR SANCTIONS IN THE AMOUNT OF $1,7600.00

Parties Present▲
  Petitioner: NOBLE, LISA JO

    Attorney: PROCHNOW, KENNETH H.

  Administrator

    Attorney: PROCHNOW, KENNETH H.

  Respondent

    Attorney: ABDELJAWAD, EYAD YASER

## 07/06/2022 Motion hearings ▼

Original Type
Motion hearings

~PRO Minute Order - Motion hearings 07/06/2022

Judicial Officer
Grandsaert, John L.

Hearing Time
9:00 AM

Result
Held

Comment
NOTICE OF MOTION; MOTION OF RESPONDENT EYAD YASER ABDELJAWARD TO COMPEL RESPONSES TO SPECIAL INTERROGATORIES AGAINST PETITIONER LISA JO NOBLE; REQUEST FOR SANCTIONS IN THE AMOUNT OF $1,760.00

Parties Present▲
  Petitioner: NOBLE, LISA JO

    Attorney: PROCHNOW, KENNETH H.

  Administrator

    Attorney: PROCHNOW, KENNETH H.

Respondent

    Attorney: ABDELJAWAD, EYAD YASER

---

07/06/2022 Motion hearings ▼

Original Type
Motion hearings

~PRO Minute Order - Motion hearings 07/06/2022

Judicial Officer
Grandsaert, John L.

Hearing Time
9:00 AM

Result
Held

Comment
NOTICE OF MOTION; MOTION OF RESPONDENT EYAD YASER ABDELJAWARD TO COMPEL RESPONSES TO DEMAND FOR PODUCTIONS OF DOCUMENT AGAINST PETITIONER LISA JO NOBLE; REQUEST FOR SANCTIONS IN THE AMOUNT OF $1,760.00

Parties Present ▲
  Petitioner: NOBLE, LISA JO

    Attorney: PROCHNOW, KENNETH H.

  Administrator

    Attorney: PROCHNOW, KENNETH H.

  Respondent

    Attorney: ABDELJAWAD, EYAD YASER

---

07/06/2022 Motion hearings ▼

Original Type
Motion hearings

~PRO Minute Order - Motion hearings 07/06/2022

Judicial Officer
Grandsaert, John L.

Hearing Time
9:00 AM

Result
Held

Comment
NOTICE OF MOTION; MOTION FOR RESPONDENT EYAD YASER ABDELJAWAD TO DEEM ADMISSIONS AGAINST PETITIONER LIS JO NOBLE; REQUEST FOR SANCTIONS IN THE AMOUNT OF $1,760.00

Parties Present ▲
  Petitioner: NOBLE, LISA JO

    Attorney: PROCHNOW, KENNETH H.

  Administrator

    Attorney: PROCHNOW, KENNETH H.

  Respondent

Attorney: ABDELJAWAD, EYAD YASER

07/06/2022 Party appeared by audio and/or video

07/06/2022 Party appeared by audio and/or video

07/06/2022 Party appeared by audio and/or video

07/06/2022 Party appeared by audio and/or video

07/06/2022 Tentative ruling adopted and becomes order: ▼

Comment
MOTION OF RESPONDENT EYAD YASER ABDELJAWADTO COMPEL RESPONSES TO FORM
INTERROGATORIES AGAINST PETITIONER LISA JO NOBLE; REQUEST FOR SANCTIONS IN THE
AMOUNT OF $1,760.00 (Filed 3/21/22 by Eyad Yaser Abdeljawad) is DENIED WITHOUT PREJUDICE.

07/06/2022 Tentative ruling adopted and becomes order: ▼

Comment
MOTION OF RESPONDENT EYAD YASER ABDELJAWADTO COMPEL RESPONSES TO SPECIAL
INTERROGATORIES AGAINST PETITIONER LISA JO NOBLE; REQUEST FOR SANCTIONS IN THE
AMOUNT OF $1,760.00 (Filed 3/21/22 by Eyad Yaser Abdeljawad) is DENIED WITHOUT PREJUDICE.

07/06/2022 Party appeared by audio and/or video

07/06/2022 Tentative ruling adopted and becomes order: ▼

Comment
MOTION OF RESPONDENT EYAD YASER ABDELJAWADTO COMPEL RESPONSES TO DEMAND FOR
PRODUCTION OF DOCUMENT AGAINST PETITIONER LISA JO NOBLE; REQUEST FOR SANCTIONS IN
THE AMOUNT OF $1,760.00 (Filed 3/21/22 by Eyad Yaser Abdeljawad) is DENIED WITHOUT PREJUDICE.

07/06/2022 Party appeared by audio and/or video

07/06/2022 Tentative ruling adopted and becomes order: ▼

Comment
MOTION OF RESPONDENT EYAD YASER ABDELJAWADTO TO DEEM ADMISSIONS AGAINST
PETITIONER LISA JO NOBLE; REQUEST FOR SANCTIONS IN THE AMOUNT OF $1,760.00 (Filed 3/21/22
by Eyad Yaser Abdeljawad) is DENIED WITHOUT PREJUDICE.

07/06/2022 Tentative ruling modified and becomes order: ▼

Comment
Demurrers are continued to November 2, 2022 at 9:00 a.m.

07/06/2022 Tentative ruling modified and becomes order: ▼

Comment
Demurrers are continued to November 2, 2022 at 9:00 a.m.

11/02/2022 Hearing on Demurrer ▼

Judicial Officer
Grandsaert, John L.

Hearing Time
9:00 AM

---

11/02/2022 Hearing on Demurrer ▾

Judicial Officer
Grandsaert, John L.

Hearing Time
9:00 AM

---

11/02/2022 Motion hearings ▾

Judicial Officer
Grandsaert, John L.

Hearing Time
9:00 AM

Comment
MOTION OF RESPONDENT EYAD YASER ABDELJAWADTO COMPEL RESPONSES TO FORM
INTERROGATORIES AGAINST PETITIONER LISA JO NOBLE; REQUEST FOR SANCTIONS IN THE AMOUNT
OF $1,760.00 (Filed 3/21/22 by Eyad Yaser Abdeljawad)

---

11/02/2022 Motion hearings ▾

Judicial Officer
Grandsaert, John L.

Hearing Time
9:00 AM

Comment
MOTION OF RESPONDENT EYAD YASER ABDELJAWADTO COMPEL RESPONSES TO SPECIAL
INTERROGATORIES AGAINST PETITIONER LISA JO NOBLE; REQUEST FOR SANCTIONS IN THE AMOUNT
OF $1,760.00 (Filed 3/21/22 by Eyad Yaser Abdeljawad)

---

11/02/2022 Motion hearings ▾

Judicial Officer
Grandsaert, John L.

Hearing Time
9:00 AM

Comment
MOTION OF RESPONDENT EYAD YASER ABDELJAWADTO TO DEEM ADMISSIONS AGAINST PETITIONER
LISA JO NOBLE; REQUEST FOR SANCTIONS IN THE AMOUNT OF $1,760.00 (Filed 3/21/22 by Eyad Yaser
Abdeljawad)

---

11/02/2022 Motion hearings ▾

Judicial Officer
Grandsaert, John L.

Hearing Time
9:00 AM

Comment

MOTION OF RESPONDENT EYAD YASER ABDELJAWADTO COMPEL RESPONSES TO DEMAND FOR PRODUCTION OF DOCUMENT AGAINST PETITIONER LISA JO NOBLE; REQUEST FOR SANCTIONS IN THE AMOUNT OF $1,760.00 (Filed 3/21/22 by Eyad Yaser Abdeljawad)

# Financial

STRANGE, DANIEL

| | | | | |
|---|---|---|---|---|
| Total Financial Assessment | | | | $465.00 |
| Total Payments and Credits | | | | $465.00 |
| 5/22/2019 | Transaction Assessment | | | $465.00 |
| 5/22/2019 | eFile Online Payment | Receipt # 2019-033407-HOJ | NOBLE, LISA JO | ($465.00) |

NOBLE, LISA JO

| | | | | |
|---|---|---|---|---|
| Total Financial Assessment | | | | $1,001.00 |
| Total Payments and Credits | | | | $981.00 |
| 7/11/2019 | Transaction Assessment | | | $51.00 |
| 7/11/2019 | Case Payment | Receipt # 2019-043561-HOJ | NATIONAL RECOVERY SOLUTIONS | ($25.50) |
| 7/11/2019 | Case Payment | Receipt # 2019-043562-HOJ | ABDELJAWAD, EYAD YASER | ($25.50) |
| 9/3/2021 | Transaction Assessment | | | $20.00 |
| 10/15/2021 | Transaction Assessment | | | $465.00 |
| 10/15/2021 | eFile Online Payment | Receipt # 2021-042928-HOJ | NOBLE, LISA JO | ($465.00) |
| 10/20/2021 | Transaction Assessment | | | $465.00 |
| 10/20/2021 | eFile Online Payment | Receipt # 2021-043446-HOJ | NOBLE, LISA JO | ($465.00) |

NOBLE, LISA JO

| | | | | |
|---|---|---|---|---|
| Total Financial Assessment | | | | $970.00 |
| Total Payments and Credits | | | | $930.00 |
| 8/18/2020 | Transaction Assessment | | | $930.00 |
| 8/18/2020 | eFile Online Payment | Receipt # 2020-032451-HOJ | NOBLE, LISA JO | ($930.00) |
| 9/28/2020 | Transaction Assessment | | | $20.00 |

| | | | | |
|---|---|---|---|---|
| 9/28/2020 | Transaction Assessment | | | $20.00 |

National Recovery Solutions

| | | | | |
|---|---|---|---|---|
| | Total Financial Assessment | | | $90.00 |
| | Total Payments and Credits | | | $90.00 |

| | | | | |
|---|---|---|---|---|
| 2/7/2022 | Transaction Assessment | | | $90.00 |
| 2/7/2022 | eFile Online Payment | Receipt # 2022-004863-HOJ | National Recovery Solutions | ($90.00) |

Abdeljawad, Eyad

| | | | | |
|---|---|---|---|---|
| | Total Financial Assessment | | | $885.00 |
| | Total Payments and Credits | | | $885.00 |

| | | | | |
|---|---|---|---|---|
| 11/12/2021 | Transaction Assessment | | | $435.00 |
| 11/12/2021 | Case Payment | Receipt # 2021-046938-HOJ | SWIFT ATTORNEY SERVICE | ($435.00) |
| 2/7/2022 | Transaction Assessment | | | $90.00 |
| 2/7/2022 | eFile Online Payment | Receipt # 2022-004858-HOJ | Abdeljawad, Eyad | ($90.00) |
| 3/24/2022 | Transaction Assessment | | | $360.00 |
| 3/24/2022 | eFile Online Payment | Receipt # 2022-011760-HOJ | Abdeljawad, Eyad | ($360.00) |

# Documents

Petition for Letters of Administration & Authorization to Administer Under the IAEA

Notice of Petition to Administer Estate

Duties and Liabilities signed

Proposed Order Received ORDER FOR PROBATE

Affidavit of Publication of NOTICE OF PETITION TO ADMINISTER ESTATE

~PRO Minute Order - Letters of Administration Hearing with ATA 06/28/2019

Document Returned: MINUTE ORDER, ORIGINAL LETTERS, AND CHECK #0360 returned to ATTORNEY per Clerk's

Request for Appointment of CA Probate Referee Probate Referee appointed: Not Applicable - The estate

Order for Probate; Personal Representative appointed as Administrator with Full Authority. Bond: $20

Bond Capacity: ADMINISTRATOR

Letters of Administration issued to Personal Representative with FULL authority

Substitution of Attorney as to

Petition (Subsequent) Petition for Title to and Possession of Property Held by Another

Proposed Order Received Proposed Order Granting Administrator's Petition for Title to and Possession

Petition (Subsequent) PETITION FOR INSTRUCTIONS

Proposed Order Received Proposed Order Granting Petition for Instructions

Notice of Hearing re Petition for Title to and Possession of Property Held by Another

Notice of Hearing re PETITION FOR INSTRUCTIONS

Proof of Service by MAIL of Proof of Service of Petition for Instructions served on SEEE SERVICE ,IS

Proof of Service by MAIL of Proof of Service of Petition for Title to and Possession of Property ser

Proof of Service by MAIL of Notice of Hearing-Decedent's Estate or Trust, a copy of the petition or

Proof of Service by MAIL of Notice of Hearing-Decedent's Estate or Trust, a copy of the petition or

~PRO Minute Order - Petition Hearing 10/02/2020

~PRO Minute Order - Petition Hearing 10/02/2020

~PRO Minute Order - Petition Hearing 12/04/2020

~PRO Minute Order - Petition Hearing 12/04/2020

~PRO Minute Order - Petition Hearing 03/03/2021

~PRO Minute Order - Petition Hearing 06/09/2021

Request to Continue Hearing Per LR email dated 9/3/21; Petition Hearing will be continued via tentat

~PRO Minute Order - Petition Hearing 09/07/2021

Inventory & Appraisal FINAL

Amended First Amended Petition for Title to and Possession of Property

Amended Notice of Hearing & Proof of Service (by Mail) re . Administrator's First Amended Petition f

Document filed: ADMINISTRATOR'S FIRST AMENDED PETITION FOR INSTRUCTIONS AUTHORIZING ETC,

Proposed Order Received ORDER GRANTING ADMINISTRATOR'S FIRST AMENDED PETITION FOR INSTRUCTIONS

Amended Notice of Hearing & Proof of Service (by Mail) re Amended Notice of Hearing on Amended Petit

Proposed Order Received Proposed Order on Amended Petition for Title and Possession of Property

Petition (Subsequent) for Preliminary Distribution

Notice of Hearing re Administrator's Petition for Preliminary Distribution2. [Proposed] Order Grant

Proposed Order Received ORDER GRANTING ADMINISTRATOR'S PETITION FOR PRELIMINARY DISTRIBUTION OF THE

Proof of Publication of AMENDED NOTICE OF PETITION TO ADMINISTER ESTATE OF DDANIEL STRANGE

Ex Parte Application EX PARTE APPLICATION TO CONTINUE NOVEMBER 15, 2021 HEARING

Ex Parte Proposed Order court order on ex-parte application to continue november 15, 2021 hearing

Declaration in Support OF EX PARTE MOTION TO CONTINUE HEARING

Proof of Service - ELECTRONIC of ex parte application and declaration served on matthew stanford

Declaration of ex parte notice

Order Denying COURT ORDER ON EX-PARTE TO CONTINUE NOVEMBER 15, 2021 HEARING

Ex Parte Cover Sheet

Proof of Publication of AMENDED NOTICE OF HEARING - DECEDENT'S ESTATE OR TRUST

Order ORDER GRANTING ADMINISTRATOR'S FIRST AMENDED PETITION FOR INSTRUCTIONS

~PRO Minute Order - Petition Hearing 11/15/2021

~PRO Minute Order - Petition Hearing 11/15/2021

~PRO Minute Order - Petition Hearing 11/15/2021

Notice of Entry of Order NOTICE OF ENTRY OF ORDER GRANTING ADMINISTRATOR'S FRIST AMENDED PETITION FO

Proof of Publication of PETITION FOR PRELIMINARY DISTRIBUTION

Proof of Service by MAIL of NOTICE OF HEARING ON PETITION FOR PRELIMINARY DISTRIBUTION, ADMINISTRATO

Proof of Service by MAIL of Notice of Entry of Order to Show Cause served on SEE SERVICE LIST

Proof of Service by PERSONAL SERVICE of Notice of Entry of Order to Show Cause served on SEE SERVICE

Declaration of Due Diligence

~PRO Minute Order - Petition for Preliminary Distribution 01/24/2022

Demurrer to DEMURRER TO FIRST AMENDED 850 PETITION OF LISA JO NOBLE

Declaration in Support DECLARATION IN SUPPORT OF GOOD FAITH ATTEMPT TO MEET AND CONFER

Request for Judicial Notice

Demurrer to FIRST AMENDED 850 PETITION OF LISA JO NOBLE

Declaration in Support DECLARATION OF NADA DHABI IN SUPPORT OF GOOD FAITH MEET AND CONFER

Declaration in Opposition DCLARATION OF NADA DHAHBI IN OPPOSITION TO OSC RE GRANTING OF THE 850 PETI

Request for Judicial Notice

Declaration in Opposition DECLARATION OF EYAD YASER ABDELJAWAD IN OPPOSITION TO OSC RE GRANTING OF 8

Report STATUS REPORT AS TO SERVICE ON RESPONDENTS

Notice NOTICE OF REMOTE APPEARANCE

Proof of Service by MAIL of NOTICE OF LIMITED SCOPE REPRESENTATION; DECLARATION OF NADA DHAHBI IN OP

Proof of Service by MAIL of NOTICE OF LIMITED SCOPE REPRESENTATION; DECLARATION OF NADA DHAHBHI IN O

Order Order Granting Administrator's Petition for Preliminary Distribution

~PRO Minute Order - Order to Show Cause Hearing 02/10/2022

Declaration DECLARATION OF NADA DHAHBI, ESQ

Objection/Opposition to PETITIONER/ADMINISTRATOR'S OPPOSITION TO DEMURRERS TO FIRST AMENDED PETITION

Document filed: ADMINISTRATOR NOBLE'S JOINDER IN REQUEST FOR JUDICIAL NOTICE/REQUEST FOR JUDICAL NOT

Proposed Order Received [Proposed] ORDER OVERRULING THE DEMURRERS OF NATIONAL RECOVERY SOLUTIONS AND

Proof of Service by MAIL of PETITIONER/ADMINISTRATOR'S OPPOSITION TO DEMURRERS TO "FIRST ETC. served

Reply Filed REPLY BRIEF IN SUPPORT OF DEMURRER

Objection/Opposition to RESPONDENT ABDELJAWAD'S OBJECTION TO REQUEST FOR JUDICIAL NOTICE

Notice of Entry of Order NOTICE OF ENTRY OF ORDER ON DEMURRERS ADOPTING TENTATIVE RULING AND CONTINU

Notice of Motion and Motion OF RESPONDENT EYAD YASER ABDELJAWADTO COMPEL RESPONSES TO FORM INTERROGA

Notice of Motion and Motion OF RESPONDENT EYAD YASER ABDELJAWARD TO COMPEL RESPONSES TO SPECIAL INTE

Notice of Motion and Motion OF EYAD YASER ABDELJAWARD TO COMPEL RESPONSES TO DEMAND FOR PRODUCTION O

Notice of Motion and Motion OF RESPONDENT EYAD YASER ABDELJAWARD TO DEEM ADMISSIONS AGAINST PETITION

Declaration in Support DECLARATION OF EYAD YASER ABDELJAWARD IN SUPPORT OF MOTION TO RESPONSE TO FOR

Declaration in Support DECLARATION OF EYAD YASER ABDELJAWARD IN SUPPORT OF MOTION TO RESPONSE TO SPE

Declaration in Support DECLARATION OF EYAD YASER ABDELJAWARD IN SUPPORT OF MOTION TO COMPEL PRODUCTI

Declaration in Support DECLARATION OF EYAD YASER ABDELJAWARD IN SUPPORT OF MOTION TO DEEM ADMISSIONS

Proposed Order Received COMPELLING ANSWERS WITHOUT OBJECTIONS TO FORM INTERROGATORIES

Proposed Order Received COMPELLING ANSWERS WITHOUT OBJECTIONS TO SPECIAL INTERROGATORIES

Proposed Order Received COMPELLING COMPLIANCE WITH INSPECTION DEMANDS

Proposed Order Received ESTABLISH ADMISSIONS

Notice of Hearing & Proof of Service (by Mail) re MOTION TO COMPEL RESPONSES TO FORM INTERROGATORIES

Objection/Opposition to OPPOSITIONAND OBJECTION OF ADMINISTRATOR LISA NOBLE TO MOTIONS OF RESPONDENT

Reply Filed RESPONDENT EYAD YASER ABDELJAWAD'S CONSOLIDATED REPLY BRIEF IN SUPPORT OF MOTIONS TO COM

~PRO Minute Order - Order to Show Cause Hearing 03/04/2022

~PRO Minute Order - Hearing on Demurrer 03/04/2022

~PRO Minute Order - Hearing on Demurrer 03/04/2022

Notice of Related Case

Case Management Statement

Report RESPONDENT EYAD YASER ABDELJAWADS STATUS REPORT

~PRO Minute Order - Hearing on Demurrer 07/06/2022

~PRO Minute Order - Hearing on Demurrer 07/06/2022

~PRO Minute Order - Motion hearings 07/06/2022

~PRO Minute Order - Motion hearings 07/06/2022

~PRO Minute Order - Motion hearings 07/06/2022

~PRO Minute Order - Motion hearings 07/06/2022

# EXHIBIT D

1  Kenneth H. Prochnow, SBN 112983
   Law Offices of Kenneth H. Prochnow
2  1771 Woodside Road, Suite 2
   Redwood City, CA 94061
3  Tel: (650) 812-0400
   Fax: (650) 812-0404
4
   Attorneys for Petitioner Lisa Noble,
5     Administrator of the Estate of Daniel Strange

6

7

8           SUPERIOR COURT OF THE STATE OF CALIFORNIA

9               IN AND FOR THE COUNTY OF SAN MATEO

10  In Re                                    Case No.:  19-PRO-00643

11                                           **ADMINISTRATOR'S FIRST
                                             AMENDED PETITION FOR TITLE**
12  THE ESTATE OF DANIEL STRANGE             **TO AND POSSESSION OF
                                             PROPERTY HELD BY ANOTHER,**
13                                           **AND FOR ORDER CONVEYING
                                             AND TRANSFERRING SUCH**
14                                           **PROPERTY TO ADMINISTRATOR
                                             [Prob. Code §§ 850(a)(2)(D); 856]**
15
                                             _____
16  LISA NOBLE, ADMINISTRATOR OF THE
    ESTATE OF DANIEL STRANGE,                **Date:**  November 15, 2021
17                                           **Time:** 9:00 a.m.
                 Petitioner,                 **Dep't:** 28
18
         vs.
19
    NATIONAL RECOVERY SOLUTIONS;
20  ALEJANDRO C, MARRERO, Individually
    and d/b/a NATIONAL RECOVRY
21  SOLUTIONS; JOYCE ARCE, Individually
    and d/b/a NATIONAL RECOVERY
22  SOLUTIONS; ISRAEL SIGUENZA,
    Individually and d/b/a NATIONAL
23  RECOVERY SOLUTIONS; EYAD YASSER
    ABDELJAWAD, and DOES 1 – 25, inclusive.
24
25               Respondents

26
         Petitioner Lisa Noble, Administrator of the Estate of Daniel Strange, ("Administrator
27
    Noble") alleges as follows:
28

---

FIRST AMENDED PETITION FOR RECOVERY OF ESTATE PROPERTY, ETC.            *Page 1*
*In re: The Estate of Daniel Strange; Lisa Jo Noble vs. National Recovery Solutions;*
San Mateo Cty Sup. Ct. Probate No. 19PRO00643                    {2806/02/00064678.DOC}

1.     Administrator Noble is the duly appointed, qualified and acting personal representative of the Estate of her brother, Daniel Strange, deceased ("Decedent Strange").

2.     Respondent National Recovery Solutions ("Respondent NRS") is an entity, business form unknown, holding some or all of the "Surplus Foreclosure Sale Proceeds" described more specifically below.

3.     Respondent Israel Siguenza ("Respondent Siguenza") is an individual who, individually or doing business as Respondent NRS, upon information and belief now holds or has held some or all of the Surplus Foreclosure Sale Proceeds.

4.     Respondent Alejandro C. Marrero ("Respondent Marrero") is an individual who, individually or doing business as Respondent NRS, upon information and belief now holds or has held some or all of the Surplus Foreclosure Sale Proceeds.

5.     Respondent Joyce Arce ("Respondent Arce") is an individual who, individually or doing business as Respondent NRS, now holds or has held some or all of the Surplus Foreclosure Sale Proceeds.

6.     Respondent Eyad Yasser Abdeljawad, a California lawyer ("Respondent Abdeljawad") is an individual who upon information and belief now holds or has held some or all of the Surplus Foreclosure Sale Proceeds.

7.     Respondents DOE 1 – 25 are individuals or entities whose names and identities are unknown to Administrator Noble at this writing. Each of the DOE Respondents is responsible in whole or in part for the injuries and damage alleged herein. Administrator Noble reserves the right to amend this Petition by adding the true names of any or all of the DOE Respondents at such time as their identities become known.

8.     Respondent NRS, Respondent Siguenza, Respondent Marrero, Respondent Arce, Respondent Abdeljawad and DOES 1 – 25 will be referred to from time to time herein, individually and collectively, as the "NRS Respondents."

9.     Administrator Noble, as the personal representative of the Estate of Daniel Strange (the "Estate"), claims the right to possession for the Estate of the Surplus Foreclosure Sale Proceeds based upon the facts, documents and circumstances set out below.

1      10.     Decedent Strange died on or about December 12, 2010.

2      11.     Decedent Strange died intestate.

3      12.     At the time of Decedent Strange's death in 2010, he was married to Gay Dotson

4      ("Surviving Spouse Dotson").

5      13.     At the time of Decedent Strange's death in 2010, he owned a residence located

6      at 432 Waverly Street, Menlo Park, CA 94025 (the "Menlo Park Residence").

7      14.     The Menlo Park Residence was at all pertinent times Decedent Strange's

8      separate property; Surviving Spouse Dotson neither has nor had any community property

9      interest therein.

10      15.     The Menlo Park Residence was at all pertinent times an asset of the Estate.

11      16.     Decedent Strange had no children.

12      17.     Decedent Strange's parents predeceased him.

13      18.     Decedent Strange was survived by three siblings—Administrator Noble,

14      Christopher B. Strange and Tina Michele Britt (collectively, "Decedent's Siblings").

15      19.     Under the intestate succession laws of this State [Probate Code §§ 6401(c)(2)(B)

16      and 6402(c)], the intestate heirs to Decedent's Estate are Surviving Spouse Dotson and

17      Decedent's Siblings.

18      20.     At the time of Decedent's death in 2010, the Menlo Park Residence was

19      encumbered by a mortgage.

20      21.     Upon information and belief, following Decedent's death in 2010, the Menlo

21      Park Residence, an asset of the Estate, was rented out to a third party or parties, whose

22      identities are unknown to Administrator Noble at this writing.

23      22.     Upon information and belief, following Decedent's death in 2010 the net rental

24      income from the Menlo Park Residence, an asset of the Estate, was paid out not to or for the

25      Estate, but rather to Surviving Spouse Dotson, without regard to rights of the Estate to such

26      income and assets, all to the Estate's financial detriment and loss.

27

28

---

FIRST AMENDED PETITION FOR RECOVERY OF ESTATE PROPERTY, ETC.    *Page 3*
*In re: The Estate of Daniel Strange; Lisa Jo Noble vs. National Recovery Solutions;*
San Mateo Cty Sup. Ct. Probate No. 19PRO00643    {2806/02/00064678.DOC}

23. Upon information and belief, despite Surviving Spouse Dotson's receipt of the rental income from the Menlo Park Residence, Surviving Spouse Dotson failed to make mortgage payments to the lender holding the mortgage to the Menlo Park Residence.

24. Upon information and belief, in the absence of mortgage payments to the Menlo Park Residence mortgagee, the mortgagee declared the Menlo Park Residence loan to be in default.

25. Pursuant to a duly issued notice of default and notice of sale, the Menlo Park Residence was foreclosed, with the trustee's sale occurring on January 10, 2019.

26. Upon information and belief, the trustee's foreclosure of the Menlo Park Residence on January 10, 2019, resulted in a sale of the Menlo Park Residence at a price substantially less than the fair market value of the Menlo Park Residence (but still in excess of the mortgage balance and costs of sale collected by or for the benefit of the mortgagee); the purchaser at foreclosure "flipped" the Menlo Park Residence within months of its acquisition, realizing a quick profit to the purchaser (and corresponding loss to the Estate) of some five hundred thousand dollars, more or less.

27. Still, the January 10, 2019, foreclosure sale netted a surplus above and beyond the amount needed to satisfy all claims of the mortgagee at foreclosure; such "Surplus Foreclosure Sale Proceeds" from the foreclosure sale of the Menlo Park Residence totaled **$1,487,688.10**.

28. The $1,487,688.10 in Surplus Foreclosure Sale Proceeds were held and retained by a third party, Affinia Default Services, LLC ("Affinia").

29. At some point after January 10, 2019, the NRS Respondents became aware of the $1,487,688.10 in Surplus Foreclosure Sale Proceeds held by Affinia.

30. Acting for the NRS Respondents, Respondent Abdeljawad contacted Administrator Noble (in her individual capacity, prior to her appointment as Administrator by this Court) and, upon information and belief, contacting the other two of Decedent's Siblings, offering to obtain for each a share of the Surplus Foreclosure Sale Proceeds in exchange for a commission or finder's fee.

31.     In communicating the offer to obtain shares of the Surplus Foreclosure Sale Proceeds for Decedent's Relatives, Respondent Abdeljawad was acting, and at all pertinent times continued to act, as Respondent NRS' California attorney.

32.     Administrator Noble, a Texas resident unfamiliar with California probate law or procedure, and without benefit of counsel, received, executed and returned two documents sent to her by Respondent Abdeljawad.

33.     The first document is a "Client Contingency Fee Agreement," a true and correct copy of which as signed on April 22, 2019 by Administrator Noble is attached as Exhibit 1A hereto and incorporated by this reference, and a true and correct copy of which in unsigned and more legible form is attached as Exhibit 1B hereto and incorporated by this reference.

34.     The second document is a "Statement of Authorization To Represent As Attorney," a true and correct copy of which as signed on April 22, 2019 by Administrator Noble is attached as Exhibit 2A hereto and incorporated by this reference, and a true and correct copy of which in unsigned and more legible form is attached as Exhibit 2B hereto and incorporated by this reference.

35.     By these two April 22, 2019 documents, Administrator Noble retained Respondent Abdeljawad as her counsel; the "Client Contingency Fee Agreement" is ambiguous in form and in content, but it is not signed by or for any of the NRS Respondents, and it does not appoint any of the NRS Respondents as Administrator Noble's attorney-in-fact or otherwise confer power of attorney authority on any of the NRS Respondents.

36.     Upon information and belief, forms similar or identical to the foregoing Client Contingency Fee Agreement and the Statement of Authorization To Represent As Attorney were signed by the other two Decedent's Relatives.

37.     Neither the Client Contingency Fee Agreement nor the Statement of Authorization To Represent As Attorney discloses the conflict of interest inherent in Respondent Abdeljawad acting as attorney for both Respondent NRS and as attorney for Administrator Noble and the other Decedent's Relatives.

38. Neither Administrator Noble nor, upon information and belief, the other Decedent's Relatives has at any time waived the conflict of interest that arises from Respondent Abdeljawad's representation, on the one hand, of Respondent NRS, and on the other hand, Administrator Noble and the other Decedent's Relatives.

39. Upon information and belief, the NRS Respondents were unable to contact or to reach agreement with Surviving Spouse Dotson as to any right or entitlement of the NRS Respondents or any of them to act on Surviving Spouse Dotson's behalf, to receive or to hold funds for her, or to gain entitlement to any commission or finder's fee with respect to funds obtained through the efforts of any of the NRS Respondents for Surviving Spouse Dotson.

40. Upon information and belief, despite obtaining signatures on Exhibits 1A and 2A from Administrator Noble and similar authorization from the other of Decedent's Relatives, the NRS Respondents determined that the Surplus Foreclosure Sale Proceeds would be released from and paid over by Affinia only to a duly authorized administrator of the Estate.

41. Accordingly, Respondent Abdeljawad, acting now as counsel for Administrator Noble as the prospective "Executor" for the Estate, on May 22, 2019 filed a petition for probate and related papers with this Court.

42. Respondent Abdeljawad did not prepare or obtain a legal services agreement with Administrator Noble spelling out the terms and conditions of his representation of her as "Executor" of a $1,487,688.10 Estate.

43. Respondent Abdeljawad did not disclose (a) his conflicts of interest in proceeding with his proposed representation of Administrator Noble as Estate administrator while remaining counsel for Respondent NRS, which was and would remain the "other side" to the April 22, Client Contingency Fee Agreement that Administrator Noble had signed, nor did he (b) obtain a waiver of any such conflict.

44. On March 21, 2021, Administrator Noble, proceeding as plaintiff, filed a civil court action against Respondent Abdeljawad, seeking damages for financial injury suffered during or by reason of his legal representation of Administrator Noble; such civil action (San Mateo County Superior Court No. 21-CIV-01037) sets out causes of action for legal

malpractice, breach of oral contract and breach of fiduciary duty; Civil Action No. 21-CIV-01037 remains pending at this action, and Administrator Noble reserves the right to seek consolidation of such case with the present first amended petition.

45.     The March 22, 2019 Petition for Probate filed by Respondent Abdeljawad for Administrator Noble came duly on for hearing on July 11, 2019; in the absence of opposition or any appearance, the Petition for Probate was granted by this Court on that date.

46.     A true and correct copy of this Court's July 11, 2019 Order for Probate is attached as Exhibit 3 hereto and is incorporated by this reference.

47.     Letters of Administration thereupon issued; a true and correct copy of this Court's July 11, 2019 Letters of Administration is attached as Exhibit 4 hereto and is incorporated by this reference.

48.     As of July 11, 2019, and to the date of this writing, Administrator Noble, and no other, has been duly authorized to administer the Estate, marshaling its assets.

49.     With Estate administration in place, Affinia arranged for its transfer of the Surplus Foreclosure Sale Proceeds that it had held since January 10, 2019, through preparation of a bank check, drawn from the client trust account of its California counsel (the law firm "McCalla Raymer Leibert Pierce LLP") in the amount of the Surplus Foreclosure Sale Proceeds.

50.     A true and correct copy of McCalla Raymer Leibert Pierce trust account check no. 2244, dated July 23, 2019, and payable to the order of "Lisa Jo Noble, Administrator of the Estate of Daniel Strange" in the amount of $1,487,688.10 (the "Affinia Proceeds Check"), is attached as Exhibit 5 hereto and incorporated by this reference.

51.     The Affinia Proceeds Check was never delivered to Administrator Noble.

52.     The Affinia Proceeds Check was never cashed or otherwise negotiated by Administrator Noble.

53.     Upon information and belief, shortly after the Affinia Proceeds Check was issued on July 23, 2019, it was delivered to the NRS Respondents.

54. The NRS Respondents at no time delivered or attempted to deliver the Affinia Proceeds Check to Administrator Noble.

55. Instead of delivering the Affinia Proceeds Check to Administrator Noble, the NRS Respondents spent the ensuing months after July 2019 attempting to cash or otherwise negotiate the Affinia Proceeds Check for their own use and purposes.

56. Upon information and belief, the NRS Respondents encountered substantial difficulties and lengthy delay in negotiating the Affinia Proceeds Check (drawn to the order of Administrator Noble in her capacity as Administrator of the Estate) for their own use and purposes.

57. Finally, in or about December 2019, the NRS Respondents were successful in negotiating the Affinia Proceeds Check for their own use and purposes, upon information and belief depositing the entirety of the $1,487,688.10 into a bank account in the name of Respondent Arce doing business as National Recovery Solutions.

58. With the Estate's $1,487,688.10 in hand from their negotiation of the Affinia Proceeds Check, the NRS Respondents refused to turn over this Estate asset to Administrator Noble.

59. Acting through Respondent Abdeljawad—then still Administrator Noble's attorney before this Court—the NRS Respondents demanded that Administrator Noble authorize NRS to turn over, from the Estate assets that the NRS Respondents then held, the supposed surviving spouse's intestate share of the Estate due to Surviving Spouse Dotson.

60. Administrator Noble, believing that it was improper to make payments to Estate beneficiaries without court approval, and without evidence that Surviving Spouse Dotson had any contractual arrangement with the NRS Respondents entitling them to any portion of assets belonging to the Estate, insisted that all of the $1,487,688.10 held by the NRS Respondents be turned over to her as an Estate asset.

61. The NRS Respondents have turned over only a portion of the Estate asset of $1,487,688.10 that they obtained by cashing the Affinia Proceeds Check.

62. Specifically-

(a) on February 3, 2020, Respondent Arce drew check no. 1338 from a National Recovery Solutions Account payable to "Lisa J. Noble for Estate of Daniel Strange" in the amount of $138,000, with that check subsequently delivered to and negotiated by Administrator Noble;

(b) on February 7, 2020, Respondent Arce doing business as "Nat." caused a wire transfer of $62,000.00 to be directed to Administrator Noble's Estate account, of which $61,985.00 (the gross amount of the wire transfer less a $15.00 fee) was in fact deposited into such account; and

(c) on February 14, 2020, Respondent Arce "d/b/a National Recovery Solutions" drew a Chase Bank check payable to "Lisa J Noble Estate of Daniel Strange" in the amount of $482,620.83.

63. Administrator Noble received these two checks and the wire transfer in her capacity of Estate Administrator, and has deposited and continues to hold the three above-referenced sums, **totaling $682,620.83**, in a duly established Estate account.

64. Administrator Noble has made no withdrawals from the Estate account, and will make no withdrawals (other than nominal withdrawals for Estate administration purposes) without order from this Court.

65. Upon information and belief, the NRS Respondents' transfer of a total of $682,620.83 from the $1,487,688.10 in Estate funds that the NRS Respondents hold, represents a holdback, without authorization from this Court, of approximately 7% of half of the Surplus Foreclosure Sales Proceeds that the NRS Respondents contend belong to Administrator Noble and the other two of Decedent's Relatives, plus the remaining half of the Surplus Foreclosure Sales Proceeds that the NRS Respondents contend belong to Surviving Spouse Dotson.

66. The NRS Respondents' transfer of $682,620.83 to Administrator Noble from the Estate funds totaling $1,487,688.10, leaves the NRS Respondents in possession of $805,067.27 in Estate funds, withheld from the Estate without authorization from this Court.

67. Upon information and belief, the NRS Respondents have transferred none of the funds they contend belong to Surviving Spouse Dotson, to Surviving Spouse Dotson.

1    68.    None of the Surplus Foreclosure Sales Proceeds belong to Surviving Spouse

2    Dotson, to Administrator Noble (in her individual capacity), or to the other of Decedent's

3    Relatives,

4    69.    All of the Surplus Foreclosure Sales Proceeds belong to and must be accounted

5    for by the Estate, pending such orders as this Court may subsequently enter providing for

6    distribution of net Estate assets.

7    70.    On February 24, 2020, Respondent NRS filed a civil interpleader action with

8    this Court. A true and correct copy of Respondent NRS' February 24, 2020 "Plaintiff

9    Complaint for Interpleader per CCP Sec. 386(B)" (the "NRS Interpleader Complaint") is

10   attached as Exhibit 6 hereto and incorporated by this reference.

11   71.    The NRS Interpleader Complaint was never served on Administrator Noble in

12   Texas.

13   72.    The NRS Interpleader Complaint falsely represents that Respondent NRS holds

14   (alternately and inconsistently) $686,200.00 [NRS Interpleader Complaint at 4:13] or $682,600

15   [NRS Interpleader Complaint at 4:24].

16   73.    In fact, the NRS Respondents hold $805,067.27 in Estate funds, as set out in

17   Paragraph 64 above.

18   74.    The NRS Interpleader Complaint is a sham pleading:

19   (a) The NRS Interpleader Complaint, filed "In Pro Per," alleges only that plaintiff is a

20   "Business." If plaintiff "Business" is a corporation, it must be represented by counsel. If

21   plaintiff "Business" is a fictious name under which individuals or entities are doing business,

22   those individuals or entities must be described so that they can appropriately be contacted and

23   brought before the Court;

24   (b) The street address for plaintiff NRS set out in the pleading is not a correct address;

25   communications sent to that address are returned by the post office;

26   (c) There is no answer at the telephone number set out in the pleading for plaintiff NRS;

27   (d) Plaintiff NRS has neither interpled nor deposited any funds with this Court; and

28   (e) The allegations in the NRS Complaint do not make out a cause of action in interpleader,

given that there is only <u>one</u> identified party to the case—Administrator Noble—with any claim under law to the described funds, and an interpleader will not lie in the absence of <u>competing</u> claimants to a disputed fund (See *Placer Foreclosure, Inc. v. Solomon Aflalo* (2nd Dist. 2018), 2nd Civil No. B268589).

(f) The Interpleader Complaint is not verified as required under Code Civ. Proc. § 386(a).

75.     On March 25, 2020, Administrator Noble substituted her present counsel for Respondent Abdeljawad in the Estate's probate pending before this Court, No. 19-PRO-00643.

76.     Administrator Noble's present counsel was unable to persuade plaintiff NRS to dismiss or to fund its Interpleader Action, necessitating the present petition to recover funds wrongfully withheld by the NRS Respondents from Administrator Noble.

77.     Administrator Noble's present counsel has now obtained copies of the front and back of the Affinia Proceeds Check (see Exhibit 5 hereto) from the McCalla Raymer Leibert Pierce law firm. A true and correct copy of the front and back of the Affinia Proceeds Check drawn on the McCalla Raymer Leibert Pierce trust account is attached as Exhibit 7 hereto and is incorporated by this reference.

78.     Although the Affinia Proceeds Check is drawn to the order of "Lisa Jo Noble, Administrator of the Estate of Daniel Strange," the endorsement on the back of the Affinia Proceeds Check (Exhibit 7 hereto) bears only an individual's signature.

79.     Administrator Noble has at no time signed, endorsed or negotiated the Affinia Proceeds Check.

80.     The endorsement that appears on the back of the Affinia Proceeds Check (Exhibit 7 hereto) is not Administrator Noble's signature: it is a forgery.

WHEREFORE, Administrator Noble, as Petitioner herein, prays for an order as follows:

1. Directing the NRS Respondents, and each of them, to transfer to Administrator Noble, as Petitioner and administrator of the Estate, the balance of the above-described Surplus Foreclosure Sale Proceeds, plus interest thereon at the legal rate, as follows:

(a) the principle amount of $805,067.27, being the cash assets of the Estate

1     wrongfully withheld by Respondents since July 24, 2019;

2     (b) interest at the legal rate on such sum, from July 24, 2019, to October 13, 2021, in

3     the amount of $178,874.16;

4     (c) interest on the wrongfully withheld sum of $138,000.00, from July 24, 2019, to

5     February 3, 2020, in the amount of $7,278.08;

6     (d) interest on the wrongfully withheld sum of $62,000.00, from July 24, 2019, to

7     February 7, 2020, in the amount of $3,337.81; and

8     (e) interest on the wrongfully withheld sum of $482,620.83, from July 24, 2019, to

9     February 14, 2020, in the amount of $26,907.76;

10     which sums total $1,021,465.08.

11   2.   Directing the NRS Respondents to immediately deliver possession to the Estate,

12     through Administrator Noble, of the sum of $1,021,465.08; and

13   3.   For such other and further relief as the Court deems proper.

14   /////

15 DATED: October 13, 2021          LAW OFFICES OF KENNETH H. PROCHNOW

16

17                 By:  */s/Kenneth H. Prochnow*

18                     Kenneth H. Prochnow,
                    Attorneys for Petitioner Lisa Noble

19

20   /////

21

22

23

24

25

26

27

28

FIRST AMENDED PETITION FOR RECOVERY OF ESTATE PROPERTY, ETC.     *Page 12*
*In re: The Estate of Daniel Strange; Lisa Noble vs. National Recovery Solutions;*
San Mateo Cty Sup. Ct. Probate No. 19PRO00643     {2806/01/00064154.DOC}

# Verification

I, Lisa Jo Noble, Administrator of the Estate of Daniel Strange, declare:

      1.     I am the petitioner in the above-entitled matter.

      2.     I have read the foregoing **ADMINISTRATOR'S PETITION FOR TITLE**

**TO AND POSSESSION OF PROPERTY HELD BY ANOTHER, AND FOR ORDER**

**CONVEYING AND TRANSFERRING SUCH PROPERTY TO ADMINISTRATOR** and

know the contents thereof.

      3.     The same is true of my own knowledge, except as to matters stated upon

information and belief, and as to such matters, I believe it to be true.

     I declare under penalty of perjury under the laws of the State of California that the

foregoing is true and correct.

     Dated: October 13, 2021, at  Fort Worth , Texas

                Lisa Jo Noble

FIRST AMENDED PETITION FOR RECOVERY OF ESTATE PROPERTY, ETC.     *Page 13*
*In re: The Estate of Daniel Strange; Lisa Jo Noble vs. National Recovery Solutions;*
San Mateo Cty Sup. Ct. Probate No. 19PRO00643     {2806/02/00064678.DOC}

Exhibit 1A

# CLIENT CONTINGENCY FEE AGREEMENT

**THIS CONTINGENCY FEE AGREEMENT** ("Agreement") is entered into on the earliest date shown below by and between NATIONAL RECOVERY SOLUTIONS ("NRS") and LISA JO NOBLE, SUCCESSOR IN INTEREST TO THE ESTATE OF THE DATE VIEJO, DANIEL STRANGE. By entering into this Agreement, the parties do hereby agree that NRS will provide services to the client as set forth below. This signed Agreement must be received to commence representation on any matter. The Parties agree that NRS may terminate third party contract to assist with any portion of services from NRS.

**1. SCOPE OF SERVICES.** Client hires NRS to provide services and will take reasonable steps to keep Client informed for up to ninety days as possible for proper services and for all the actions activity against Client's record to investigate each of the wrongful force or effected by party staff in the ready level of a analysis and effect the recovery of the lost and derived monetary value caused by the misfortune, recovery of any proceed of sale from the Insurer Site Number 94450-6431 and the property located at 45 WATERLEY STATION PARK CA 94025 and/or 94945-110. NRS will provide necessary documents to the trustee or trustee's legal representative, submit written request, if necessary, retain attorneys on behalf of client in order to participate in the replevin action, file petitions to determine the distribution of the proceeding, both of the necessary.

**2. DUTIES OF NATIONAL RECOVERY SOLUTIONS.** NRS shall provide the services reasonably required to represent Client in the matter described in paragraph 1 of this agreement. NRS will take reasonable steps to keep Client informed of progress and significant developments and to respond to client's inquiries. Client agrees to cooperate with NRS to cooperate, to keep NRS informed of any information or developments which may come to Client's attention, to abide by this Agreement, to keep NRS advised of Client's address, telephone number and whereabouts. Client will assist NRS in providing necessary information and documents and will appear when necessary at legal proceedings.

**3. CONTINGENCY FEE.** The fee for recovery shall be equal to and due in a reduced under any circumstances to "fixed the total fund, as to funds recovered, the funds shall be deposited into State to JOB ENTREST SERVICE ONE and will immediately be disbursed to Client, less the agreed upon fees. No upfront fees shall be charged. In the event there are no funds is covered, NRS shall collect NO fees.

**4. DISCHARGE AND WITHDRAWAL.** Client may discharge NRS at any time. NRS may withdraw with client's consent or for good cause. When NRS's services conclude, if NRS is discharged before resolution recovery, all unpaid fees and the amount is a proportion of the time NRS spends on the matter will immediately become due and payable only. If no charges are recovered, fees or efforts. If Client withdraws no fees will be owed unless the conclusion of services has is finished.

**5. DISCLAIMER OF GUARANTEE AND ESTIMATES.** Nothing in this agreement and nothing in NRS statement to Client or the conversation as estimate or guarantee about the outcome of the matter. NRS makes no such promises or guarantee. It is the event of a change or acquisition of NRS all contracts are still legal and binding and strongly approved to the file will sign on file.

**6. TERMINATION OR CONCLUSION.** Upon the conclusion of NRS services all unpaid charges to services rendered and costs incurred is advanced through the termination or conclusion date shall become immediately due and payable. NRS is entitled to meet the obligation upon client's demand, to deliver client's file to Client at or after the termination & conclusion of NRS services. NRS shall only be obligated to keep clients files for a period of two (2) years after the termination or conclusion of NRS services in this matter. Thereafter, NRS is authorized to discard or destroy any and all files held by NRS.

**7. LIEN.** Client hereby grants a lien on any and all claims recovered credit that are subject of this contract for any sums due or owing at the conclusion of services. The lien will attach to any recovery Client may obtain, whether by judgment, settlement or otherwise. NRS shall be entitled to the portion of the contingency fee earned relative to the time spent on any matter to be determined by NRS and all parties shall be notified thereto.

By signing of this agreement and under paragraph 1 through 7 and agree to all terms and conditions set forth

Signature of Client _____ Date 04-22-19

Print Name LISA Jo Noble

# Exhibit 1B



# CLIENT CONTINGENCY FEE AGREEMENT

**THIS CONTINGENCY FEE AGREEMENT** (Agreement) is entered into on the earliest date shown below by and between **NATIONAL RECOVERY SOLUTIONS** (NRS) and LISA JO NOBLE, SUCCESSOR IN INTEREST TO THE ESTATE OF THE DECEASED, DANIEL STRANGE. By entering into this Agreement, the parties do hereby agree that NRS will provide services to client on the terms set forth below. This signed Agreement must be received to commence representation on any matter. The Parties agree that NRS may retain any 3rd party company to assist with any portion of services from NRS.

**1. SCOPE OF SERVICES.** Client hires NRS to provide services and will take reasonable steps to: keep Client in the home for as many days as possible, for possible removal of all foreclosure activity against Client's record, to investigate an action for wrongful foreclosure (leading to an action that may lead to a rescission of the sale and/or the recovery of the lost and deprived monetary value caused by the foreclosure), recovery of any proceeds of sale from the Trustee Sale Number 9448-6431 of the property located at 432 WAVERLEY ST MENLO PARK, CA 94025 sold on 2019-01-10. NRS will provide necessary documents to the trustee, or trustee's legal representative, submit written claims, if necessary, retain attorneys on behalf of client in order to participate in an interpleader action, file petitions to determine succession, or any other proceeding should that be necessary.

**2. DUTIES OF NATIONAL RECOVERY SOLUTIONS.** NRS shall provide those legal services reasonably required to represent Client in the matter described in paragraph 1 of this agreement NRS will take reasonable steps to keep Client informed of progress and significant developments and to respond to client's inquiries. Client agrees to be truthful with NRS to cooperate, to keep NRS informed of any information or developments which may come to Client's attention, to abide by this Agreement, and to keep NRS advised of Client's address telephone number and whereabouts.Client will assist NRS in providing necessary information and documents and will appear when necessary at legal proceedings.

**3.CONTINGENCY FEE.** The fee for recovery shall be equal to and shall not exceed under any circumstances to 7% of the total funds or proceeds recovered. The funds shall be deposited into Attorney IOLTA TRUST ACCOUNT and will immediately be disbursed to Client, less the agreed upon fees. No upfront fees shall be charged. In the event there are no funds recovered, NRS shall collect NO fees.

**4.DISCHARGE AND WITHDRAWAL** Client may discharge NRS at any time NRS may withdraw with client's consent or for good cause. When NRS services conclude or if NRS is dismissed before surplus recovery, all unpaid fees and the commission proportionate to the time NRS spends on the matter will immediately become due and payable only if surplus proceeds are recovered from our efforts. If Client withdraws no fees will be owed unless the conclusion of our work is finished.

**5.DISCLAIMER OF GUARANTEE AND ESTIMATES.** Nothing in this agreement and nothing in NRS statements to Client will be constructed as a promise or guarantee about the outcome of the matter. NRS makes no such promises or guarantees. If in the event of a merger or acquisitions of NRS all contracts are still legal and binding and attorney appointed to the file will stay on file.

**6.TERMINATION OR CONCLUSION.** Upon the conclusion of NRS' services,all unpaid charges for services rendered and costs incurred or advanced through the termination or conclusion date shall become immediately due and payable. NRS acknowledgement the obligation, upon Client's demand, to deliver client's file to Client at or after the termination or conclusion of NRS services.. NRS shall only be obligated to keep clients files for a period of two (2) years after the termination or conclusion of NRS' services in this matter. Thereafter, NRS is authorized to discard or destroy any materials held by NRS

**7.LIEN** Client hereby grants a lien on any and all claims or cause of action that are subject of this contract for any sums due and owing at the conclusion of our services. The lien will attach to any recovery Client may obtain, whether by judgment, settlement or otherwise. NRS shall be entitled to the portion of the contingency fee earned relative to the time spent on any matter to be determined by NRS and all parties shall be notified thereto.

By signing of this agreement you understand paragraphs 1-7 and agreed to all terms and conditions set forth.

Signature of Client _____  Date _____

Print Name:_____

Exhibit 2A

# STATEMENT OF AUTHORIZATION TO REPRESENT AS ATTORNEY

ATTN: AFFINIA DEFAULT SERVICES LLC
CLIENT(S): LISA JO NOBLE, SUCCESSOR IN INTEREST TO THE ESTATE OF THE DECEASED, DANIEL STRANGE.
TRUSTEE SALE NO.: 9448-6431

I/We, LISA JO NOBLE, SUCCESSOR IN INTEREST TO THE ESTATE OF THE DECEASED, DANIEL STRANGE, appoint Eyad Yaser Abdeljawad, Esq. (CA Bar #308427, as my/our attorney-at-law, regarding the above trustee sale. I/we revoke any and all authorizations to represent me/us that have been signed before this date and any representation made by other parties as to their authorization to communicate on my/our behalf are without my/our consent. All correspondence should be directed to: National Recovery Solutions, 1789 Mission Blvd, Suite 105, Montclair, CA 91762. Tel/fax (909) 895-0956 ............................................

I expressly grant Eyad Yaser Abdeljawad, Esq. (CA Bar #308427, National Recovery Solutions and its staff to communicate and do all things whatsoever required on my/our behalf regarding the Trustee Sale No. 9448-6431, to recover proceeds of sale, to execute any affidavit or Statement of Claim for Surplus Funds resulting from the trustee sale, and all other remedial action hitherto.

Client(s) Signature(s) 

    LISA JO NOBLE, SUCCESSOR IN INTEREST TO THE ESTATE OF THE DECEASED, DANIEL STRANGE

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and accuracy or validity of that document.

State of ___Texas___

County of ___Tarrant___

On ___April 22, 2019___ before me ___Cherie Allen___

Personally appeared LISA JO NOBLE, SUCCESSOR IN INTEREST TO THE ESTATE OF THE DECEASED, DANIEL STRANGE who proved to me on the basis of satisfactory evidence to be the persons whose name is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument. I certify under PENALTY OF PERJURY under the laws of the State of ~~California~~ that the foregoing paragraph is true and correct.    Texas ☺

WITNESS my hand and official seal.

Signature ___Cherie Allen___        Place Notary Seal and/or Stamp Above

Signature of Notary Public

### ON THE GO MOBILE NOTARY

Jails, Hospitals, Nursing Homes,
Hospice, Private Homes, etc.

P.O. Box 165194
Fort Worth, Texas 76161

817-624-0767

Cherie Allen,
Notary

Wedding Officiant Services

CHERIE ALLEN
Notary Public
STATE OF TEXAS
Notary ID # 10518584
My Comm. Exp. August 28, 2020

Exhibit 2B

## STATEMENT OF AUTHORIZATION TO REPRESENT AS ATTORNEY

**ATTN: AFFINIA DEFAULT SERVICES LLC**
**CLIENT(S): LISA JO NOBLE, SUCCESSOR IN INTEREST TO THE ESTATE OF THE DECEASED, DANIEL STRANGE**
**TRUSTEE SALE NO.: 9448-6431**

I/We, LISA JO NOBLE, SUCCESSOR IN INTEREST TO THE ESTATE OF THE DECEASED, DANIEL STRANGE, appoint Eyad Yaser Abdeljawad, Esq. CA Bar #308427, as my/our attorney-at-law regarding the above trustee sale. I/we revoke any and all authorizations to represent me/us that have been signed before this date and any representation made by other parties as to their authorization to communicate on my/our behalf are without my/our consent. All correspondence should be directed to: National Recovery Solutions, 4780 Mission Blvd. Suite 105, Montclair, CA 91762, Tel/fax: (909) 895-0956. info@nationalrecoverysolutions.com.

I expressly grant Eyad Yaser Abdeljawad, Esq. CA Bar #308427, National Recovery Solutions and its staff to communicate and do all things whatsoever required on my/our behalf regarding the Trustee Sale No. 9448-6431, to recover proceeds of sale, to execute any affidavit or Statement of Claim for Surplus Funds resulting from the trustee sale, and all other remedial action hitherto.

Client(s) Signature(s) _____
                LISA JO NOBLE, SUCCESSOR IN INTEREST TO THE ESTATE OF THE DECEASED, DANIEL STRANGE

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and accuracy or validity of that document.

State of _____

County of_____

On_____before me._____:

Personally appeared LISA JO NOBLE, SUCCESSOR IN INTEREST TO THE ESTATE OF THE DECEASED, DANIEL STRANGE who proved to me on the basis of satisfactory evidence to be the persons whose name is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s) , or the entity upon behalf of which the person(s) acted, executed the instrument. **I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.**

WITNESS my hand and official seal.

Signature_____          Place Notary Seal and/or Stamp Above
  Signature of Notary Public

Exhibit 3

DE-140

FOR COURT USE ONLY

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, state bar number, and address):
EYAD YASER ABDELJAWAD, ESQ. #308427
5670 SCHAEFER AVE, STE P
CHINO, CA 91710

TELEPHONE AND FAX NOS.:
909-457-7512

**FILED**
**SAN MATEO COUNTY**

JUL 1 1 2019

Clerk of the Superior Court

By _____
DEPUTY CLERK

ATTORNEY FOR (Name): LISA JO NOBLE

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN MATEO
STREET ADDRESS: 400 COUNTY CENTER
MAILING ADDRESS:
CITY AND ZIP CODE: REDWOOD CITY 94603
BRANCH NAME: SAN MATEO SUPERIOR COURT

ESTATE OF (Name):
DANIEL STRANGE
DECEDENT

ORDER FOR PROBATE

ORDER APPOINTING
☐ Executor
☐ Administrator with Will Annexed
☑ Administrator ☐ Special Administrator
☐ Order Authorizing Independent Administration of Estate
☐ with full authority ☐ with limited authority

CASE NUMBER:
19-PRO-00643

**WARNING: THIS APPOINTMENT IS NOT EFFECTIVE UNTIL LETTERS HAVE ISSUED.**

1. Date of hearing: JUNE 28, 2019    Time: 9:00AM    Dept./Room: 2F    Judge: ~~George Miriam~~ GEORGE A. MIRAM

THE COURT FINDS
2. a. All notices required by law have been given.
   b. Decedent died on (date): December 20, 2010
      (1) ☑ a resident of the California county named above.
      (2) ☐ a nonresident of California and left an estate in the county named above.
   c. Decedent died
      (1) ☑ intestate
      (2) ☐ testate
      and decedent's will dated:                                    and each codicil dated:
      was admitted to probate by Minute Order on (date):

THE COURT ORDERS
3. (Name): LISA JO NOBLE
   is appointed personal representative:
   a. ☐ executor of the decedent's will
   b. ☐ administrator with will annexed
   c. ☑ administrator

   d. ☐ special administrator
      (1) ☐ with general powers
      (2) ☐ with special powers as specified in Attachment 3d(2)
      (3) ☐ without notice of hearing
      (4) ☐ letters will expire on (date):

   and letters shall issue on qualification.
4. a. ☑ Full authority is granted to administer the estate under the Independent Administration of Estates Act.
   b. ☐ Limited authority is granted to administer the estate under the Independent Administration of Estates Act (there is no
      authority, without court supervision, to (1) sell or exchange real property or (2) grant an option to purchase real property or
      (3) borrow money with the loan secured by an encumbrance upon real property).
5. a. ☐ Bond is not required.
   b. ☑ Bond is fixed at: $ 200,000.00                    to be furnished by an authorized surety company or as otherwise
      provided by law.
   c. ☐ Deposits of: $                                   are ordered to be placed in a blocked account at (specify institution and
      location):
      and receipts shall be filed. No withdrawals shall be made without a court order. ☐ Additional orders in Attachment 5c.
   d. ☐ The personal representative is not authorized to take possession of money or any other property without a specific court order.
6. ☐ (Name):                                            is appointed probate referee.

Date: JUL 1 1 2019                                        _George H. Miram_
                                                         JUDGE OF THE SUPERIOR COURT
7. Number of pages attached: _____                ☐ SIGNATURE FOLLOWS LAST ATTACHMENT

Form Approved by the
Judicial Council of California
DE-140 [Rev. January 1, 1998]
Mandatory Form [1/1/2000]

**ORDER FOR PROBATE**

19-PRO-00643
OPF2
Order for Probate; Personal Representative
1929701

# Exhibit 4

DE-150

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, state bar number, and address): | TELEPHONE AND FAX NO.: | FOR COURT USE ONLY |
|---|---|---|

EYAD YASER ABDELJAWAD     SBN:308427     909-457-7512
ROUTE 66 LAWGROUP
5670 SCHAEFER AVE, STE P
CHINO, CA 91710

ATTORNEY FOR (Name): LISA JO NOBLE

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN MATEO
STREET ADDRESS: 400 COUNTY CENTER
MAILING ADDRESS: 400 COUNTY CENTER
CITY AND ZIP CODE: REDWOOD CITY 94063
BRANCH NAME: SAN MATEO

**FILED**
SAN MATEO COUNTY
JUL 1 1 2019
Clerk of the Superior Court
By _____
DEPUTY CLERK

ESTATE OF (Name):

DANIEL STRANGE
                                                DECEDENT

| LETTERS | | CASE NUMBER: |
|---|---|---|
| ☐ TESTAMENTARY     ☑ OF ADMINISTRATION | | 19-PRO-00643 |
| ☐ OF ADMINISTRATION WITH WILL ANNEXED     ☐ SPECIAL ADMINISTRATION | | |

## LETTERS

1. ☐ The last will of the decedent named above having been proved, the court appoints (name):

   a. ☐ executor.
   b. ☐ administrator with will annexed.

2. ☑ The court appoints (name):
LISA JO NOBLE
   a. ☑ administrator of the decedent's estate.
   b. ☐ special administrator of decedent's estate
      (1) ☐ with the special powers specified in the Order for Probate.
      (2) ☐ with the powers of a general administrator.
      (3) ☐ letters will expire on (date):

3. ☑ The personal representative is authorized to administer the estate under the Independent Administration of Estates Act ☑ with full authority
☐ with limited authority (no authority, without court supervision, to (1) sell or exchange real property or (2) grant an option to purchase real property or (3) borrow money with the loan secured by an encumbrance upon real property).

4. ☐ The personal representative is not authorized to take possession of money or any other property without a specific court order.

WITNESS, clerk of the court, with seal of the court affixed.

(SEAL)     Date: JUL 1 1 2019

Clerk, by _____
                              (DEPUTY)

## AFFIRMATION

1. ☐ PUBLIC ADMINISTRATOR: No affirmation required (Prob. Code, § 7621(c)).

2. ☑ INDIVIDUAL: I solemnly affirm that I will perform the duties of personal representative according to law.

3. ☐ INSTITUTIONAL FIDUCIARY (name):

I solemnly affirm that the institution will perform the duties of personal representative according to law. I make this affirmation for myself as an individual and on behalf of the institution as an officer.
(Name and title):

4. Executed on (date): 6-20-2019     Texas
at (place): Fort Worth     , California.

_____
(SIGNATURE)

## CERTIFICATION

I certify that this document is a correct copy of the original on file in my office and the letters issued the personal representative appointed above have not been revoked, annulled, or set aside, and are still in full force and effect.

(SEAL)     Date:

Clerk, by _____
                              (DEPUTY)

Form Approved by the
Judicial Council of California
DE-150 [Rev. January 1, 1998]
Mandatory Form [1/1/2000]

**LETTERS**
(Probate)

19-PRO-00643
LA
Letters of Administration issued to Personal Re
1929706

# Exhibit 5

ORIGINAL CHECK HAS A COLORED BACKGROUND PRINTED ON CHEMICAL REACTIVE PAPER - SEE BACK FOR DETAILS

Wells Fargo - CA Trust Account

2244

64-22/610

McCalla Raymer Leibert Pierce
1544 Old Alabama Road
Roswell, GA 30076

| | |
|---|---|
| **DATE** | **AMOUNT** |
| July 23, 2019 | $ 1,487,688.10 |

*** One Million Four Hundred Eighty Seven Thousand Six Hundred Eighty Eight Dollars and 10/100

PAY TO THE ORDER OF

Lisa Jo Noble, Administrator of the
Estate of Daniel Strange

⑈000000 2244⑈ ⑆121042882⑆ 2967700200⑈

McCalla Raymer Leibert Pierce
One-Time         Lisa Jo Noble, Administrator of the

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | | | Check Date 7/23/2019 | Check Number 2244 |
| Invoice Number | Inv Date | File Number | Loan Number | Property Address | Description | Net Check Amt |
| E 9448-6431-1 | 7/23/2019 | | | | 9448-6431/Surplus Funds Di | $1,487,688.10 |

TOTALS: $1,487,688.10    $1,487,688.10

McCalla Raymer Leibert Pierce
One-Time         Lisa Jo Noble, Administrator of the

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | | | Check Date 7/23/2019 | Check Number 2244 |
| Invoice Number | Inv Date | File Number | Loan Number | Property Address | Description | Net Check Amt |
| E 9448-6431-1 | 7/23/2019 | | | | 9448-6431/Surplus Funds Di | $1,487,688.10 |

TOTALS: $1,487,688.10    $1,487,688.10

# Exhibit 6

Electronically
**FILED**
by Superior Court of California, County of San Mateo

ON      2/24/2020

By      /s/ Rjay Dominia
              Deputy Clerk

NATIONAL RECOVERY SOLUTIONS
3780 W. Mission Blvd Ste 105
Montclair CA 91762
(909) 668-3241

**In Pro Per**

## SUPERIOR COURT OF SAN MATEO COUNTY

## SOUTHERN BRANCH: HALL OF JUSTICE

| | |
|---|---|
| NATIONAL RECOVERY SOLUTIONS | **Case No.:** 20-CIV-01183 |
| Plaintiff | |
| v. | **PLAINTIFF COMPLAINT FOR INTERPLEADER PER CCP §386 (B)** |
| LISA JO NOBLE, Administrator to the Estate of Daniel Strange, Deceased, and DOES 1-50 Inclusive | |

PLAINTIFF NATIONAL RECOVERY SOLUTIONS HEREBY ALLEGES THE FOLLOWING:

### JURISDICTION AND VENUE

1.    Jurisdiction and Venue are proper in this Court Pursuant to *CA Code of Civ. Pro. §395* as the course of conduct of alleged acts occurred within geographic region of San Mateo County

### PARTIES

2.    National Recovery Solutions (NRS) is a Business and Plaintiff in this matter.

**PLAINTIFF COMPLAINT**
- 1

3.  Lisa Jo Noble is the Administrator to the Estate of Daniel Strange, Deceased (NOBLE). Plaintiff is informed and reasonably asserts that NOBLE was Appointed as Personal Representative Pursuant to Letters of Administration that were issued by San Mateo County Superior Court Probate Division. NOBLE is the sister to the DECEDENT

4.  Plaintiff hereby reserves right to amend complaint to conform to proof. Plaintiff is informed and reasonably believes that each of the Defendants are responsible in some manner for the occurrences herein alleged and that Plaintiffs' damages were proximately caused thereby.

**STATEMENT OF FACTS COMMON TO ALL CAUSES OF ACTION**

5.  Daniel Lee Strange died intestate on Dec 12, 2010 leaving behind a surviving spouse by the name of Gaye Dotson WIDOW, and three siblings including Defendant NOBLE. Mr. Strange was the former trustor of a property located at 432 Waverly Street Menlo Park CA 94025 (HOME).

6.  Shortly thereafter, Defendant NOBLE assigned in a valid agreement with NRS in order for Plaintiffs to recover proceeds from a sale of HOME belonging to the Estate.

7.  Subsequent to that, Defendant and siblings were informed that a Court Order was needed from Probate Division in order for NOBLE to have standing to step into the shoes of her late brother and transact on his behalf.

8.   As a result, outside counsel was retained for NOBLE for the sole limited purpose of obtaining Letters of Administration (LETTERS) for her late brother's estate. Counsel for NOBLE successfully obtained LETTERS from the Probate Division of San Mateo Superior Court Probate Division in Case # **19-PRO-00643**.

9.   Plaintiff states based on information and belief that the siblings nominated NOBLE to act as the personal representative to the DECECDENT's Estate.

10.   Plaintiffs further allege based on knowledge and belief that NOBLE was apprised her standing fiduciary duty to the remaining heirs including her siblings and the surviving spouse of DECEDENT.

11.   Once Estate Property was was ready to be disbursed, NOBLE initially acknowledged her standing duty to distribute shares to the heirs in accordance with Intestate Succession Laws. NOBLE was given a full accounting and all of her documents that were part of her case in Probate Court.

12.   NOBLE's instructions were for Plaintiff to deduct its percentage for recovering monies that belonging to the Estate; Earmark and keep separate WIDOW's 50% share; Distribute remainder to NOBLE as the Personal Representative of the Siblings.

13.   After NOBLE received her accounting, NOBLE sent a threatening demand email that was addressed to Plaintiff and Defendant's Counsel in

the Probate Proceedings. In the Demand, NOBLE threatened to report her counsel to the State Bar unless Plaintiff paid WIDOW's share directly to NOBLE.

14.     More noteworthy, NOBLE stated her intent to not pay the any of the beneficiaries as mandated by law.

15.     As a result, Plaintiff is in concurrent possession of funds that have been earmarked for WIDOW. Based on information and believe, it would be unconscionable for Plaintiff to distribute WIDOW's share to NOBLE.

## FIRST CAUSE OF ACTION

### (Interpleader CCP §386 (b) – As Against All Defendants)

16.     Plaintiff is in possession of $686,200.00 that is held for the benefit of WIDOW. Plaintiff is informed and reasonably asserts that conflicting demands have been made as to who is entitled to WIDOW's share.

17.     NOBLE stated her intent to keep all of the money for herself. NOBLE further stated that she is under no obligation to pay out siblings as beneficiaries or WIDOW

18.     Plaintiff cannot determine the validity to the conflicting claims, and is gravely concerned that it will be subjected to multiple liability in the absence of the intervention of this court. Concurrent with this complaint, Plaintiff shall deposit $682,600.00 with the clerk of the Superior Court pursuant to *CCP §386 (c)*, which represents the full amount of WIDOW's share.

**WHERFORE PLAINTIFF PRAYS FOR AS FOLLOWS:**

1. An order that WIDOW's share be deposited with the court and that Defendant and All potential claimants litigate their claims to monies/property as described in complaint.

**RESPECTFULLY SUBMITTED**

Dated: _2/21/2020_

_____
National Recovery Solutions

# Exhibit 7



**WELLS FARGO**

# Transaction Search

# Images

Date/Time Printed: 05/20/2020, 12:22 PM PDT
Check 2244 - 1487688.10 USD



## Item Details

| | | |
|---|---|---|
| Account Number | **2967700200** | Item Sequ |
| Account Name | **MCCALLA RAYMER** | Bank ID |

# EXHIBIT E

# Case Information

21-CIV-01037 | LISA JO NOBLE, AS ADMINISTRATOR OF THE ESTATE OF DANIEL STRANGE, DECEASED vs. Eyad Yaser Abdeljawad, et al

| Case Number | Court | Judicial Officer |
|---|---|---|
| 21-CIV-01037 | Civil Unlimited | Weiner, Marie S. |
| File Date | Case Type | Case Status |
| 03/02/2021 | (25) Unlimited Professional Negligence | Active |

# Party

**Plaintiff**
LISA JO NOBLE, AS ADMINISTRATOR OF THE ESTATE OF DANIEL STRANGE, DECEASED

Active Attorneys ▾
Lead Attorney
PROCHNOW, KENNETH H.
Retained

**Defendant**
Abdeljawad, Eyad Yaser

Active Attorneys ▾
Lead Attorney
ABDELJAWAD, EYAD YASER
Retained

**Defendant**
DOES 1 THROUGH 100, INCLUSIVE

| File Date | Cause of Action | Type | Filed By | Filed Against |
|---|---|---|---|---|
| 03/02/2021 | Complaint | Action | LISA JO NOBLE, AS ADMINISTRATOR OF THE ESTATE OF DANIEL STRANGE, DECEASED | Abdeljawad, Eyad Yaser DOES 1 THROUGH 100, INCLUSIVE |

# Disposition Events

06/23/2022 Judgment ▾

Judgment Type
Dismissal - Without Prejudice

Party
  Name: LISA JO NOBLE, AS ADMINISTRATOR OF THE ESTATE OF DANIEL STRANGE, DECEASED

  Comment: AS TO SECOND CAUSE OF ACTION, FOR BREACH OF ORAL CONTRACT ONLY

# Events and Hearings

03/02/2021 New Filed Case

03/02/2021 Civil Case Cover Sheet ▾

Civil Case Cover Sheet

03/02/2021 Summons Issued / Filed ▾

Summons Issued / Filed

03/02/2021 Complaint ▾

Complaint

03/02/2021 **Cause Of Action** ▾

| Action | File Date |
|---|---|
| **Complaint** | 03/02/2021 |

03/03/2021 Notice of Assignment for All Purposes ▾

Notice of Assignment for All Purposes

06/17/2021 CMC - Not at issue - no service/default/answer. ▾

CMC - Not at issue - no service/default/answer.

09/22/2021 CMC - Not at issue - no service/default/answer. ▾

CMC - Not at issue - no service/default/answer.

12/23/2021 CMC - Not at issue - no service/default/answer. ▾

CMC - Not at issue - no service/default/answer.

02/10/2022 Proof of Service by PERSONAL SERVICE of ▾

Proof of Service by PERSONAL SERVICE of COMPLAINT; SUMMONS; NOTICE OF CONTINUED CMC

Comment
COMPLAINT; SUMMONS; NOTICE OF CONTINUED CMC

03/17/2022 Demurrer to Complaint ▾

Demurrer to Complaint

03/17/2022 Motion to Strike ▾

Motion to Strike PORTIONS OF VERIFIED COMPLAINT FOR DAMAGES

Comment
PORTIONS OF VERIFIED COMPLAINT FOR DAMAGES

03/17/2022 Request for Judicial Notice ▾

Request for Judicial Notice

03/17/2022 Separate Statement ▾

Separate Statement OF OBJECTIONS TO PLAINTIFF'S VERIFIED COMPLAINT

Comment

03/17/2022 Declaration in Support ▾

Declaration in Support OF GOOD FAITH MEET AND CONFER

Comment
OF GOOD FAITH MEET AND CONFER

03/24/2022 CMC - Not at issue - other/motion pending.

03/24/2022 Notice of Case Management Conference ▾

Notice of Case Management Conference 6/16/2022 at 9:00 a.m.

Comment
6/16/2022 at 9:00 a.m.

03/30/2022 Proof of Service by MAIL of ▾

Proof of Service by MAIL of MOTION TO STRIKE PORTIONS OF COMPLAINT;ETC...

Comment
MOTION TO STRIKE PORTIONS OF COMPLAINT;ETC...

04/05/2022 Notice of Related Case ▾

Notice of Related Case CASE NUMBER: 19-PRO-00643

Comment
CASE NUMBER: 19-PRO-00643

05/06/2022 Memorandum of Points and Authorities in Opposition ▾

Memorandum of Points and Authorities in Opposition TO DEFENDANT'S DEMURRER TO"VERIFIED COMPLAINT FOR

Comment
TO DEFENDANT'S DEMURRER TO"VERIFIED COMPLAINT FOR: (1) LEGAL MALPRACTICE,(2) BREACH OF ORAL CONTRACT, AND (3) BREACH OF FIDUCIARY DUTY"

05/06/2022 Memorandum of Points and Authorities in Opposition ▾

Memorandum of Points and Authorities in Opposition TO DEFENDANT'S MOTION TO STRIKE

Comment
TO DEFENDANT'S MOTION TO STRIKE

05/06/2022 Memorandum of Points and Authorities in Opposition ▾

Memorandum of Points and Authorities in Opposition TO DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADIN

Comment
TO DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS

05/06/2022 Memorandum of Points and Authorities in Reply ▾

Memorandum of Points and Authorities in Reply AND OBJECTION TO "DEFENDANT'S SEPARATE STATEMENT OF OB

Comment

AND OBJECTION TO "DEFENDANT'S SEPARATE STATEMENT OF OBJECTIONS TO PLAINTIFF'S
VERIFIED COMPLAINT"

05/06/2022 Memorandum of Points and Authorities in Reply ▾

Memorandum of Points and Authorities in Reply AND OBJECTION TO DEFENDANT REQUEST FOR JUDICIAL
NOTICE

Comment

AND OBJECTION TO DEFENDANT REQUEST FOR JUDICIAL NOTICE

05/06/2022 Proposed Order Received ▾

Proposed Order Received OVERRULING DEMURRER TO VERIFIED COMPLAINT FOR (1) LEGAL
MALPRACTICE, (2) BRE

Comment

OVERRULING DEMURRER TO VERIFIED COMPLAINT FOR (1) LEGAL MALPRACTICE, (2) BREACH OF
ORAL CONTRACT, AND (3) BREACH OF FIDUCIARY DUTY AND DENYING MOTION FOR JUDGMENT
ON THE PLEADINGS

05/06/2022 Proposed Order Received ▾

Proposed Order Received DENYING MOTION TO STRIKE PORTIONS OF COMPLAINT

Comment

DENYING MOTION TO STRIKE PORTIONS OF COMPLAINT

05/06/2022 Proof of Service by MAIL of ▾

Proof of Service by MAIL of PLAINTIFF'S OPPOSITION TO DEMURRER TO COMPLAINT;ETC...

Comment

PLAINTIFF'S OPPOSITION TO DEMURRER TO COMPLAINT;ETC...

05/16/2022 Memorandum of Points and Authorities in Reply ▾

Memorandum of Points and Authorities in Reply BRIEF IN SUPPORT OF MOTION OF DEFENDANT TO STRIKE
PORT

Comment

BRIEF IN SUPPORT OF MOTION OF DEFENDANT TO STRIKE PORTIONS OF VERIFIED COMPLAINT
FOR DAMAGES

05/16/2022 Memorandum of Points and Authorities in Reply ▾

Memorandum of Points and Authorities in Reply BRIEF IN SUPPORT OF DEMURRER

Comment

BRIEF IN SUPPORT OF DEMURRER

05/16/2022 Memorandum of Points and Authorities in Reply ▾

Memorandum of Points and Authorities in Reply BRIEF IN SUPPORT OF MOTION FOR JUDGMENT ON TH
PLEADING

Comment

BRIEF IN SUPPORT OF MOTION FOR JUDGMENT ON TH PLEADINGS

05/16/2022 Proof of Service by MAIL of ▾

Proof of Service by MAIL of REPLY BRIEF IN SUPPORT OF MOTION TO STRIKE, REPLY BRIEF IN SUPPORT OF DE

Comment

REPLY BRIEF IN SUPPORT OF MOTION TO STRIKE, REPLY BRIEF IN SUPPORT OF DEMURRER, AND REPLY BRIEF IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS

05/18/2022 Hearing on Demurrer ▾

Original Type

Hearing on Demurrer

~CIV Minute Order - Hearing on Demurrer 05/18/2022

Judicial Officer

Weiner, Marie S.

Hearing Time

2:00 PM

Result

Held

Parties Present▲

Plaintiff: LISA JO NOBLE, AS ADMINISTRATOR OF THE ESTATE OF DANIEL STRANGE, DECEASED

05/18/2022 Motion to Strike ▾

Original Type

Motion to Strike

~CIV Minute Order - Motion to Strike 05/18/2022

Judicial Officer

Weiner, Marie S.

Hearing Time

2:00 PM

Result

Held

Comment

PORTIONS OF VERIFIED COMPLAINT FOR DAMAGES

Parties Present▲

Plaintiff: LISA JO NOBLE, AS ADMINISTRATOR OF THE ESTATE OF DANIEL STRANGE, DECEASED

05/18/2022 Party appeared by audio and/or video

05/18/2022 Tentative ruling adopted and becomes order: ▾

Comment

DEFENDANT EYAD YASER ABDELJAWAD MOTION: 1) DEMURRER 2) MOTION FOR JUDGMENT ON THE PLEADINGS The Motion for Judgment on the Pleadings by Defendant Eyad Yaser Abdeljawad to the Complaint of Plaintiff Lisa Jo Noble, as Administrator of the Estate of Daniel Strange ("Plaintiff"), is DENIED as procedurally improper. Defendant's Demurrer to the Complaint is SUSTAINED WITH LEAVE TO AMEND as to the cause of action for breach of oral contract, and is otherwise OVERRULED. Defendant's Request for Judicial Notice is GRANTED as to Exhibits B, C, D, E, F and H. The Court may take judicial notice of the existence of judicial opinions and court documents, along with the truth of the results reached, in the documents such as orders, statements of decision, and judgments, but it cannot take judicial notice of the

truth of hearsay statements in decisions or court files, including pleadings, affidavits, testimony, or statements of fact. (Williams v. Wraxall (1995) 33 Cal.App.4th 120, 130, fn.7.) Defendant's Request for Judicial Notice of Exhibits A and G is DENIED, as Defendant has not established that the Court may properly take judicial notice of these documents. Plaintiff shall file and serve her First Amended Complaint on or before June 3, 2022. Although Defendant brings both a Demurrer and Motion for Judgment on the Pleadings together, the Court construes it solely as a Demurrer. A motion for judgment on the pleadings by a defendant may be made after defendant has filed an answer to the complaint and the time for the defendant to demur to the complaint has expired. (Code of Civ. Proc. ("C.C.P.") 438(f)(2).) Thus, Defendant cannot bring both a Demurrer and Motion for Judgment on the Pleadings at the same time. The Demurrer to the First Cause of Action for Legal Malpractice is OVERRULED based on failure to state facts sufficient to support this claim. Defendant fails to establish that this claim is barred by the one-year statute of limitations under Code of Civil Procedure section 340.6. Section 340.6 provides for tolling of the one-year statute of limitations during the time in which "[t]he attorney continues to represent the plaintiff regarding the specific subject matter in which the alleged wrongful act or omission occurred." (C.C.P. 340.6(a)(2).) The Complaint alleges that the attorney-client relationship terminated between Plaintiff and Defendant on March 25, 2020. (Complaint 67.) The Complaint was filed on March 3, 2021. As such, Defendant has not shown that this claim is time barred. (See Lockley v. Law Office of Cantrell, Green, Pekich, Cruz & McCort (2001) 91 Cal.App.4th 875, 881 [demurrer based on statute of limitations must appear clearly and affirmatively on the face of the complaint that the claim is necessarily barred].) Additionally, Plaintiff alleges facts sufficient to support all the elements of this legal malpractice claim. (See e.g., Complaint 73-77.) Demurrer to the Second Cause of Action for Breach of Oral Contract is SUSTAINED WITH LEAVE TO AMEND based on failure to allege facts sufficient to support this claim. The Complaint alleges that Plaintiff and Defendant entered into an oral contract in which Defendant agreed to provide Plaintiff with legal services in connection with Plaintiff's appointment as Administrator of the Estate. (Complaint 79.) Although Plaintiff then identifies seven claimed breaches (Complaint 80), none of these alleged breaches appear to pertain to the alleged contract, i.e. legal services in connection with appointing Plaintiff as Administrator of the Estate. Demurrer to the Third Cause of Action for Breach of Fiduciary Duty is OVERRULED based on failure to allege facts sufficient to support this claim. For the same reason as previously discussed with respect to the First Cause of Action, Defendant fails to show that this claim is barred by the one-year statute of limitations under Code of Civil Procedure section 340.6. Defendant also claims that he did not have a fiduciary relationship at all times because Plaintiff also signed a contingency fee agreement with National Recovery Solutions ("NRS"). However, the Complaint alleges that Defendant represented Plaintiff as her attorney. (Complaint 36-37.) The Complaint also alleges that at all pertinent times, Defendant, as attorney, was acting as a fiduciary of Plaintiff. (Complaint 84.) Furthermore, the relationship between an attorney and client is a fiduciary relationship. (Fair v. Bakhtiari (2011) 195 Cal.App.4th 1135, 1140.) Accordingly, the Complaint alleges facts sufficient to support a fiduciary relationship. Additionally, contrary to Defendant's argument, Plaintiff alleges facts sufficient to support Defendant breached the duty of care (see Complaint 85(a), (b)), and that Defendant's breach caused Plaintiff and the Estate to suffer damages (see Complaint 86). Demurrer to the entire Complaint on the basis of defect of parties is OVERRULED. Notably, Defendant asserts that Plaintiff failed to join a necessary and indispensable party, but never specifically identifies the party that should be joined. (See Defendant's Memorandum, p.13:1-17.) It appears that Defendant may be claiming that NRS should be joined as a party based on Defendant's reference to Exhibits C and F in the request for judicial notice. However, Defendant has not explained why NRS must be joined in this action based on the claims alleged by Plaintiff. A person is an indispensable party when the judgment to be rendered necessarily must affect his or her rights. (Olszewski v. Scripps Health (2003) 30 Cal.4th 798, 808.) Demurrer to the entire Complaint on the ground that there is another action pending between the same parties on the same cause of action is OVERRULED. Neither the Interpleader action filed by NRS nor Plaintiff's 850 Petition involve the same cause(s) of action as alleged in the Complaint here. (See Defendant's Request for Judicial Notice, Exhs. C, D and F.) If the tentative ruling is not contested, it shall become the order of the Court.

05/18/2022 Party appeared by audio and/or video

05/18/2022 Tentative ruling adopted and becomes order:  ▾

Comment

DEFENDANT ABDELJAWAD'S MOTION TO STRIKE PORTIONS OF VERIFIED COMPLAINT FOR DAMAGES Defendant's Motion to Strike Portions of the Complaint is DENIED. Procedurally, this Motion is improper as the basis for Defendant's Motion is evidentiary objections. (See Defendant's Separate Statement of Objections, Basis for Objection.) As with a demurrer, the grounds for a motion to strike must appear on the face of the pleading under attack, or from matter which the court may judicially notice. (See C.C.P. 437(a).)

Thus, these evidentiary objections are improper since the Court does not consider evidence on a motion to strike. To the extent that Defendant objects that Plaintiff makes improper legal conclusions though, a motion to strike may be used to attack legal conclusions in a pleading. (Weil & Brown, Cal. Prac. Guide: Civ. Proc. Before Trial (The Rutter Group) Ch. 7(I)-B, 7:179-7:181.) As such, the Court has considered Defendant's objections to paragraphs 57, 64 and 67 only on the ground of improper legal conclusion, but finds these objections to lack merit. If the tentative ruling is not contested, it shall become the order of the Court.

---

06/06/2022 First Amended Complaint ▾

First Amended Complaint

---

06/14/2022 Case Management Statement ▾

Case Management Statement

---

06/16/2022 Case Management Conference ▾

Original Type
Case Management Conference

~CIV Minute Order - Case Management Conference 06/16/2022

Judicial Officer
Halperin, Ernst A.

Hearing Time
9:00 AM

Result
Held

Parties Present▴
  Plaintiff

    Attorney: PROCHNOW, KENNETH H.

  Defendant

    Attorney: ABDELJAWAD, EYAD YASER

---

06/16/2022 Party appeared by audio and/or video

---

06/16/2022 Notice of Case Management Conference ▾

Notice of Case Management Conference - 8/29/22 at 9 AM

  Comment
  - 8/29/22 at 9 AM

---

06/23/2022 Request For Dismissal ▾

Request For Dismissal Without Prejudice AS TO SECOND CAUSE OF ACTION, FOR BREACH OF ORAL CONTRACT ON

  Comment
  Without Prejudice AS TO SECOND CAUSE OF ACTION, FOR BREACH OF ORAL CONTRACT ONLY

---

06/30/2022 Notice of Entry of Dismissal and Proof of Service ▾

Notice of Entry of Dismissal and Proof of Service

07/19/2022 Answer ▾

Answer to PLAINTIFF'S FIRST AMENDED COMPLAINT

Comment
to PLAINTIFF'S FIRST AMENDED COMPLAINT

08/29/2022 Case Management Conference ▾

Judicial Officer
Halperin, Ernst A.

Hearing Time
9:00 AM

## Financial

LISA JO NOBLE, AS ADMINISTRATOR OF THE ESTATE OF DANIEL STRANGE, DECEASED

| | | | | |
|---|---|---|---|---|
| Total Financial Assessment | | | | $435.00 |
| Total Payments and Credits | | | | $435.00 |
| 3/3/2021 | Transaction Assessment | | | $435.00 |
| 3/3/2021 | eFile Online Payment | Receipt # 2021-008272-HOJ | Noble, Lisa Jo | ($435.00) |

Abdeljawad, Eyad Yaser

| | | | | |
|---|---|---|---|---|
| Total Financial Assessment | | | | $555.00 |
| Total Payments and Credits | | | | $555.00 |
| 3/18/2022 | Transaction Assessment | | | $555.00 |
| 3/18/2022 | eFile Online Payment | Receipt # 2022-010559-HOJ | Abdeljawad, Eyad Yaser | ($555.00) |

## Documents

Civil Case Cover Sheet

Summons Issued / Filed

Complaint

Notice of Assignment for All Purposes

CMC - Not at issue - no service/default/answer.

CMC Order Continue - Not Yet at Issue

CMC - Not at issue - no service/default/answer.

CMC Order Continue - Not Yet at Issue

CMC - Not at issue - no service/default/answer.

CMC Order Continue - Not Yet at Issue

Proof of Service by PERSONAL SERVICE of COMPLAINT; SUMMONS; NOTICE OF CONTINUED CMC

Demurrer to Complaint

Motion to Strike PORTIONS OF VERIFIED COMPLAINT FOR DAMAGES

Request for Judicial Notice

Separate Statement OF OBJECTIONS TO PLAINTIFF'S VERIFIED COMPLAINT

Declaration in Support OF GOOD FAITH MEET AND CONFER

Notice of Case Management Conference 6/16/2022 at 9:00 a.m.

Proof of Service by MAIL of MOTION TO STRIKE PORTIONS OF COMPLAINT;ETC...

Notice of Related Case CASE NUMBER: 19-PRO-00643

Memorandum of Points and Authorities in Opposition TO DEFENDANT'S DEMURRER TO"VERIFIED COMPLAINT FOR

Memorandum of Points and Authorities in Opposition TO DEFENDANT'S MOTION TO STRIKE

Memorandum of Points and Authorities in Opposition TO DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADIN

Memorandum of Points and Authorities in Reply AND OBJECTION TO "DEFENDANT'S SEPARATE STATEMENT OF OB

Memorandum of Points and Authorities in Reply AND OBJECTION TO DEFENDANT REQUEST FOR JUDICIAL NOTICE

Proposed Order Received OVERRULING DEMURRER TO VERIFIED COMPLAINT FOR (1) LEGAL MALPRACTICE, (2) BRE

Proposed Order Received DENYING MOTION TO STRIKE PORTIONS OF COMPLAINT

Proof of Service by MAIL of PLAINTIFF'S OPPOSITION TO DEMURRER TO COMPLAINT;ETC...

Memorandum of Points and Authorities in Reply BRIEF IN SUPPORT OF MOTION OF DEFENDANT TO STRIKE PORT

Memorandum of Points and Authorities in Reply BRIEF IN SUPPORT OF DEMURRER

Memorandum of Points and Authorities in Reply BRIEF IN SUPPORT OF MOTION FOR JUDGMENT ON TH PLEADING

Proof of Service by MAIL of REPLY BRIEF IN SUPPORT OF MOTION TO STRIKE, REPLY BRIEF IN SUPPORT OF DE

~CIV Minute Order - Hearing on Demurrer 05/18/2022

~CIV Minute Order - Motion to Strike 05/18/2022

First Amended Complaint

Case Management Statement

~CIV Minute Order - Case Management Conference 06/16/2022

Notice of Case Management Conference - 8/29/22 at 9 AM

Request For Dismissal Without Prejudice AS TO SECOND CAUSE OF ACTION, FOR BREACH OF ORAL CONTRACT ON

Notice of Entry of Dismissal and Proof of Service

# EXHIBIT F

Kenneth H. Prochnow, SBN 112983
Law Offices of Kenneth H. Prochnow
1771 Woodside Road, Suite 2
Redwood City, CA 94061
Tel: (650) 812-0400
Fax: (650) 812-0404

Attorneys for Petitioner Lisa Jo Noble,
Administrator of the Estate of Daniel Strange

Electronically
**FILED**
by Superior Court of California, County of San Mateo
ON     6/6/2022
By_____/s/ Maria Coronel_____
Deputy Clerk

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## IN AND FOR THE COUNTY OF SAN MATEO

|  |  |
|---|---|
| LISA JO NOBLE, as Administrator of the Estate of Daniel Strange, Deceased,<br><br>Plaintiff,<br><br>vs.<br><br>EYAD YASER ABDELJAWAD, and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No.: 21-CIV-01037<br><br>**FIRST AMENDED COMPLAINT FOR LEGAL MALPRACTICE and BREACH OF FIDUCIARY DUTY.** |

Plaintiff Lisa Jo Noble, as administrator of the estate of Daniel Strange, hereby complains and alleges as follows:

1.    Plaintiff Lisa Jo Noble ("Administrator Noble") is the duly appointed and acting administrator of the Estate of Daniel Strange, San Mateo County Superior Court No. 19-PRO-00643 (the "Estate"), having been appointed administrator pursuant to an Order for Probate entered by this Court in the Estate probate on July 11, 2019, with letter of administration issuing from the Clerk of this Court on that same date.

2.    Defendant Eyad Yaser Abdeljawad (hereinafter referred to as Defendant Attorney) upon information and belief, is now, and at all times mentioned herein was, an individual, and a licensed attorney at law doing business in the County of Santa Barbara, State

of California. Defendant Attorney at all pertinent times between May 22, 2019 and March 21, 2020, was the attorney of record for Administrator Noble.

3. This court is the proper court for trial in this action in that all legal services provided to Administrator Noble or undertaken by Defendant Attorney were in relation to her performance of her duties as Administrator of the Estate, which is being probated in San Mateo County.

4. Plaintiff is unaware of the true names or capacities, whether they are individuals or business entities, of Defendant DOES 1 through 100 inclusive, and therefore sues them by such fictitious names and will seek leave of this Court to insert true names and capacities once they have been ascertained.

5. At all times mentioned herein, Defendant, and each of them, inclusive of DOES 1 through 100, were authorized and empowered by each other to act, and did so act, as agents of each other, and all of the things herein alleged to have been done by them were done in the capacity of such agency. Upon information and belief, all Defendants are responsible in some manner for the events described herein and are liable to Plaintiff for the damages she has incurred.

6. Administrator Noble is a sister of the decedent Daniel Strange ("Decedent Strange"), who died on December 12, 2010.

7. Decedent Strange died intestate.

8. At the time of Decedent Strange's death in 2010, he was married to Gaye Dotson ("Surviving Spouse Dotson").

9. At the time of Decedent Strange's death in 2010, he owned a residence located at 432 Waverly Street, Menlo Park, CA 94025 (the "Menlo Park Residence").

10. The Menlo Park Residence was at all pertinent times Decedent Strange's separate property; Surviving Spouse Dotson neither has nor had any community property interest therein.

11. The Menlo Park Residence was at all pertinent times an asset of the Estate.

12. Decedent Strange had no children.

13.     Decedent Strange's parents predeceased him.

14.     Decedent Strange was survived by three siblings—Administrator Noble, Christopher B. Strange and Tina Michele Britt (collectively, "Decedent's Siblings").

15.     Under the intestate succession laws of this State [Probate Code §§ 6401(c)(2)(B); 6402(c)], the intestate heirs to Decedent's Estate are Surviving Spouse Dotson and Decedent's Siblings (including Administrator Noble).

16.     At the time of Decedent's death in 2010, Decedent Strange's Menlo Park Residence was encumbered by a mortgage.

17.     Upon information and belief, following Decedent's death in 2010, the Menlo Park Residence, an asset of the Estate, was rented out to a third party or parties, whose identities are unknown to Administrator Noble at this writing.

18.     Upon information and belief, following Decedent's death in 2010 the net rental income from the Menlo Park Residence, an asset of the Estate, was paid out not to or for the Estate, but rather to Surviving Spouse Dotson, without regard to rights of the Estate to such income and assets.

19.     Upon information and belief, despite Surviving Spouse Dotson's receipt of the rental income from the Menlo Park Residence, Surviving Spouse Dotson failed to make mortgage payments to the lender holding the mortgage to the Menlo Park Residence.

20.     Upon information and belief, in the absence of mortgage payments to the Menlo Park Residence mortgagee, the mortgagee declared the Menlo Park Residence loan to be in default.

21.     Pursuant to a duly issued notice of default and notice of sale, the Menlo Park Residence was foreclosed, with the trustee's sale occurring on January 10, 2019.

22.     The January 10, 2019, foreclosure sale netted a surplus above and beyond the amount needed to satisfy all claims of the mortgagee at foreclosure; such "Surplus Foreclosure Sale Proceeds" from the foreclosure sale of the Menlo Park Residence totaled **$1,487,688.10**.

23.     Following the foreclosure sale, the $1,487,688.10 in Surplus Foreclosure Sale Proceeds were held and retained by a third party, Affinia Default Services, LLC ("Affinia").

24. At some point after January 10, 2019, an individual or individuals doing business as National Recovery Solutions ("NRS") became aware of the $1,487,688.10 in Surplus Foreclosure Sale Proceeds held by Affinia.

25. Upon information and belief, Defendant Attorney then represented NRS or worked for NRS in some compensated capacity.

26. Acting for NRS, Defendant Attorney contacted Administrator Noble (in her individual capacity, prior to her appointment as Administrator by this Court) and, upon information and belief, contacted the other two of Decedent's Siblings, offering on behalf of NRS to obtain for each a share of the Surplus Foreclosure Sale Proceeds in exchange for payment to NRS of a commission or finder's fee.

27. In communicating the offer to obtain shares of the Surplus Foreclosure Sale Proceeds for Decedent Strange's Relatives, Defendant represented NRS.

28. Administrator Noble, a Texas resident unfamiliar with California probate law or procedure, and without benefit of counsel, received, executed and returned two documents sent to her by Defendant Attorney.

29. The first document is a "Client Contingency Fee Agreement," a true and correct copy of which as signed on April 22, 2019 by Administrator Noble is attached as Exhibit 1A hereto and incorporated by this reference, and a true and correct copy of which in unsigned and more legible form is attached as Exhibit 1B hereto and incorporated by this reference.

30. The second document is a "Statement of Authorization To Represent As Attorney," a true and correct copy of which as signed on April 22, 2019 by Administrator Noble is attached as Exhibit 2A hereto and incorporated by this reference, and a true and correct copy of which in unsigned and more legible form is attached as Exhibit 2B hereto and incorporated by this reference.

31. By these two April 22, 2019 documents, Administrator Noble agreed as an individual to pay to NRS a portion of the Surplus Foreclosure Sale Proceeds recovered for her by NRS; NRS in turn agreed to perform required legal services, presumably through Defendant Attorney.

32.     Upon information and belief, forms similar or identical to the foregoing Client Contingency Fee Agreement and the Statement of Authorization To Represent As Attorney were signed by the other two Decedent's Relatives.

33.     Upon information and belief, NRS was unable to contact or to reach agreement with Surviving Spouse Dotson as to any right or entitlement of NRS to act on Surviving Spouse Dotson's behalf, to receive or to hold funds for her, or to gain entitlement to any commission or finder's fee with respect to funds obtained through the efforts of NRS for Surviving Spouse Dotson.

34.     Upon information and belief, despite obtaining signatures on Exhibits 1A and 2A from Administrator Noble and similar authorization from the other of Decedent's Relatives, Affinia refused to turn over to NRS all or any part of the Surplus Foreclosure Sale Proceeds.

35.     Upon information and belief, Affinia refused to turn over any of the Surplus Foreclosure Sale Proceeds except to a duly authorized administrator of Decedent Strange's Estate.

36.     Accordingly, in the absence of such a duly appointed administrator, Defendant Attorney advised Administrator Noble that an Estate administrator was needed, that she would serve as that administrator, and that he (Defendant Attorney) would prepare the necessary papers to gain her appointment as administrator from this Court, and that he would represent her as her attorney.

37.     On May 22, 2019, Defendant Attorney, now acting as counsel for Administrator Noble as the prospective "Executor" for the Estate, filed a petition for probate and related papers with this Court.

38.     At no time prior to filing the petition for probate on Administrator Noble's behalf did Defendant Attorney prepare, negotiate, or obtain a legal services agreement with Administrator Noble, spelling out the terms and conditions of his representation of her as "Executor" of a $1,487,855 Estate.

39.     In proceeding with Administrator Noble's representation without a legal services agreement, Defendant Attorney:

(a) failed to advise Administrator Noble of the purpose and scope of his representation;

(b) failed to obtain agreement as to his compensation (attorneys for administrators are bound by California law to be compensated not by hourly rate or contingent fees, but through provision for "ordinary" and "extraordinary" attorney's fees payable only following application to and order from the Probate Court);

(c) failed to disclose the conflict of interest inherent in working for and/or representing NRS (and previously arranging finder's fee compensation for NRS) and then assuming representation of Administrator Noble, who owes and is owed contractual duties to his pre-existing client NRS; and

(d) failed to obtain a waiver from Administrator Noble of such undisclosed conflict of interest.

40. Defendant Attorney's Petition for Probate filed on Administrator Noble's behalf came duly on for hearing on July 11, 2019; in the absence of opposition or any appearance, the Petition for Probate was granted by this Court on that date.

41. A true and correct copy of this Court's July 11, 2019 Order for Probate is attached as Exhibit 3 hereto and is incorporated by this reference.

42. Defendant Attorney then caused Letters of Administration to issue; a true and correct copy of this Court's July 11, 2019 Letters of Administration is attached as Exhibit 4 hereto and is incorporated by this reference.

43. As of July 11, 2019, and to the date of this writing, Administrator Noble, and no other, has been duly authorized to administer the Estate, marshaling its assets.

44. Upon information and belief, with Estate administration in place, Affinia arranged for its transfer of the Surplus Foreclosure Sale Proceeds that it had held since January 10, 2019, through preparation of a bank check, drawn from the client trust account of its California counsel (the law firm "McCalla Raymer Leibert Pierce LLP") in the amount of the Surplus Foreclosure Sale Proceeds, $1,487,688.10.

45. A true and correct copy of McCalla Raymer Leibert Pierce trust account check no. 2244, dated July 23, 2019, and payable to the order of "Lisa Jo Noble, Administrator of the

Estate of Daniel Strange" in the amount of $1,487,688.10 (the "Affinia Proceeds Check"), is attached as Exhibit 5 hereto and incorporated by this reference.

46. Upon information and belief, the Affinia Proceeds Check was delivered to Defendant Attorney.

47. Defendant Attorney never delivered the Affinia Proceeds Check to Administrator Noble.

48. Defendant Attorney made no effort to deliver the Affinia Proceeds Check to Administrator Noble.

49. The Affinia Proceeds Check was never cashed or otherwise negotiated by Administrator Noble.

50. Upon information and belief, after the Affinia Proceeds Check was issued on July 23, 2019, it was received by NRS.

51. NRS at no time delivered or attempted to deliver the Affinia Proceeds Check to Administrator Noble.

52. Upon information and belief, instead of delivering the Affinia Proceeds Check to Administrator Noble, NRS and Defendant Attorney spent months after July 2019 attempting to cash or otherwise negotiate the Affinia Proceeds Check for their own use and purposes.

53. Upon information and belief, NRS and Defendant Attorney encountered substantial difficulties and lengthy delay in negotiating the Affinia Proceeds Check (drawn to the order of Administrator Noble in her capacity as Administrator of the Estate) for their own use and purposes.

54. In or about December 2019, NRS and Defendant Attorney were successful in negotiating the Affinia Proceeds Check for their own use and purposes, upon information and belief depositing the entirety of the $1,487,688.10 into a bank account in the name of an individual doing business as NRS.

55. With the Estate's $1,487,688.10 in hand from their negotiation of the Affinia Proceeds Check, NRS refused to turn over this Estate asset to Administrator Noble.

56.     Acting through Defendant Attorney—who was then still Administrator Noble's attorney before this Court—NRS demanded that Administrator Noble authorize NRS to turn over, from the Estate assets that NRS now wrongfully held, the supposed surviving spouse's intestate share of the Estate due to Surviving Spouse Dotson.

57.     Administrator Noble, believing that it was improper to make payments to Estate beneficiaries without court approval, and without evidence that Surviving Spouse Dotson had any contractual arrangement with the NRS Respondents entitling them to any portion of assets belonging to the Estate, insisted that all of the $1,487,688.10 held by the NRS Respondents be turned over to her as an Estate asset.

58.     NRS has turned over only a portion of the Estate asset of $1,487,688.10 that it obtained by cashing the Affinia Proceeds Check.

59.     Specifically-

(a) on February 3, 2020, NRS caused its check no. 1338 to be drawn from a National Recovery Solutions Account payable to "Lisa J. Noble for Estate of Daniel Strange" in the amount of $138,000, with that check subsequently delivered to and negotiated by Administrator Noble;

(b) on February 7, 2020, NRS caused a wire transfer of $62,000 to be made to Administrator Noble's Estate account; and

(c) on February 14, 2020, NRS caused a Chase Bank check to be drawn, made payable to "Lisa J Noble Estate of Daniel Strange" in the amount of $482,620.83, with that check transmitted to Administrator Noble.

60.     Administrator Noble received these two checks and the wire transfer in her capacity of Estate Administrator; she deposited the three above-referenced sums, **totaling $682,620.83**, in a duly established Estate account, where such total, less expenses of administration and a Court-authorized preliminary distribution, continues to be held for the Estate.

61.     NRS' transfer of $682,620.83 to Administrator Noble from the Estate funds held by NRS that totaled $1,487,688.10, left NRS in possession of $805,067.30 in Estate funds, withheld from the Estate without authorization from this Court.

62.     Upon information and belief, NRS has transferred none of the funds it and Defendant Attorney contend belong to Surviving Spouse Dotson, to Surviving Spouse Dotson.

63.     On February 24, 2020, NRS filed a civil interpleader action with this Court. A true and correct copy of Respondent NRS' February 24, 2020 "Plaintiff Complaint for Interpleader per CCP Sec. 386(B)" (the "NRS Interpleader Complaint") is attached as Exhibit 6 hereto and incorporated by this reference.

64.     Upon information and belief, the NRS Interpleader Complaint was drafted by Defendant Attorney for NRS' use, contrary to his duty of loyalty to his client Administrator Noble.

65.     NRS filed its complaint in the NRS Interpleader Complaint civil action in pro per, and has only recently retained counsel in that matter..

66.     On March 25, 2020—after the NRS Interpleader Complaint was filed with this Court against Administrator Noble—Administrator Noble secured Defendant Attorney's withdrawal as her counsel, substituting her present counsel for Respondent Abdeljawad in the Estate's probate pending before this Court, No. 19-PRO-00643.

67.     The complaint in this action was filed within one year of March 25, 2020, the date that the attorney-client relationship between Administrator Noble and Defendant Attorney terminated.

68.     Administrator Noble's present counsel obtained copies of the front and back of the Affinia Proceeds Check (see Exhibit 5 hereto) from the McCalla Raymer Leibert Pierce law firm. A true and correct copy of the front and back of the Affinia Proceeds Check drawn on the McCalla Raymer Leibert Pierce trust account is attached as Exhibit 7 hereto and is incorporated by this reference.

69.     Although the Affinia Proceeds Check is drawn to the order of "Lisa Jo Noble, Administrator of the Estate of Daniel Strange," the endorsement on the back of the Affinia Proceeds Check (Exhibit 7 hereto) bears only an individual's signature.

70.     Administrator Noble has at no time signed, endorsed or negotiated the Affinia Proceeds Check.

71.     The endorsement that appears on the back of the Affinia Proceeds Check (Exhibit 7 hereto) is not Administrator Noble's signature: it is a forgery.

### FIRST CAUSE OF ACTION

### PROFESSIONAL NEGLIGENCE AS AGAINST DEFENDANT ATTORNEY

72.      Administrator Noble repeats, repleads and realleges each and every allegation set forth in  paragraphs 1 through 71 inclusive, of this complaint.

73.     On or about May 22, 2019, Defendant Attorney commenced to act as Administrator Noble's attorney by representing Administrator Noble in filing papers with this Court nominating Administrator Noble as the proposed "Executor" of the Estate.

74.     In undertaking and agreeing to carry out such representation of Administrator Noble, Defendant Attorney had a duty to use such skill, prudence, and diligence as other members of his profession commonly possess and exercise in representing administrators.

75.     Defendant Attorney breached his duties to Administrator Noble as follows: (a) as of May 22, 2019, and continuously thereafter to and through the termination of his engagement as attorney for Administrator Noble on or about March 25, 2020, by agreeing to provide and by continuing to provide legal services to Administrator Noble, providing services reasonably contemplated to exceed $1,000 in value, without a written legal services agreement agreed to and signed by Administrator Noble, with such legal services agreement describing, among other things, the purpose and scope of Defendant Attorney's contemplated legal services; the compensation Defendant Attorney would receive for providing such services (attorneys for administrators are bound by California law to be compensated not by hourly rate or contingent fees, but through provision for "ordinary" and "extraordinary" attorney's fees payable only following application to and order from the Probate Court); and the conflict of interest inherent in Defendant Attorney's working for and/or representing NRS (and previously arranging finder's fee compensation for NRS from Administrator Noble) while undertaking representation of Administrator Noble, who owes duties to the Estate as its Administrator in addition to whatever contractual obligations she may have assumed to NRS;

(b) as of May 22, 2019, and continuously thereafter to and through the termination of his

engagement as attorney for Administrator Noble on or about March 25, 2020, by failing to obtain Administrator Noble's waiver of the above-described conflict of interest and her informed consent to Defendant Attorney's continued representation of NRS in conflict with the duties he owed to Administrator Noble as her attorney before this Court;

(c) as of May 22, 2019, and continuously thereafter to and through the termination of his engagement as attorney for Defendant Noble on or about March 25, 2020, by failing to advise Administrator Noble of her duties to marshal the Estate asset that was and is the Surplus Foreclosure Sale Proceeds from the Menlo Park Residence, in the amount of $1,487,688.10;

(d) as of May 22, 2019, and continuously thereafter to and through the termination of his engagement as attorney for Defendant Noble on or about March 25, 2020, by failing to assist Administrator Noble in recovering the Surplus Foreclosure Sale Proceeds for the Estate;

(e) as of May 22, 2019, and continuously thereafter to and through the termination of his engagement as attorney for Defendant Noble on or about March 25, 2020, upon information and belief in receiving the Affinia Proceeds Check (payable to "Lisa Jo Noble [Administrator Noble], Administrator of the Estate of Daniel Strange," and then failing at any time to deliver the Affinia Proceeds Check to Administrator Noble for her to negotiate such check for benefit of the Estate;

(f) as of May 22, 2019, and continuously thereafter to and through the termination of his engagement as attorney for Defendant Noble on or about March 25, 2020, upon information and belief in negotiating (or in assisting NRS in the negotiation of) the Affinia Proceeds Check for the benefit of NRS, resulting in $1,487,688.10 in Estate funds being intercepted by NRS and deposited in an NRS account for its benefit; and

(g) as of May 22, 2019, and continuously thereafter to and through the termination of his engagement as attorney for Defendant Noble on or about March 25, 2020, upon information and belief in allowing NRS to retain $805,067.30 in Estate funds from the $1,487,688.10 Affinia Proceeds Check, the proceeds of which belong to the Estate in its entirety.

76. But for the professional negligence of Defendant Attorney, Administrator Noble would not have been damaged, as she would have received and negotiated the Affinia Proceeds

Check for the benefit and as an asset of the Estate, resulting in the Estate holding funds totaling $1,487,688.10, rather than the $682,620.83 eventually received from NRS.

77. As a proximate result of the professional negligence of Defendant Attorney, Administrator Noble and the Estate have been damaged in the amount of $805,067.30, plus interest thereon according to proof.

WHEREFORE, Administrator Noble prays judgment as set forth below.

## SECOND CAUSE OF ACTION – DISMISSED WITHOUT PREJUDICE WITH NO ACTION OR RECOVERY THEREON

Paragraphs 78 – 82 are intentionally left blank.

## THIRD CAUSE OF ACTION

## BREACH OF FIDUCIARY DUTY AS AGAINST ALL DEFENDANTS

83. Plaintiff repeats, repleads and realleges each and every allegation set forth in paragraphs 1 through 77 inclusive of this complaint as though set forth herein.

84. At all pertinent times, Defendant Attorney was acting as a fiduciary of Administrator Noble.

85. Defendant Attorney breached the fiduciary duties he owed to Administrator Noble:

(a) as of May 22, 2019, and continuously thereafter to and through the termination of his engagement as attorney for Administrator Noble on or about March 25, 2020, by failing to reduce his agreement with Administrator Noble to writing and obtaining her written execution of such writing, thereby failing to specify the duties he would assume and perform;

(b) as of May 22, 2019, and continuously thereafter to and through the termination of his engagement as attorney for Administrator Noble on or about March 25, 2020, by failing to obtain Administrator Noble's written waiver of the above-referenced conflict of interest and her informed consent to Defendant Attorney's continued representation of NRS in conflict with the duties he owed to Administrator Noble as her attorney before this Court, thereby violating his duty of loyalty to Administrator Noble and to her alone as his client in connection with the Estate and its assets;

(c) as of May 22, 2019, and continuously thereafter to and through the termination of his engagement as attorney for Defendant Noble on or about March 25, 2020, by failing to advise Administrator Noble of her duties to marshal the Estate asset that was and is the Surplus Foreclosure Sale Proceeds from the Menlo Park Residence, in the amount of $1,487,688.10;

(d) as of May 22, 2019, and continuously thereafter to and through the termination of his engagement as attorney for Defendant Noble on or about March 25, 2020, by failing to assist Administrator Noble in recovering the Surplus Foreclosure Sale Proceeds for the Estate, thereby putting his allegiance to his affiliate and earlier represented party NRS above and ahead of his duties to Administrator Noble;

(e) as of May 22, 2019, and continuously thereafter to and through the termination of his engagement as attorney for Defendant Noble on or about March 25, 2020, upon information and belief in receiving the Affinia Proceeds Check (payable to "Lisa Jo Noble [Administrator Noble], Administrator of the Estate of Daniel Strange,") and then failing at any time to deliver the Affinia Proceeds Check to Administrator Noble for her to negotiate such check for benefit of the Estate; thereby failing to secure Estate assets for the benefit of the Estate and Administrator Noble as Estate administrator;

(f) as of May 22, 2019, and continuously thereafter to and through the termination of his engagement as attorney for Defendant Noble on or about March 25, 2020, upon information and belief in negotiating (or in assisting NRS in the negotiation of) the Affinia Proceeds Check for the benefit of NRS, resulting in $1,487,688.10 in Estate funds being intercepted by NRS and deposited in an NRS account for its benefit; thereby permitting Estate assets to pass to and to be retained by a third party, resulting in harm to the Estate; and

(g) as of May 22, 2019, and continuously thereafter to and through the termination of his engagement as attorney for Defendant Noble on or about March 25, 2020, upon information and belief in allowing NRS to retain $805,067.30 in Estate funds from the $1,487,688.10 Affinia Proceeds Check, the proceeds of which belong to the Estate in its entirety.

86.     As a proximate result of Defendant Attorney's breached of fiduciary duty, Administrator Noble and the Estate have been damaged in the amount of $805,067.30, plus

interest thereon according to proof.

WHEREFORE Administrator Noble prays judgment as follows:

**FIRST CAUSE OF ACTION**

On Administrator Noble's first cause of action, for professional negligence:

1.      For damages in the amount of $805,067.30, together with interest thereon at the legal rate, according to proof at time of trial;

2.      For costs of suit herein incurred, and

3.      For such other and further relief as the Court deems just and proper.

**SECOND CAUSE OF ACTION**

Administrator Noble has dismissed her second cause of action and seeks no recovery or relief on such cause of action.

**THIRD CAUSE OF ACTION**

On Administrator Noble's third cause of action, for breach of fiduciary duty:

1.      For damages in the amount of $805,067.30, together with interest thereon at the legal rate, according to proof at time of trial;

2.      For costs of suit herein incurred, and

3.      For such other and further relief as the Court deems just and proper.

Dated:  June 6, 2022                              LAW OFFICES OF KENNETH H. PROCHNOW

By: _____
                                      Kenneth H. Prochnow. Attorneys for
                                      Plaintiff Lisa Jo Noble. Administrator of
                                      the Estate of Daniel Strange

FIRST AMENDED COMPLAINT FOR LEGAL MALPRACTICE, etc.    ***Page 14***
Lisa Jo Noble, Administrator of the Estate of Daniel Strange v. Eyad Yaser Abdeljawad
San Mateo Cty Sup. Ct. No. 21-CIV-01037           {2806/04/00065892.DOCX}

# EXHIBIT 1A

# CLIENT CONTINGENCY FEE AGREEMENT

**THIS CONTINGENCY FEE AGREEMENT** ("Agreement") is entered into on the earliest date shown below by and between NATIONAL RECOVERY SOLUTIONS (NRS) and LISA JO NOBLE, SUCCESSOR IN INTEREST TO THE ESTATE OF THE DEFEASED, DANIEL STRANGE. By entering into this Agreement the parties do hereby agree that NRS will provide services to client on the terms set forth below. This signed Agreement must be received to commence representation on any matter. The Parties agree that NRS may retain any 3rd party contractor to assist with any portion of services from NRS.

**1. SCOPE OF SERVICES.** Client hires NRS to provide services and will take reasonable steps to keep Client informed. [...] for a successful force and effort by or on behalf of the legal representative of the decedent or the recovery of the lost and deprived monetary value caused by the foreclosure, recovery of any proceeds of sale [...] Invoice Sale Number 9449-64 [...] at 451 WAVERLEY ST MENLO PARK, CA 94025 sold on 2019-03-06. NRS will provide necessary documents to the trustee, or trustee's legal representative, submit written claims if necessary, retain attorneys on behalf of client in order to participate in an interpleader action, file petitions to determine distribution or any other proceeding should that become any.

**2. DUTIES OF NATIONAL RECOVERY SOLUTIONS.** NRS shall provide the legal services reasonably required to represent Client in the matter described in paragraph 1 of this agreement. NRS will take reasonable steps to keep Client informed of progress and significant developments and to respond to client's inquiries. Client agrees to be truthful with NRS to cooperate, to keep NRS informed of any information or developments which may come to Client's attention to abide by this Agreement to keep NRS advised of Client's address telephone number and whereabouts. Client will assist NRS in providing necessary information and documents and will appear when necessary at legal proceedings.

**3. CONTINGENCY FEE.** The fee for recovery shall be equal to and shall in no event exceed under any circumstances to 30% of the total funds or benefits recovered. The funds shall be deposited into Attorney IOLTA TRUST ACCOUNT and will immediately be disbursed to Client, less the agreed upon fees. No upfront fees shall be charged. In the event there are no funds recovered, NRS shall collect NO fees.

**4. DISCHARGE AND WITHDRAWAL.** Client may discharge NRS at any time. NRS may withdraw with client's consent or for good cause. When NRS services conclude or if NRS is dismissed before surplus recovery, all unpaid fees and the amount of preparation done at the time NRS spends on the matter will immediately become due and payable only if surplus proceeds are recovered from or writeoffs. If Client withdraws no fees will be owed unless the conclusion of services is finished.

**5. DISCLAIMER OF GUARANTEE AND ESTIMATES.** Nothing in this agreement and nothing in NRS statements to Client will be construed as a promise or guarantee about the outcome of their matter NRS makes no such promises or guarantees. If in the event of a change or acquisition of NRS of contracts are still legal and binding and attorney agreement to the title will stay on file.

**6. TERMINATION OR CONCLUSION.** Upon the conclusion of NRS' services all unpaid charges for services rendered and costs incurred at a reduced through the termination or conclusion date shall become immediately due and payable. NRS acknowledged upon the obligation, upon client's demand, to deliver client's file to Client at or after the termination or conclusion of NRS services. NRS shall only be obligated to keep clients files for a period of two (2) years after the termination or conclusion of NRS' services in this matter. Thereafter, NRS is authorized to discard or destroy any material files held by NRS.

**7. LIEN.** Client hereby grants a lien on any or all claims recovered of each that are subject of this contract for any sums due or owing at the conclusion of our services. The lien will attach to any recovery Client may obtain, whether by judgment, settlement or otherwise. NRS shall be entitled to the portion of the contingency fee earned relative to the time spent on any matter to be determined by NRS and all parties shall be notified thereto.

By signing of this agreement pursuant to paragraph 1-7 and agreed to all terms and conditions set forth.

Signature of Client _____ Date 04-22-19

Print Name LISA Jo Noble

# EXHIBIT 1B



# CLIENT CONTINGENCY FEE AGREEMENT

*THIS CONTINGENCY FEE AGREEMENT* (Agreement) is entered into on the earliest date shown below by and between **NATIONAL RECOVERY SOLUTIONS** (NRS) and LISA JO NOBLE, SUCCESSOR IN INTEREST TO THE ESTATE OF THE DECEASED, DANIEL STRANGE. By entering into this Agreement, the parties do hereby agree that NRS will provide services to client on the terms set forth below. This signed Agreement must be received to commence representation on any matter. The Parties agree that NRS may retain any 3rd party company to assist with any portion of services from NRS.

*1. SCOPE OF SERVICES.* Client hires NRS to provide services and will take reasonable steps to: keep Client in the home for as many days as possible, for possible removal of all foreclosure activity against Client's record, to investigate an action for wrongful foreclosure (leading to an action that may lead to a rescission of the sale and/or the recovery of the lost and deprived monetary value caused by the foreclosure), recovery of any proceeds of sale from the Trustee Sale Number 9448-6431 of the property located at 432 WAVERLEY ST MENLO PARK, CA 94025 sold on 2019-01-10. NRS will provide necessary documents to the trustee, or trustee's legal representative, submit written claims, if necessary, retain attorneys on behalf of client in order to participate in an interpleader action, file petitions to determine succession, or any other proceeding should that be necessary.

*2. DUTIES OF NATIONAL RECOVERY SOLUTIONS.* NRS shall provide those legal services reasonably required to represent Client in the matter described in paragraph 1 of this agreement NRS will take reasonable steps to keep Client informed of progress and significant developments and to respond to client's inquiries. Client agrees to be truthful with NRS to cooperate, to keep NRS informed of any information or developments which may come to Client's attention, to abide by this Agreement, and to keep NRS advised of Client's address telephone number and whereabouts.Client will assist NRS in providing necessary information and documents and will appear when necessary at legal proceedings.

*3.CONTINGENCY FEE.* The fee for recovery shall be equal to and shall not exceed under any circumstances to 7% of the total funds or proceeds recovered. The funds shall be deposited into Attorney IOLTA TRUST ACCOUNT and will immediately be disbursed to Client, less the agreed upon fees. No upfront fees shall be charged. In the event there are no funds recovered, NRS shall collect NO fees.

*4.DISCHARGE AND WITHDRAWAL* Client may discharge NRS at any time NRS may withdraw with client's consent or for good cause. When NRS services conclude or if NRS is dismissed before surplus recovery, all unpaid fees and the commission proportionate to the time NRS spends on the matter will immediately become due and payable only if surplus proceeds are recovered from our efforts. If Client withdraws no fees will be owed unless the conclusion of our work is finished.

*5.DISCLAIMER OF GUARANTEE AND ESTIMATES.* Nothing in this agreement and nothing in NRS statements to Client will be constructed as a promise or guarantee about the outcome of the matter. NRS makes no such promises or guarantees. If in the event of a merger or acquisitions of NRS all contracts are still legal and binding and attorney appointed to the file will stay on file.

*6.TERMINATION OR CONCLUSION.* Upon the conclusion of NRS' services,all unpaid charges for services rendered and costs incurred or advanced through the termination or conclusion date shall become immediately due and payable. NRS acknowledgement the obligation, upon Client's demand, to deliver client's file to Client at or after the termination or conclusion of NRS services.. NRS shall only be obligated to keep clients files for a period of two (2) years after the termination or conclusion of NRS' services in this matter. Thereafter, NRS is authorized to discard or destroy any materials held by NRS

*7.LIEN* Client hereby grants a lien on any and all claims or cause of action that are subject of this contract for any sums due and owing at the conclusion of our services. The lien will attach to any recovery Client may obtain, whether by judgment, settlement or otherwise. NRS shall be entitled to the portion of the contingency fee earned relative to the time spent on any matter to be determined by NRS and all parties shall be notified thereto.

By signing of this agreement you understand paragraphs 1-7 and agreed to all terms and conditions set forth.

Signature of Client _____     Date _____

Print Name:_____

# EXHIBIT 2A

## STATEMENT OF AUTHORIZATION TO REPRESENT AS ATTORNEY

**ATTN: AFFINIA DEFAULT SERVICES LLC**
**CLIENT(S): LISA JO NOBLE, SUCCESSOR IN INTEREST TO THE ESTATE OF THE**
**DECEASED, DANIEL STRANGE.**
**TRUSTEE SALE NO.: 9448-6431**

I/We LISA JO NOBLE, SUCCESSOR IN INTEREST TO THE ESTATE OF THE
DECEASED, DANIEL STRANGE, appoint Eyad Yaser Abdeljawad, Esq. ( A Bar #308427, as
my/our attorney-at-law regarding the above trustee sale. I/we revoke any and all authorizations
to represent me/us that have been signed before this date and any representation made by other
parties as to their authorization to communicate on my/our behalf are without my/our consent.
All correspondence should be directed to: National Recovery Solutions 1780 Mission Blvd.
Suite 195, Montclair, CA 91762. Tel/fax (909) 895-0956 ...

I expressly grant Eyad Yaser Abdeljawad, Esq. ( A Bar #308427, National Recovery Solutions
and its staff to communicate and do all things whatsoever required on my/our behalf regarding
the Trustee Sale No. 9448-6431 to recover proceeds of sale, to execute any affidavit or
Statement of Claim for Surplus funds resulting from the trustee sale, and all other remedial
action hitherto.

Client(s) Signature(s)
                    LISA JO NOBLE, SUCCESSOR IN INTEREST TO THE ESTATE OF
THE DECEASED, DANIEL STRANGE.

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the
document to which this certificate is attached and accuracy or validity of that document

State of _Texas_
County of _Tarrant_

On _April 22, 2019_ before me _Cherie Allen_

Personally appeared LISA JO NOBLE, SUCCESSOR IN INTEREST TO THE ESTATE OF THE
DECEASED, DANIEL STRANGE who proved to me on the basis of satisfactory evidence to be the
persons whose name is/are subscribed to the within instrument and acknowledged to me that he/she/they
executed the same in his/her/their authorized capacity(ies) and that by his/her/their signature(s) on the
instrument the persons, or the entity upon behalf of which the person (s) acted, executed the instrument
I certify under PENALTY OF PERJURY under the laws of the State of ~~California~~ that the foregoing
paragraph is true and correct. Texas ✍

WITNESS my hand and official seal.

Signature _Cherie Allen_

Signature of Notary Public

Place Notary Seal and/or Stamp Above



**CHERIE ALLEN**
Notary Public
STATE OF TEXAS
Notary ID # 10618584
My Comm. Exp. August 26, 2020

### ON THE GO MOBILE NOTARY
Jails, Hospitals, Nursing Homes,
Hospice, Private Homes, etc.

P.O. Box 165194
Fort Worth, Texas 76161

817-621-6767
Cherie Allen,
Notary
Wedding Officiant Services

## STATEMENT OF AUTHORIZATION TO REPRESENT AS ATTORNEY

2019-01-16

## TO WHOM IT MAY CONCERN:

Re:

| | |
|---|---|
| Trustee Sale No.: | 9448-6431 |
| Property: | 432 WAVERLEY ST, MENLO PARK, CA, 94025 |
| APN: | 062-405-060 |
| Our Client: | LISA JO NOBLE, SUCCESSOR IN INTEREST TO |

THE ESTATE OF THE DECEASED, DANIEL STRANGE.

Attn: AFFINIA DEFAULT SERVICES LLC.:

Please be advised that I, Eyad Abdeljawad, Esq. represent the above named client in regards to the recovery of proceeds resulting from the sale of the property as stated above. You are requested to direct any and all communications, delivery of checks or otherwise directly to the address: Eyad Yaser Abdeljawad, Esq. Route 66 Ltd, APC, 4129 Main St Ste B 15, Riverside CA 92501-3629. Please see the acknowledgment of this letter by LISA JO NOBLE, SUCCESSOR IN INTEREST TO THE ESTATE OF THE DECEASED, DANIEL STRANGE. This letter is executed by each person separately. Thank you for your kind consideration on this matter.

Best Regards,

Eyad Abdeljawad, Esq.

LISA JO NOBLE, SUCCESSOR IN INTEREST TO THE ESTATE OF THE DECEASED, DANIEL STRANGE.

# EXHIBIT 2B

## STATEMENT OF AUTHORIZATION TO REPRESENT AS ATTORNEY

**ATTN: AFFINIA DEFAULT SERVICES LLC**
**CLIENT(S): LISA JO NOBLE, SUCCESSOR IN INTEREST TO THE ESTATE OF THE DECEASED, DANIEL STRANGE**
**TRUSTEE SALE NO.: 9448-6431**

I/We, LISA JO NOBLE, SUCCESSOR IN INTEREST TO THE ESTATE OF THE DECEASED, DANIEL STRANGE, appoint Eyad Yaser Abdeljawad, Esq. CA Bar #308427. as my/our attorney-at-law regarding the above trustee sale. I/we revoke any and all authorizations to represent me/us that have been signed before this date and any representation made by other parties as to their authorization to communicate on my/our behalf are without my/our consent. All correspondence should be directed to: National Recovery Solutions, 4780 Mission Blvd. Suite 105, Montclair, CA 91762, Tel/fax: (909) 895-0956. info@nationalrecoverysolutions.com.

I expressly grant Eyad Yaser Abdeljawad, Esq. CA Bar #308427, National Recovery Solutions and its staff to communicate and do all things whatsoever required on my/our behalf regarding the Trustee Sale No. 9448-6431. to recover proceeds of sale, to execute any affidavit or Statement of Claim for Surplus Funds resulting from the trustee sale, and all other remedial action hitherto.

Client(s) Signature(s) _____    _____

                LISA JO NOBLE, SUCCESSOR IN INTEREST TO THE ESTATE OF THE DECEASED, DANIEL STRANGE

**A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and accuracy or validity of that document.**

State of _____

County of _____

On_____before me._____:

Personally appeared LISA JO NOBLE, SUCCESSOR IN INTEREST TO THE ESTATE OF THE DECEASED, DANIEL STRANGE who proved to me on the basis of satisfactory evidence to be the persons whose name is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s) , or the entity upon behalf of which the person(s) acted, executed the instrument. **I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.**

WITNESS my hand and official seal.

Signature_____          Place Notary Seal and/or Stamp Above

  Signature of Notary Public

# STATEMENT OF AUTHORIZATION TO REPRESENT AS ATTORNEY

2019-01-16

## TO WHOM IT MAY CONCERN:

Re:
|  |  |
|---|---|
| **Trustee Sale No.:** | **9448-6431** |
| **Property:** | **432 WAVERLEY ST, MENLO PARK, CA, 94025** |
| **APN:** | **062-405-060** |
| **Our Client:** | **LISA JO NOBLE, SUCCESSOR IN INTEREST TO** |

**THE ESTATE OF THE DECEASED, DANIEL STRANGE**

Attn. AFFINIA DEFAULT SERVICES LLC.:

Please be advised that I, Eyad Abdeljawad, Esq. represent the above named client in regards to the recovery of proceeds resulting from the sale of the property as stated above. You are requested to direct any and all communications, delivery of checks or otherwise directly to the address: Eyad Yaser Abdeljawad, Esq., Route 66 Law, APC, 4129 Main St Ste B15, Riverside, CA 92501-3629. Please see the acknowledgment of this letter by LISA JO NOBLE, SUCCESSOR IN INTEREST TO THE ESTATE OF THE DECEASED, DANIEL STRANGE. This letter is executed by each person separately. Thank you for your kind consideration on this matter.

Best Regards,

| | |
|---|---|
| Eyad Abdeljawad, Esq. | LISA JO NOBLE, SUCCESSOR IN |
| | INTEREST TO THE ESTATE OF THE DECEASED, DANIEL STRANGE |

# EXHIBIT 3

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, state bar number, and address):* | TELEPHONE AND FAX NOS.: | FOR COURT USE ONLY |
|---|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, state bar number, and address):*
EYAD YASER ABDELJAWAD, ESQ. #308427
5670 SCHAEFER AVE, STE P
CHINO, CA 91710

TELEPHONE AND FAX NOS.: 909-457-7512

**FILED**
**SAN MATEO COUNTY**

**JUL 1 1 2019**

Clerk of the Superior Court
By _____
DEPUTY CLERK

ATTORNEY FOR *(Name):* LISA JO NOBLE

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN MATEO**
STREET ADDRESS: 400 COUNTY CENTER
MAILING ADDRESS:
CITY AND ZIP CODE: REDWOOD CITY 94603
BRANCH NAME: SAN MATEO SUPERIOR COURT

ESTATE OF *(Name):*

DANIEL STRANGE

DECEDENT

**ORDER FOR PROBATE**

**ORDER**
**APPOINTING**
- [ ] Executor
- [ ] Administrator with Will Annexed
- [✓] Administrator
- [ ] Special Administrator
- [ ] Order Authorizing Independent Administration of Estate
  - [ ] with full authority
  - [ ] with limited authority

CASE NUMBER:

19-PRO-00643

**WARNING: THIS APPOINTMENT IS NOT EFFECTIVE UNTIL LETTERS HAVE ISSUED.**

1. Date of hearing: JUNE 28, 2019    Time: 9:00AM    Dept./Room: 2F    Judge: ~~George Miram~~

**GEORGE A. MIRAM**

**THE COURT FINDS**
2. a. All notices required by law have been given.
   b. Decedent died on *(date):* December 20, 2010
      (1) [✓] a resident of the California county named above.
      (2) [ ] a nonresident of California and left an estate in the county named above.
   c. Decedent died
      (1) [✓] intestate
      (2) [ ] testate
      and decedent's will dated:                        and each codicil dated:
      was admitted to probate by Minute Order on *(date):*

**THE COURT ORDERS**
3. *(Name):* LISA JO NOBLE
   is appointed **personal representative:**
   a. [ ] executor of the decedent's will
   b. [ ] administrator with will annexed
   c. [✓] administrator
   d. [ ] special administrator
      (1) [ ] with general powers
      (2) [ ] with special powers as specified in Attachment 3d(2)
      (3) [ ] without notice of hearing
      (4) [ ] letters will expire on *(date):*

   and letters shall issue on qualification.
4. a. [✓] **Full authority** is granted to administer the estate under the Independent Administration of Estates Act.
   b. [ ] **Limited authority** is granted to administer the estate under the Independent Administration of Estates Act (there is no authority, without court supervision, to (1) sell or exchange real property or (2) grant an option to purchase real property or (3) borrow money with the loan secured by an encumbrance upon real property).
5. a. [ ] Bond is not required.
   b. [✓] Bond is fixed at: $ 200,000.00                        to be furnished by an authorized surety company or as otherwise provided by law.
   c. [ ] Deposits of: $                        are ordered to be placed in a blocked account at *(specify institution and location):*
      and receipts shall be filed. No withdrawals shall be made without a court order. [ ] Additional orders in Attachment 5c.
   d. [ ] The personal representative is not authorized to take possession of money or any other property without a specific court order.
6. [ ] *(Name):*                        is appointed probate referee.

Date: JUL 1 1 2019

*George H. Miram*
JUDGE OF THE SUPERIOR COURT

7. Number of pages attached: _____

[ ] SIGNATURE FOLLOWS LAST ATTACH

Form Approved by the
Judicial Council of California
DE-140 [Rev. January 1, 1998]
Mandatory Form [1/1/2000]

**ORDER FOR PROBATE**

19 - PRO - 00643
OPF2
Order for Probate; Personal Representative
1929701

# EXHIBIT 4

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, state bar number, and address):* | TELEPHONE AND FAX NOS.: | FOR COURT USE ONLY |
|---|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, state bar number, and address):*
EYAD YASER ABDELJAWAD    SBN:308427
ROUTE 66 LAWGROUP
5670 SCHAEFER AVE, STE P
CHINO, CA 91710

TELEPHONE AND FAX NOS.: 909-457-7512

ATTORNEY FOR *(Name):* LISA JO NOBLE

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN MATEO
STREET ADDRESS: 400 COUNTY CENTER
MAILING ADDRESS: 400 COUNTY CENTER
CITY AND ZIP CODE: REDWOOD CITY 94063
BRANCH NAME: SAN MATEO

**FILED**
**SAN MATEO COUNTY**
JUL 1 1 2019
Clerk of the Superior Court
By
DEPUTY CLERK

ESTATE OF *(Name):*

DANIEL STRANGE

DECEDENT

### LETTERS

| ☐ TESTAMENTARY | ☑ OF ADMINISTRATION |
|---|---|
| ☐ OF ADMINISTRATION WITH WILL ANNEXED | ☐ SPECIAL ADMINISTRATION |

CASE NUMBER:
19-PRO-00643

### LETTERS

1. ☐ The last will of the decedent named above having been proved, the court appoints *(name):*

    a. ☐ executor.
    b. ☐ administrator with will annexed.

2. ☑ The court appoints *(name):*
LISA JO NOBLE
    a. ☑ administrator of the decedent's estate.
    b. ☐ special administrator of decedent's estate
      (1) ☐ with the special powers specified in the *Order for Probate.*
      (2) ☐ with the powers of a general administrator.
      (3) ☐ letters will expire on *(date):*

3. ☑ The personal representative is authorized to administer the estate under the Independent Administration of Estates Act ☑ with full authority
☐ with limited authority (no authority, without court supervision, to (1) sell or exchange real property or (2) grant an option to purchase real property or (3) borrow money with the loan secured by an encumbrance upon real property).

4. ☐ The personal representative is not authorized to take possession of money or any other property without a specific court order.

WITNESS, clerk of the court, with seal of the court affixed.

(SEAL)

Date: JUL 1 1 2019

Clerk, by
_____ (DEPUTY)

### AFFIRMATION

1. ☐ PUBLIC ADMINISTRATOR: No affirmation required (Prob. Code, § 7621(c)).

2. ☑ INDIVIDUAL: **I solemnly affirm** that I will perform the duties of personal representative according to law.

3. ☐ INSTITUTIONAL FIDUCIARY *(name):*

**I solemnly affirm** that the institution will perform the duties of personal representative according to law. I make this affirmation for myself as an individual and on behalf of the institution as an officer.
*(Name and title):*

4. Executed on *(date):* 6-20-2019
at *(place):* Fort Worth , ~~California~~ Texas.

_____
(SIGNATURE)

### CERTIFICATION

I certify that this document is a correct copy of the original on file in my office and the letters issued the personal representative appointed above have not been revoked, annulled, or set aside, and are still in full force and effect.

(SEAL)

Date:

Clerk, by
_____ (DEPUTY)

Form Approved by the
Judicial Council of California
DE-150 [Rev. January 1, 1998]
Mandatory Form [1/1/2000]

**LETTERS**
(Probate)

19-PRO-00643
LA
Letters of Administration issued to Personal Re
1929706

# EXHIBIT 5

ORIGINAL CHECK HAS A COLORED BACKGROUND PRINTED ON CHEMICAL REACTIVE PAPER - SEE BACK FOR DETAILS

Wells Fargo - CA Trust Account     2244

64-22/610

**McCalla Raymer Leibert Pierce**
**1544 Old Alabama Road**
**Roswell, GA 30076**

| DATE | AMOUNT |
|------|--------|
| July 23, 2019 | $ 1,487,688.10 |

*** One Million Four Hundred Eighty Seven Thousand Six Hundred Eighty Eight Dollars and 10/100

*PAY TO THE ORDER OF*

Lisa Jo Noble, Administrator of the
Estate of Daniel Strange

⑈000000 2244⑈ ⑆121042882⑆ 2967700200⑈

| McCalla Raymer Leibert Pierce | | | | | Check Date | Check Number |
|---|---|---|---|---|---|---|
| One-Time | Lisa Jo Noble, Administrator of the | | | | 7/23/2019 | 2244 |
| Invoice Number | Inv Date | File Number | Loan Number | Property Address | Description | Net Check Amt |
| E 9448-6431-1 | 7/23/2019 | | | | 9448-6431/Surplus Funds Di | $1,487,688.10 |

| | TOTALS: | $1,487,688.10 | $1,487,688.10 |
|---|---|---|---|

| McCalla Raymer Leibert Pierce | | | | | Check Date | Check Number |
|---|---|---|---|---|---|---|
| One-Time | Lisa Jo Noble, Administrator of the | | | | 7/23/2019 | 2244 |
| Invoice Number | Inv Date | File Number | Loan Number | Property Address | Description | Net Check Amt |
| E 9448-6431-1 | 7/23/2019 | | | | 9448-6431/Surplus Funds Di | $1,487,688.10 |

| | TOTALS: | $1,487,688.10 | $1,487,688.10 |
|---|---|---|---|

# EXHIBIT 6

1

2

3

4

NATIONAL RECOVERY SOLUTIONS
3780 W. Mission Blvd Ste 105
Montclair CA 91762
(909) 668-3241

**In Pro Per**

Electronically
**FILED**
by Superior Court of California, County of San Mateo

ON        2/24/2020

By_____**/s/ Rjay Dominia**_____
                    **Deputy Clerk**

5

6

7

8

**SUPERIOR COURT OF SAN MATEO COUNTY**

**SOUTHERN BRANCH: HALL OF JUSTICE**

9

10

11

12

13

14

15

16

NATIONAL RECOVERY SOLUTIONS

Plaintiff

v.

LISA JO NOBLE, Administrator to the
Estate of Daniel Strange, Deceased,
and DOES 1-50 Inclusive

**Case No.:** 20-CIV-01183

**PLAINTIFF COMPLAINT FOR
INTERPLEADER PER CCP §386 (B)**

17

18

19

PLAINTIFF NATIONAL RECOVERY SOLUTIONS HEREBY ALLEGES THE

FOLLOWING:

20

**JURISDICTION AND VENUE**

21

22

23

24

1.     Jurisdiction and Venue are proper in this Court Pursuant to *CA Code of
Civ. Pro. §395* as the course of conduct of alleged acts occurred within
geographic region of San Mateo County

25

**PARTIES**

26

27

28

2.     National Recovery Solutions (NRS) is a Business and Plaintiff in this
matter.

**PLAINTIFF COMPLAINT**
- 1 -

3.     Lisa Jo Noble is the Administrator to the Estate of Daniel Strange, Deceased (NOBLE). Plaintiff is informed and reasonably asserts that NOBLE was Appointed as Personal Representative Pursuant to Letters of Administration that were issued by San Mateo County Superior Court Probate Division. NOBLE is the sister to the DECEDENT

4.     Plaintiff hereby reserves right to amend complaint to conform to proof. Plaintiff is informed and reasonably believes that each of the Defendants are responsible in some manner for the occurrences herein alleged and that Plaintiffs' damages were proximately caused thereby.

## STATEMENT OF FACTS COMMON TO ALL CAUSES OF ACTION

5.     Daniel Lee Strange died intestate on Dec 12, 2010 leaving behind a surviving spouse by the name of Gaye Dotson WIDOW, and three siblings including Defendant NOBLE. Mr. Strange was the former trustor of a property located at 432 Waverly Street Menlo Park CA 94025 (HOME).

6.     Shortly thereafter, Defendant NOBLE assigned in a valid agreement with NRS in order for Plaintiffs to recover proceeds from a sale of HOME belonging to the Estate.

7.     Subsequent to that, Defendant and siblings were informed that a Court Order was needed from Probate Division in order for NOBLE to have standing to step into the shoes of her late brother and transact on his behalf.

8.    As a result, outside counsel was retained for NOBLE for the sole limited

purpose of obtaining Letters of Administration (LETTERS) for her late

brother's estate. Counsel for NOBLE successfully obtained LETTERS from

the Probate Division of San Mateo Superior Court Probate Division in Case #

**19-PRO-00643**.

9.    Plaintiff states based on information and belief that the siblings

nominated NOBLE to act as the personal representative to the

DECECDENT's Estate.

10.    Plaintiffs further allege based on knowledge and belief that NOBLE

was apprised her standing fiduciary duty to the remaining heirs including

her siblings and the surviving spouse of DECEDENT.

11.    Once Estate Property was was ready to be disbursed, NOBLE initially

acknowledged her standing duty to distribute shares to the heirs in

accordance with Intestate Succession Laws. NOBLE was given a

full accounting and all of her documents that were part of her case in

Probate Court.

12.    NOBLE's instructions were for Plaintiff to deduct its percentage for

recovering monies that belonging to the Estate; Earmark and keep separate

WIDOW's 50% share; Distribute remainder to NOBLE as the Personal

Representative of the Siblings.

13.    After NOBLE received her accounting, NOBLE sent a threatening

demand email that was addressed to Plaintiff and Defendant's Counsel in

the Probate Proceedings. In the Demand, NOBLE threatened to report her counsel to the State Bar unless Plaintiff paid WIDOW's share directly to NOBLE.

14.     More noteworthy, NOBLE stated her intent to not pay the any of the beneficiaries as mandated by law.

15.     As a result, Plaintiff is in concurrent possession of funds that have been earmarked for WIDOW. Based on information and believe, it would be unconscionable for Plaintiff to distribute WIDOW's share to NOBLE.

## FIRST CAUSE OF ACTION

### (Interpleader CCP §386 (b) – As Against All Defendants)

16.     Plaintiff is in possession of $686,200.00 that is held for the benefit of WIDOW.  Plaintiff is informed and reasonably asserts that conflicting demands have been made as to who is entitled to WIDOW's share.

17.     NOBLE stated her intent to keep all of the money for herself. NOBLE further stated that she is under no obligation to pay out siblings as beneficiaries or WIDOW

18.     Plaintiff cannot determine the validity to the conflicting claims, and is gravely concerned that it will be subjected to multiple liability in the absence of the intervention of this court. Concurrent with this complaint, Plaintiff shall deposit $682,600.00 with the clerk of the Superior Court pursuant to *CCP §386 (c)*, which represents the full amount of WIDOW's share.

**WHERFORE PLAINTIFF PRAYS FOR AS FOLLOWS:**

1. An order that WIDOW's share be deposited with the court and that Defendant and All potential claimants litigate their claims to monies/property as described in complaint.

**RESPECTFULLY SUBMITTED**

Dated: _2/21/2020_

_____

**National Recovery Solutions**

# EXHIBIT 7



**WELLS FARGO**

# Transaction Search

# Images

Date/Time Printed: 05/20/2020, 12:22 PM PDT
Check 2244 - 1487688.10 USD



ORIGINAL CHECK HAS A COLORED BACKGROUND PRINTED ON CHEMICAL REACTIVE PAPER - SEE BACK FOR DETAILS

Wells Fargo - CA Trust Account

2244
64-22/610

McCalla Raymer Leibert Pierce
1544 Old Alabama Road
Roswell, GA 30076

DATE
July 23, 2019

AMOUNT
$ 1,487,688.10

*** One Million Four Hundred Eighty Seven Thousand Six Hundred Eighty Eight Dollars and 10/100

PAY TO THE ORDER OF
Lisa Jo Noble, Administrator of the
Estate of Daniel Strange

⑆000000 2244⑈ ⑆1 2⑉04 288 2⑆ 2967700 200⑈

FEDERAL RESERVE BANK REGULATION CC

DO NOT SIGN / WRITE / STAMP BELOW THIS LINE
FOR FINANCIAL INSTITUTION USAGE ONLY

## Item Details

Account Number: **2967700200**
Account Name: **MCCALLA RAYMER**

Item Sequ
Bank ID

# EXHIBIT G

1 | Kenneth H. Prochnow, SBN 112983
Law Offices of Kenneth H. Prochnow
2 | 1771 Woodside Road, Suite 2
Redwood City, CA 94061
3 | Tel: (650) 812-0400
Fax: (650) 812-0404
4
5 | Attorneys for Petitioner Lisa Noble,
   Administrator of the Estate of Daniel Strange
6
7

Electronically
**FILED**
by Superior Court of California, County of San Mateo
ON 3/8/2022 4:53 PM
By **/s/ Kandee Martinez**
Deputy Clerk

8 **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9 **IN AND FOR THE COUNTY OF SAN MATEO**

10 | In Re | Case No.: 19-PRO-00643

11 | | **NOTICE OF ENTRY OF ORDER ON DEMURRERS ADOPTING**
12 | THE ESTATE OF DANIEL STRANGE | **TENTATIVE RULING AND CONTINUING MATTER**
13 |

14 | LISA NOBLE, ADMINISTRATOR OF THE ESTATE OF DANIEL STRANGE,
15 |     Petitioner, | **Date:** February 10, 2021
**Time:** 9:00 a.m.
**Courtroom:** 2D
16 |
17 |   vs.

18 | NATIONAL RECOVERY SOLUTIONS;
ALEJANDRO C, MARRERO, Individually
19 | and d/b/a NATIONAL RECOVRY
SOLUTIONS; JOYCE ARCE, Individually
20 | and d/b/a NATIONAL RECOVERY
SOLUTIONS; ISRAEL SIGUENZA,
21 | Individually and d/b/a NATIONAL
RECOVERY SOLUTIONS; EYAD YASSER
22 | ABDELJAWAD, and DOES 1 – 25, inclusive.

23 |     Respondents

24
25      TO ALL PARTIES OF INTEREST AND TO THEIR ATTORNEYS OF RECORD:

27      NOTICE IS GIVEN that on March 4, 2022, the court entered an order adopting its

28 tentative ruling on the demurrers of Respondents National Recovery Solutions and Eyad Yasser

Abdeljawad, which ruling states in its entirety:

---

NOTICE OF ENTRY OF ORDER CONTINUING MATTER          ***Page 1***
*In re: The Estate of Daniel Strange; Lisa Noble vs. National Recovery Solutions;*
San Mateo Cty Sup. Ct. Probate No. 19PRO00643        {2806/01/00065466.DOC}

"Pursuant to PC 854, the court stays the First Amended 850 Petition until the conclusion of the civil interpleader action; The First Amended 850 Petition and both demurrers are continued approximately 120 days, until July 6, 2022 at 9:00 a.m. for status; Parties are ordered to file joint/several status reports seven (7) days before the next hearing."

A true and correct copy of the court's minute order is attached hereto as Exhibit 1.

DATED: March 8, 2022

LAW OFFICES OF KENNETH H. PROCHNOW

By: _____
Kenneth H. Prochnow,
Attorneys for Petitioner Lisa Noble

/////

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
27
28

# EXHIBIT 1



### SUPERIOR COURT OF SAN MATEO COUNTY
400 County Center       1050 Mission Road
Redwood City, CA 94063     South San Francisco, CA 94080
www.sanmateocourt.org

## Minute Order

| Estate of DANIEL STRANGE | 19-PRO-00643 |
|---|---|
| | 03/04/2022 9:00 AM |
| | Hearing on Demurrer |
| | **Hearing Result**: Held |

**Judicial Officer**: <u>Novak, Lisa A.</u>       **Location**: <u>Courtroom 2C</u>
**Courtroom Clerk**: <u>Brooke Jimenez;</u>       **Courtroom Reporter**: <u>Stacy Gaskill</u>

**Parties Present**
  Abdeljawad, Eyad         Respondent
  PROCHNOW, KENNETH H.    Attorney

**Exhibits**

**Minutes**
*Journals*
  - Above-noted counsel and parties, present via Zoom.

  The court finds/orders:

  Tentative adopted.

  Counsel to submit status reports 7 days prior to hearing.

  Matter continued to July 6th at 9am.
*Case Events*
  - Party appeared by audio and/or video; Nada Dhahbi for NRS

**Others**
*Comments:*

**Future Hearings and Vacated Hearings**
March 04, 2022 9:00 AM Hearing on Demurrer
Gaskill, Stacy
Novak, Lisa A.
Courtroom 2C
Jimenez, Brooke

March 04, 2022 9:00 AM Order to Show Cause Hearing
Gaskill, Stacy
Novak, Lisa A.
Courtroom 2C

# PROOF OF SERVICE

I, Terisa Gurzi, declare:

1.      I am over the age of 18 years and am not a party to the within action. My business address is 1771 Woodside Rd., Redwood City, California 94061.

2.      On March 8, 2022, I served the foregoing **NOTICE OF ENTRY OF ORDER ON DEMURRERS ADOPTING TENTATIVE RULING AND CONTINUING MATTER** along with a copy of this **PROOF OF SERVICE** by placing true and correct copies thereof into sealed envelopes with postage fully prepaid thereon and depositing the same with the United States Postal Service in Redwood City, California addressed as follows:

[Please see attached Service List.]

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration is executed on March 8, 2022, at Redwood City, California.

_____
Terisa Gurzi

# ATTACHMENT TO PROOF OF SERVICE

## (Parties Served)

Gay Lynne Dotson
118 Cypress Point Rd
Half Moon Bay, CA  94019

Gay Lynne Dotson
c/o Golnar Yadzi, Esq.
Anderson Yazdi Hwang Minton + Horn
350 Primrose Rd.
Burlingame, CA  94010-4005

Gay Lynne Dotson
c/o Samuel Dotson
9309 Canter Dr
Dallas, TX  75231

Lisa Jo Noble
2104 6th Ave.
Fort Worth, TX  76110-1804

Tina Michele Britt
4533 Southern Pkwy
Louisville, KY  40214

Christopher B. Strange
130 Fey Ct.
Shepherdsville, KY  40165

National Recovery Solutions
c/o Nada Dhahbi, Esq.
19069 Van Buren Blvd, Ste 114-398
Riverside, CA 92508

Alejandro C. Marrero
dba National Recovery Solutions
129 W Virginia St., Apt. C
Rialto, CA  92376

Joyce Arce
dba National Recovery Solutions
17211 Penacova St.
Chino Hills, CA  91709

1     Eyad Yasser Abdeljawad, Esq.
        Bridgepoint Law Group APC
2     5670 Schaefer Ave., Ste. P
        Chino, CA 91710
3

4     Israel Siguenza
        dba National Recovery Solutions
5     3150 Hillview Dr. North
        Chino, CA 91710
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

27

28

NOTICE OF ENTRY OF ORDER CONTINUING MATTER       *Page 5*
*In re: The Estate of Daniel Strange; Lisa Noble vs. National Recovery Solutions;*
San Mateo Cty Sup. Ct. Probate No. 19PRO00643       {2806/01/00065466.DOC}

# EXHIBIT H



**SUPERIOR COURT OF SAN MATEO COUNTY**

| 400 County Center | 1050 Mission Road |
|---|---|
| Redwood City, CA 94063 | South San Francisco, CA 94080 |

www.sanmateocourt.org

# Minute Order

| Estate of  DANIEL STRANGE | 19-PRO-00643 |
|---|---|
| | 07/06/2022  9:00 AM |
| | Motion hearings |
| | **Hearing Result**:  Held |

**Judicial Officer**: <u>Grandsaert, John L.</u>          **Location**: <u>Courtroom 2D</u>
**Courtroom Clerk**: <u>Rebecca Huerta</u>          **Courtroom Reporter**:  <u>Wendy Conde</u>

**Parties Present**

| ABDELJAWAD, EYAD YASER | Attorney |
|---|---|
| NOBLE, LISA JO | Petitioner |
| PROCHNOW, KENNETH H. | Attorney |

**Exhibits**

**Minutes**
*Journals*
 -
 Argument presented by counsel. Matter submitted.

 Having considered the submitted matter, the court rules as follows:

 Tentative ruling is adopted. Discovery motions are denied without prejudice as this matter was stayed
 per the Court's 03/04/22 order.  Requests for sanctions are denied without prejudice.

 Hearing is continued to November 2, 2022 at 9:00 a.m. for the status of stay.

*Case Events*
 - Party appeared by audio and/or video
 - Tentative ruling adopted and becomes order:; MOTION OF RESPONDENT EYAD YASER ABDELJAWADTO
 TO DEEM ADMISSIONS AGAINST PETITIONER LISA JO NOBLE; REQUEST FOR SANCTIONS IN THE AMOUNT
 OF $1,760.00 (Filed 3/21/22 by Eyad Yaser Abdeljawad) is DENIED WITHOUT PREJUDICE.

**Others**
*Comments:*

**Future Hearings and Vacated Hearings**
July 06, 2022 9:00 AM Hearing on Demurrer
Conde, Wendy
Grandsaert, John L.
Huerta, Rebecca
Courtroom 2D

July 06, 2022 9:00 AM Hearing on Demurrer
Conde, Wendy
Grandsaert, John L.
Huerta, Rebecca
Courtroom 2D

July 06, 2022 9:00 AM Motion hearings
Conde, Wendy
Grandsaert, John L.
Huerta, Rebecca
Courtroom 2D

July 06, 2022 9:00 AM Motion hearings
Conde, Wendy
Grandsaert, John L.
Huerta, Rebecca
Courtroom 2D

July 06, 2022 9:00 AM Motion hearings
Conde, Wendy
Grandsaert, John L.
Huerta, Rebecca
Courtroom 2D

November 02, 2022 9:00 AM Hearing on Demurrer
Grandsaert, John L.
Courtroom 2D

November 02, 2022 9:00 AM Hearing on Demurrer
Grandsaert, John L.
Courtroom 2D

November 02, 2022 9:00 AM Motion hearings
Grandsaert, John L.
Courtroom 2D

November 02, 2022 9:00 AM Motion hearings
Grandsaert, John L.
Courtroom 2D

November 02, 2022 9:00 AM Motion hearings
Grandsaert, John L.
Courtroom 2D

# EXHIBIT I



**SUPERIOR COURT OF SAN MATEO COUNTY**

| 400 County Center | 1050 Mission Road |
|---|---|
| Redwood City, CA 94063 | South San Francisco, CA 94080 |

www.sanmateocourt.org

## Minute Order

| National Recovery Solutions  vs.  LISA JO NOBLE, et al | 20-CIV-01183 |
|---|---|
| | 03/17/2022 9:00 AM |
| | Case Management Conference |
| | **Hearing Result**:  Held |

**Judicial Officer**: <u>Halperin, Ernst A.</u>　　　　**Location**: <u>Courtroom H</u>
**Courtroom Clerk**: <u>Eresmia Ouranitsas</u>　　　　**Courtroom Reporter**:

**Parties Present**
　DHAHBI, NADA　　　　　　　Attorney

**Exhibits**

**Minutes**
*Journals*
　- Above-noted counsel present via Zoom.

　Attorney Nada Dhahbi present on behalf of Petitioner National Recovery Solutions.

　(At 9:37 a.m. - Attorney Kenneth Prochnow appeared via Zoom for Respondent Lisa Jo Noble after session concluded and was informed of continued hearing date.)

　At 9:11 a.m. - Matter is called.

　Counsel for Plaintiff states that she has just substituted into the case and that she is the representing attorney in the related probate case 19-PRO-00643 Estate of Daniel Strange. Given Business Entity now has an attorney of record, Order to Show Cause is discharged. Attorney Dhahbi states that there are additional civil cases and the probate case that may be consolidated or related with this one.

　The court finds/orders: Matter is continued for Case Management Conference on 10/27/2022 at 9:00 a.m. to allow for whether consolidation will be sought after or not. Courtroom clerk to serve notice on parties.
*Case Events*
　- Party appeared by audio and/or video; Attorney: DHAHBI, NADA

**Others**
*Comments:*

**Future Hearings and Vacated Hearings**
October 27, 2022 9:00 AM Case Management Conference
Case Management Conferences, -