Cindy Hamilton (SBN 217951)
Shauna Imanaka (SBN 315742)
**GREENBERG TRAURIG, LLP**
1900 University Avenue, 5th Floor
East Palo Alto, CA 94303
T: (650) 328-8500
F: (650) 328-8508
hamiltonc@gtlaw.com
imanakas@gtlaw.com

Attorneys for Defendant
JPMORGAN CHASE BANK, N.A.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LISA JO NOBLE, ADMINISTRATOR OF THE ESTATE OF DANIEL STRANGE,<br><br>Plaintiff,<br><br>vs.<br><br>JP MORGAN CHASE BANK, N.A.; and DOES 1 - 25, Inclusive,<br><br>Defendants. | CASE NO. 3:22-cv-02879-LB<br><br>**DEFENDANT JPMORGAN CHASE BANK, N.A.'S NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO 12(b)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date: September 15, 2022<br>Time: 9:30 am<br>Courtroom: B – 15th Floor<br>Assigned to: Hon. Laurel Beeler<br><br>Action Filed: April 1, 2022<br>Action Removed: May 16, 2022 |

1 **TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD.**

2      PLEASE TAKE NOTICE that, on September 15, 2022 at 9:30 a.m., or as soon thereafter as the matter can be heard in Courtroom B on the 15th Floor of the United States District Court for the Northern District of California, San Francisco Division, located at 450 Golden Gate Ave., San Francisco, CA 94102. Defendant JPMorgan Chase Bank, N.A. ("Defendant" or "Chase") will, and hereby does, move to dismiss Plaintiff Lisa Jo Noble, Administrator of the Estate of Daniel Strange's ("Plaintiff") Complaint for Damages for Wrongful Negotiation of Check. Chase moves pursuant to rules 8(a) and 12(b)(6) of the Federal Rules of Civil Procedure on the grounds that Plaintiff fails to state a claim upon which relief can be granted because Plaintiff has not plead an actionable claim against Chase.

     This Motion is based on this Notice of Motion and Motion, the accompanying memorandum of points and authorities, the [Proposed] Order, the pleadings and records on file in this action, and upon such other oral and documentary evidence that may be presented at the hearing on this motion.

Respectfully submitted,

DATED: July 22, 2022      **GREENBERG TRAURIG, LLP**

By: /s/ Cindy Hamilton
    Cindy Hamilton
    Shauna Imanaka
    Attorneys for Defendant
    JPMORGAN CHASE BANK, N.A.

## **TABLE OF CONTENTS**

**Page(s)**

I. INTRODUCTION ..................................................................................................... 1

II. FACTUAL ALLEGATIONS ................................................................................... 1

    A. Factual Allegations ........................................................................................ 1

    B. Judicially Noticeable Relevant Facts ............................................................. 2

    C. Procedural History ......................................................................................... 3

III. LEGAL ANALYSIS ................................................................................................. 4

    A. Legal Standard Governing Motions To Dismiss ........................................... 4

    B. Plaintiff Fails to Allege a Cause of Action Against Chase ........................... 5

IV. CONCLUSION ......................................................................................................... 5

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Alperin v. Vatican Bank*,
   410 F.3d 532 (9th Cir. 2005) ............................................................................................... 4

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ............................................................................................................. 4

*Bell Alt. Corp. v. Twombly*,
   550 U.S. 544 (2007) ............................................................................................................. 4

*Moss v. U.S. Secret Serv.*,
   572 F.3d 962 (9th Cir. 2009) ............................................................................................... 4

*Rutman Wine Co. v. E. & J. Gallo Winery*,
   829 F.2d 729 (9th Cir. 1987) ............................................................................................... 4

*Swierkiewicz v. Sorema N.A.*,
   534 U.S. 506 (2002) ............................................................................................................. 4

*In re Verifone Secs. Litig.*,
   11 F.3d 865 (9th Cir. 1993) ................................................................................................. 4

*Williams v. Gerber Prods, Co.*,
   552 F.3d 934 (9th Cir. 2008) ............................................................................................... 4

**Federal Rules**

Fed. R. Civ. P. 8(a) ...................................................................................................................... 4

Fed. R. Civ. P. 8(a)(2) .................................................................................................................. 4

Fed. R. Civ. P. 12(b)(6) ................................................................................................................ 4

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff Lisa Jo Noble, Administrator of the Estate of Daniel Strange ("Plaintiff") improperly attempts to hold Defendant JPMorgan Chase Bank, N.A. ("Chase") liable for an alleged scam Plaintiff claims was perpetrated by her former attorney Eyad Yasser Abdeljawad ("Mr. Abdeljawad") and National Recovery Solutions ("NRS"). Back in April 2019, Plaintiff retained both Mr. Abdeljawad and NRS to assist in recovering the surplus proceeds from the foreclosure sale of her deceased brother's property. Mr. Abdeljawad and NRS recovered the surplus proceeds for Plaintiff, deposited the resulting check into NRS's account at Chase, and then made multiple payments to Plaintiff.

Now, 3 years later, in an effort to seek the remaining balance of the funds held by NRS, Plaintiff has shifted legal theories (and defendants) and now seeks to hold Chase liable for "wrongful negotiation of a check," a vague and unrecognized claim under either state or federal law that could be interpreted to be grounded in either common law or the California Commercial Code, the intention is unclear. This distinction is critical to Chase's ability to ascertain an applicable statute of limitations as well as defenses available to a financial institution under the California Commercial Code. Chase should not have to guess the nature of the claims against it, nor should it have to draft a motion to dismiss that speculates upon the variety of potentially intended claims and the reasons why each may be time barred or subject to other defenses. In addition, as currently drafted, the Complaint allows Plaintiff to shift legal theories (i.e., tort, contract, statute) at any juncture, including upon Chase's filing of a summary judgment motion to evade adjudication of this claim.

## II. FACTUAL ALLEGATIONS

### A. Factual Allegations

This action arises from the alleged misappropriation of a proceeds check representing surplus funds from the foreclosure of a property located in Menlo Park, California. (Compl. ¶ 6). At the time of Decedent Daniel Strange's ("Decedent") death in 2010, he was married to Ms. Gay Dotson, and owned property located in Menlo Park, California (the "Property"). (Compl. ¶ 7). The Property was encumbered by a mortgage. Following Decedent's death, the mortgage was not paid, and consequently, the mortgagee declared the loan to be in default. (Compl. ¶ 9). On January 10, 2019, the Property was

foreclosed on via a trustee's sale. (Compl. ¶ 10). The trustee's sale of the Property netted a surplus above the amount needed to satisfy the claims of the mortgagee, in the amount of $1,487,688.10 ("Surplus Foreclosure Proceeds"). The Surplus Foreclosure Proceeds were retained and held by Affinia Default Services, LLC ("Affinia"). (Compl. ¶ 13).

Plaintiff retained Mr. Abdeljawad, who filed Plaintiff's petition for probate before the San Mateo Superior Court. (Compl. ¶ 14). On July 11, 2019, the court granted Plaintiff's petition for probate. (Compl. ¶ 14). On July 11, 2019, the court issued letters of administration appointing Plaintiff as administrator and personal representative of Decedent's estate. (Compl. ¶ 14). Following Plaintiff's appointment as administrator and personal representative of Decedent's estate, Affinia arranged for the transfer of the Surplus Foreclosure Proceeds. (Compl. ¶ 15). On or about July 23, 2019, Affinia transferred the Surplus Foreclosure Proceeds to the trust account of its California Counsel, McCalla Raymer Leibert Pierce, LLP. (Compl. ¶ 16). On July 23, 2019, McCalla Raymer Leibert Pierce, LLP issued Check No. 2244, dated July 23, 2019, and made payable to "Lisa Jo Noble, Administrator of the Estate of Daniel Strange" for the Surplus Foreclosure Proceeds. (Compl. ¶ 17). McCalla Raymer Leibert Pierce, LLP delivered the check to Mr. Abdeljawad. (Compl. ¶ 21). Plaintiff alleges that Mr. Abdeljawad gave the Surplus Foreclosure Proceeds check to NRS, and that NRS deposited the Surplus Foreclosure Proceeds check into its Chase account. (Compl. ¶¶ 22-24).

In or about February 2020, NRS made three distributions to Plaintiff in the following amounts:

- On February 3, 2020, NRS issued Check No. 1338 from its Chase account in the amount of $138,000, payable to "Lisa J. Noble for Estate of Daniel Strange".
- On February 7, 2020, NRS wired $62,000 from its Chase account to Plaintiff's estate account.
- On February 14, 2020, NRS issued a check from its Chase account in the amount of $482,620.83, payable to "Lisa J. Noble Estate of Daniel Strange."

(Compl. ¶ 29). NRS's distributed a total of $682,620.83 to Plaintiff. (Compl. ¶ 30).

**B.     Judicially Noticeable Relevant Facts**

Plaintiff's factual allegations regarding Plaintiff's retention of NRS and Mr. Abdeljawad do not provide a complete picture because they do not describe the contracts Plaintiff entered into with NRS

and Mr. Abdeljawad. The concurrently filed Request for Judicial Notice in support of Chase's Motion to Stay contains the two contracts that provide context to Plaintiff's claims in this action. (RFJN in Support of Motion to Stay ("RFJN"), Exh. F, Exs. 1A-B, 2A-B). On or about April 22, 2019, Plaintiff entered into two contracts, the Client Contingency Fee Agreement and the Statement of Authorization to Represent as Attorney, with prior counsel Mr. Abdeljawad and NRS to recover the Surplus Foreclosure Proceeds retained by Affinia. (RFJN, Exh. F, Exs. 1A-B, 2A-B). Under the terms of the Client Contingency Fee Agreement executed between Plaintiff and NRS, Plaintiff hired NRS to "recover any proceeds of sale from the Trustee sale," and NRS was to provide "necessary documents to the trustee, or trustee's legal representative, submit written claims, if necessary, retain attorneys on behalf of client in order to participate in an interpleader action, file petitions to determine succession, or any other proceeding should that be necessary." (RFJN, Exh. F, Exs. 1A-B). NRS was entitled to a contingency fee, not to exceed 7% of the total funds or proceeds recovered. (RFJN, Exh. F, Exs. 1A-B). Plaintiff also entered into the Statement of Authorization to Represent as Attorney with Mr. Abdeljawad, where she expressly granted Mr. Abdeljawad, NRS, and its staff "to communicate and do all things whatsoever required on my/our behalf regarding the Trustee Sale . . . to recover proceeds of sale, to execute any affidavit or Statement of Claim for Surplus Funds resulting from trustee sale, and all other remedial action hitherto." (RFJN, Exh. F, Exs. 2A-B).

The dispute between Plaintiff and NRS and Mr. Abdelajawad over the allocation of the Surplus Foreclosure Proceeds appears to have led Plaintiff to change course and seek recovery from Chase instead of the parties that she retained to recover the Surplus Foreclosure Proceeds.

### C. Procedural History

Plaintiff alleges that she is a victim of a scam perpetrated by her prior probate counsel Mr. Abdeljawad and NRS, and that she is entitled to the remaining $805,067.27 currently retained by NRS. (Compl. ¶¶ 6, 14, 17, 21-22, 29, 31). On April 1, 2022, nearly three years after the check containing the Surplus Foreclosure Proceeds was first issued, Plaintiff filed this action in San Mateo Superior Court and served Chase on April 14, 2022. (Compl.). Chase removed the action to this Court on May 16, 2022. Plaintiff asserts a single cause of action against Chase for "wrongful negotiation of check" and is

seeking recovery of the balance of the Surplus Foreclosure Proceeds that NRS has allegedly withheld from her.

## III. LEGAL ANALYSIS

### A. Legal Standard Governing Motions To Dismiss

Federal Rules of Civil Procedure 8(a) requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint must give the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002). In order for plaintiff to survive a motion to dismiss, "[f]actual allegations must be enough to raise a right to relief above the speculative level," and plaintiff must state "enough facts to state a claim to relief that is plausible on its face." To survive a motion to dismiss [under Federal Rule of Civil Procedures 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Bell Alt. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Williams v. Gerber Prods, Co.,* 552 F.3d 934, 938 (9th Cir. 2008) (quoting *Twombly*, 550 U.S. at 570) ("A district court should grant a motion to dismiss if plaintiffs have not pled 'enough facts to state a claim to relief that is plausible on its face.'"); *see also* Fed. R. Civ. P. 12(b)(6). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 556); s*ee also Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). For purposes of a motion to dismiss, the court must accept as true the well-pleaded facts of a complaint, but not unsubstantiated conclusions of fact or law. *See Iqbal*, 556 U.S. at 678-79; *Moss*, 572 F.3d at 969; *Alperin v. Vatican Bank*, 410 F.3d 532, 541 (9th Cir. 2005); *In re Verifone Secs. Litig.*, 11 F.3d 865, 868 (9th Cir. 1993). While there is a liberal policy in favoring amendments, a court does not need to grant leave to amend when permitting a plaintiff to amend would be an exercise in futility. *See, e.g., Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987) ("Denial of leave to amend is not an abuse of discretion where the pleadings before the court demonstrate that further amendment would be futile.").

////

////

### B. Plaintiff Fails to Allege a Cause of Action Against Chase

Even under a liberal standard of pleading, Plaintiff's claim is inadequately pled. There is no state or federally recognized cause of action for "wrongful negotiation of a check," and it is unclear from the face of the Complaint what cause of action Plaintiff is bringing against Chase. The lack of a recognized cause of action makes it unduly burdensome for Chase to litigate this action, as there is no indication whether this claim sounds in common law tort or statute, or what statute of limitations or other defenses might be applicable in the context of a motion to dismiss or summary judgment.

Accordingly, Chase moves to dismiss this action for failure to state a claim upon which relief may be granted, or for this Court to order that Plaintiff amend her Complaint so Chase may properly respond to Plaintiff's allegations. Chase should not have to guess the nature of the claims against it, nor should it have to draft a motion to dismiss that speculates upon the variety of potentially intended claims and the reasons why each may be time barred or subject to other defenses.

## IV. CONCLUSION

Chase is not liable for any cause of action under the Complaint. For the foregoing reasons, the Court should dismiss Plaintiff's Complaint, without leave to amend, or in the alternative, Chase requests that the Court issue an order requiring Plaintiff to amend her Complaint so Chase may properly respond to a recognized cause of action.

Respectfully submitted,

DATED: July 22, 2022

**GREENBERG TRAURIG, LLP**

By: /s/ Cindy Hamilton
    Cindy Hamilton
    Shauna Imanaka
    Attorneys for Defendant
    JPMORGAN CHASE BANK, N.A.