UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| LISA JO NOBLE,<br><br>   Plaintiff,<br><br>   v.<br><br>JP MORGAN CHASE BANK, NATIONAL ASSOCIATION,<br><br>   Defendant. | Case No. 22-cv-02879-LB<br><br>**ORDER GRANTING MOTIONS TO DISMISS AND STAY**<br><br>Re: ECF Nos. 12, 13 |

## INTRODUCTION

The plaintiff is the administrator of her deceased brother's estate.[1] She claims that the defendant bank is liable for "wrongful negotiation" of a check transmitting the proceeds from the sale of her brother's home because the endorsement on the check was allegedly forged.[2] The plaintiff alleges that she never received the check and that it was delivered to her former attorney, Eyad Yasser Abdeljawad.[3] The plaintiff is suing Mr. Abdeljawad in state court for malpractice and

---

[1] Compl. – ECF No. 1-1 at 3 (¶ 4). Citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] *Id.* at 5, 7 (¶¶ 19–20, 24).

[3] *Id.* at 4–5 (¶¶ 14, 19, 21).

ORDER – No. 22-cv-02879-LB

believes that a person affiliated with National Recovery Services (a business associated with Mr. Abdeljawad) may have forged her signature.[4]

The defendant moved to dismiss the complaint because the plaintiff has not identified a specific legal theory.[5] The defendant also asked the court to stay this action based on related state court litigation, including the underlying probate action, the plaintiff's malpractice action against Mr. Abdeljawad, and an interpleader action filed by National Recovery Services.[6]

The court can decide the motions without oral argument. N.D. Cal. Civ. L.R. 7-1(b). The court dismisses the complaint without prejudice because it does not provide fair notice to the defendant of the plaintiff's claim or claims. The court also temporarily stays the action based on its inherent authority under *Landis v. N. Am. Co.*, 299 U.S. 248 (1936). Because the plaintiff is seeking only monetary damages in this case, a stay is unlikely to harm the plaintiff's interests. Furthermore, staying the case until the resolution of the state court litigation will avoid subjecting the defendant to inconsistent decisions concerning the subject funds and will contribute to the orderly course of justice.

**STATEMENT**

According to the complaint, the plaintiff's brother, Daniel Strange, died in 2010.[7] Approximately nine years later, in January 2019, the mortgagee of Mr. Strange's home in Menlo

---

[4] *Id.* at 5, 7 (¶¶ 22, 25, 33); Prochnow Decl. in Supp. of Opp'n to Mot. to Stay – ECF No. 18-1 at 6 (¶ 28).

[5] Mot. to Dismiss – ECF No. 13 at 5.

[6] Mot. to Stay – ECF No. 12 at 5. The court takes judicial notice of the documents publicly filed with other courts and the information available on the website of the State Bar of California. *Callan v. N.Y. Cmty. Bank*, 643 F. App'x 666, 666 (9th Cir. 2016) ("The district court did not abuse its discretion in sua sponte taking judicial notice[.]") (citing Fed. R. Evid. 201(c), (d)); *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) ("[A] court may take judicial notice of matters of public record.") (cleaned up); *Cal. Sportfishing Prot. All. v. Shiloh Grp., LLC*, 268 F. Supp. 3d 1029, 1038 (N.D. Cal. 2017) ("A court may also take judicial notice of records and reports of administrative bodies.") (cleaned up); *Qingdao Tang-Buy Int'l Imp. & Exp. Co. v. Preferred Secured Agents, Inc.*, No. 15-cv-00624-LB, 2016 WL 6524395, at *2 (N.D. Cal. Nov. 3, 2016) (taking judicial notice of docket sheet in a state court action showing "case events such as demurrers, motions to strike, motions to quash, and motions to compel").

[7] Compl. – ECF No. 1-1 at 3 (¶¶ 4, 7–8).

Park, California foreclosed on and sold the home.[8] The mortgagee foreclosed on the property after it stopped receiving monthly mortgage payments following Mr. Strange's death.[9] After the mortgagee's claims were paid, foreclosure proceeds of $1,487,688.10 remained.[10] These remaining net proceeds were transferred to and retained by Affinia Default Services, LLC (Affinia).[11]

Several months later, in April 2019, the plaintiff retained attorney Eyad YasserAbdeljawad and National Recovery Services to recover the foreclosure proceeds on behalf of her brother's estate.[12] With Mr. Abdeljawad's assistance, the plaintiff filed a probate petition.[13] The probate court appointed the plaintiff to be the administrator and personal representative of her brother's estate in July 2019.[14] Then Affinia — after having transferred the remaining foreclosure proceeds to its California counsel, McCalla Raymer Leibert Pierce LLP — caused a check to be issued in the sum of $1,487,688.10 payable to "Lisa Jo Noble, Administrator of the Estate of Daniel Strange" from McCalla's trust account.[15]

The plaintiff alleges that she did not receive or endorse the check.[16] Instead, the plaintiff alleges that someone (possibly her former attorney Mr. Abdeljawad or a person associated with National Recovery Services) forged the endorsement and that the defendant negotiated the check based on this forged endorsement.[17] In exchange for the check, the defendant bank received $1,487,688.10 from McCalla's trust account bank.[18] The plaintiff admits that she subsequently received three payments from National Recovery Services: $138,000 (on February 3, 2020);

---

[8] *Id.* at 3–4 (¶¶ 7, 10–11).
[9] *Id.* at 3 (¶¶ 9–10).
[10] *Id.* at 4 (¶¶ 12–13).
[11] *Id.* (¶ 13).
[12] Notice of Disciplinary Charges, Ex. 1 to Req. for Jud. Notice – ECF No. 19 at 14–15 (¶ 32).
[13] Compl. – ECF No. 1-1 at 4 (¶ 14).
[14] *Id.*
[15] *Id.* (¶¶ 16–17); McCalla Tr. Acct. Check, Ex. 1 to *id.* – ECF No. 1-1 at 9.
[16] Compl. – ECF No. 1-1 at 5 (¶ 19).
[17] *Id.* at 5–6 (¶¶ 19, 22–26).
[18] *Id.* at 6 (¶ 27).

1  $62,000 (on February 7, 2020); and $482,620.83 (on February 14, 2020).[19] The difference

2  between the total net proceeds from the Menlo Park house ($1,487,688.10) and the amount the

3  plaintiff has received is $805,067.27.[20]

4  In this action, the plaintiff seeks recovery of $805,067.83 from the defendant based on "the

5  wrongful negotiation of the Affinia Proceeds Check."[21] The plaintiff filed the operative complaint

6  in San Mateo County Superior Court on April 1, 2022.[22] The defendant removed the complaint to

7  this court on May 16, 2022, based on diversity jurisdiction.[23] But this is not the only pending

8  litigation involving the missing funds. In fact, there are three cases pending in the San Mateo

9  County Superior Court concerning the disputed funds.

10  There is the underlying probate action concerning the estate of Mr. Strange, which was filed in

11  2019 and remains pending.[24] The plaintiff is also a defendant in an interpleader action that

12  National Recovery Services filed in February 2020 concerning its possession of disputed funds in

13  the sum of $686,200.00.[25] And, in June 2021, the plaintiff sued her former attorney Mr.

14  Abdeljawad for malpractice and breach of fiduciary duty.[26]

15  The probate action has been stayed pending the resolution of the interpleader action and the next

16  hearing is on November 2, 2022.[27] National Recovery Services has appeared through counsel in the

---

[19] *Id.* (¶ 29).

[20] *Id.* (¶ 31).

[21] *Id.* at 6–7 (¶ 31). (The discrepancy between the $805,067.27 amount cited in paragraph thirty-one of the complaint and the $805,067.83 amount demanded in the prayer for relief may be a typo.)

[22] *Id.* at 2.

[23] Notice of Removal – ECF No. 1 at 2.

[24] Compl. – ECF No. 1-1 at 4 (¶ 14); Docket, San Mateo Cnty. Super. Ct. Case No. 19-PRO-00643, Ex. C to Req. for Jud. Notice – ECF No. 12-1 at 21–49.

[25] Docket, San Mateo Cnty. Super. Ct. Case No. 20-CIV-01183, Ex. A to Req. for Jud. Notice – ECF No. 12-1 at 7–13; Compl., San Mateo Cnty. Super. Ct. Case No. 20-CIV-01183, Ex. B to Req. for Jud. Notice – ECF No. 12-1 at 18 (¶ 16).

[26] Docket, San Mateo Cnty. Super. Ct. Case No. 21-CIV-01037, Ex. E to Req. for Jud. Notice – ECF No. 12-1 at 87–97; First Am. Compl., San Mateo Cnty. Super. Ct. Case No. 21-CIV-01037, Ex. F to Req. for Jud. Notice – ECF No. 12-1 at 99–112; Prochnow Decl. in Supp. of Opp'n to Mot. to Stay – ECF No. 18-1 at 6 (¶ 28).

[27] Order, San Mateo Cnty. Super. Ct. Case No. 19-PRO-00643, Ex. H to Req. for Jud. Notice – ECF No. 12-1 at 146; Prochnow Decl. in Supp. of Opp'n to Mot. to Stay – ECF No. 18-1 at 5–6 (¶ 26).

interpleader action (it had previously attempted to appear "in pro per") and seems to have requested the entry of default against the plaintiff.[28] Mr. Abdeljawad recently answered the complaint in the malpractice action.[29] Furthermore, the California State Bar has initiated disciplinary proceedings against Mr. Abdeljawad and ordered him inactive as of September 9, 2022.[30]

The defendant asked the court to stay the action based on its inherent authority under *Landis*, given the pending state court litigation.[31] The defendant has also moved to dismiss the action under Federal Rule of Civil Procedure 12(b)(6) based on the plaintiff's failure to identify a particular claim or legal theory other than "wrongful negotiation of a check."[32]

The court has diversity jurisdiction under 28 U.S.C. § 1332. All parties consented to magistrate-judge jurisdiction under 28 U.S.C. § 636.[33]

## ANALYSIS

### 1. Motion to Dismiss — Rule 12(b)(6)

The defendant contends that the plaintiff's complaint fails to satisfy Rule 8 because "it is unclear from the face of the Complaint what cause of action Plaintiff is bringing," and it cannot respond to the complaint without guessing or speculating about the plaintiff's intended claims.[34]

---

[28] Docket, San Mateo Cnty. Super. Ct. Case No. 20-CIV-01183, Ex. A to Req. for Jud. Notice – ECF No. 12-1 at 7, 9, 11; Order, San Mateo Cnty. Super. Ct. Case No. 20-CIV-01183, Ex. I to Req. for Jud. Notice – ECF No. 12-1 at 149.

[29] Docket, San Mateo Cnty. Super. Ct. Case No. 21-CIV-01037, Ex. E to Req. for Jud. Notice – ECF No. 12-1 at 95.

[30] State Bar of Cal., Att'y Profile, Eyad Yaser Abdeljawad #308427, https://apps.calbar.ca.gov/attorney/Licensee/Detail/308427; Decision and Order of Involuntary Inactive Enrollment, Ex. 1 to Suppl. Req. for Jud. Notice – ECF No. 22 at 5–68.

[31] Mot. to Stay – ECF No. 12 at 5, 9.

[32] Mot. to Dismiss – ECF No. 13 at 5.

[33] Consents – ECF Nos. 9, 10.

[34] Mot. to Dismiss – ECF No. 13 at 9.

**1.1 Applicable Legal Standard**

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief" to give the defendant "fair notice" of (1) what the claims are and (2) the grounds upon which they rest. Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, "[a] complaint may fail to show a right to relief either by lacking a cognizable legal theory or by lacking sufficient facts alleged under a cognizable legal theory." *Woods v. U.S. Bank N.A.*, 831 F.3d 1159, 1162 (9th Cir. 2016).

A complaint does not need detailed factual allegations, but "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (cleaned up). A complaint must contain sufficient factual allegations, which when accepted as true, "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *NorthBay Healthcare Grp., Inc. v. Kaiser Found. Health Plan, Inc.*, 838 F. App'x 231, 234 (9th Cir. 2020). "[O]nly the *claim* needs to be plausible, and not the facts themselves . . . ." *NorthBay*, 838 F. App'x at 234 (citing *Iqbal*, 556 U.S. at 696); *see Interpipe Contracting, Inc. v. Becerra*, 898 F.3d 879, 886–87 (9th Cir. 2018) (the court must accept the factual allegations in the complaint "as true and construe them in the light most favorable to the plaintiff") (cleaned up).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (cleaned up).

If a court dismisses a complaint, it should give leave to amend unless "the pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990).

**1.2   Requirement to Plead a Cognizable Legal Theory**

Aside from the requirement to plead facts establishing a plausible claim, the plaintiff must also allege a "cognizable legal theory" to survive a motion to dismiss. *Woods*, 831 F.3d at 1162. Regarding the specificity with which a plaintiff must identify a "cognizable legal theory," the Ninth Circuit has held that "[a] complaint need not identify the statutory or constitutional source of the claim raised in order to survive a motion to dismiss." *Alvarez v. Hill*, 518 F.3d 1152, 1157 (9th Cir. 2008). But the plaintiff must "provide the defendant fair notice of the provision under which relief is sought." *Walker v. Beard*, 789 F.3d 1125, 1133 (9th Cir. 2015) (cleaned up).

For example, where a plaintiff alleges facts that could support multiple different legal theories but does not identify which theory or theories the plaintiff intends to rely on, the complaint does not provide "fair notice" and does not satisfy Rule 8. *See Dupree v. Apple, Inc.*, No. 16-CV-00289-LHK, 2016 WL 4191653, at *11 (N.D. Cal. Aug. 9, 2016). In *Dupree*, the plaintiff's complaint did "not state whether Plaintiff [brought] his hostile work environment and harassment claims under (1) Title VII, (2) FEHA, (3) both statutes, or (4) neither statute." *Id.* Although in opposition to the defendant's motion to dismiss, the plaintiff argued that he brought "these causes of action under the Ralph Civil Rights Act," the court held that the allegations did not provide "fair notice" because the "ambiguity prevent[ed] Defendants from marshalling and asserting a viable defense." *Id.*

Other courts have reached the same result in similar circumstances. *See Mendoza v. Zambrano*, No. 4:16-cv-06455-KAW, 2017 WL 2617970, at *3 (N.D. Cal. June 16, 2017) (dismissing claim for unsafe working conditions where the complaint did not identify "an appropriate statutory authority nor contain sufficient facts that, if true, would state a cause of action"); *Wiskind v. JPMorgan Chase Bank, N.A.*, No. 14-cv-04223-NC, 2015 WL 400549, at *2 (N.D. Cal. Jan. 29, 2015) (dismissing complaint as insufficiently pleaded under Rule 8 where the plaintiff's "legal theories [were] unclear . . . lack[ed] sufficient factual allegations . . . . and fail[ed] to identify the statute or common law doctrine that could serve as the basis for relief"); *Harvey v. Bank of Am., N.A.*, 906 F. Supp. 2d 982, 994 (N.D. Cal. 2012) (dismissing wrongful foreclosure claim where plaintiff "fail[ed] allege specifically which conduct by Defendant violated the law, or even to identify which sections of the voluminous statutory scheme Defendant allegedly violated").

If a court dismisses a complaint because the complaint's legal theory is not cognizable, the court should give leave to amend if the plaintiff could "articulate a cognizable legal theory if given the opportunity." *Steele-Klein v. Int'l Bhd. of Teamsters, Loc. 117*, 696 F. App'x 200, 202 (9th. Cir. 2017).

### 1.3   Application

Here, the plaintiff's complaint seeks damages for "wrongful negotiation of the Affinia Proceeds Check."[35] The complaint does not identify a specific statutory or common-law legal theory (*e.g.*, negligence, conversion, breach of contract, fraud) to support the assertion that the defendant acted "wrongfully." In the opposition, the plaintiff clarifies that she alleges wrongful negotiation of a check under California Commercial Code § 3420.[36] Nonetheless, as currently pleaded, the complaint does not provide fair notice to the defendant because the ambiguity impedes the defendant's ability to evaluate and assert potential defenses. *Dupree*, 2016 WL 4191653, at *11.

Furthermore, even if the plaintiff had pleaded a claim under § 3420 in the complaint, the facts, as currently alleged, do not establish a plausible claim under § 3420. For instance, § 3420(a) provides that "[a]n action for conversion of an instrument may not be brought by (1) the issuer or acceptor of the instrument or (2) a payee or indorsee who did not receive delivery of the instrument either directly or through delivery to an agent or a copayee." Thus, a payee who never received a check cannot maintain a claim under § 3420. *See*, *e.g.*, *Waddell v. S. Cal. IBEW-NECA Tr. Fund*, No. LA CV18-10476 JAK (KSx), 2022 WL 1134701, at *4 (C.D. Cal. Feb. 1, 2022) (holding that the plaintiff's admission that he never received the subject checks "preclude[d] a claim for conversion against the depository bank").

The plaintiff here alleges that the check was "never delivered to" her and that she "has never seen it, and never cashed or otherwise negotiated it."[37] Instead, the plaintiff alleges that the check was delivered to Mr. Abdeljawad and that someone then forged her signature.[38] It may be that the plaintiff

---

[35] Compl. – ECF No. 1-1 at 7.

[36] Opp'n to Mot. to Dismiss – ECF No. 17 at 7.

[37] Compl. – ECF No. 1-1 at 5 (¶ 19).

[38] *Id.* (¶¶ 21, 25).

intends to assert that she did in fact "receive delivery" of the check when it was delivered to Mr. Abdeljawad on a theory that he was her agent. But, as currently pleaded, the allegations do not plausibly allege a § 3420 claim.

In sum, the complaint fails to provide fair notice of the plaintiff's claim (or claims) or factual allegations that establish a plausible claim. The pleading defects may, however, be curable. Thus, the complaint is dismissed without prejudice.

## 2. Motion to Stay

The defendant asks the court to stay this action pending the resolution of the state court proceedings.[39] The first issue is whether the applicable standard is provided by *Landis v. N. Am. Co.*, 299 U.S. 248 (1936), or *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976). The parties agree that the court should apply the broader standard set out in *Landis*.[40] But some courts have held that the *Landis* test cannot be invoked to support a stay based on related state-court litigation because *Colorado River* articulated the standard for staying or dismissing a federal case in the interest of judicial administration based on parallel-state court litigation. *See*, *e.g.*, *AIIRAM LLC v. KB Home*, No. 19-CV-00269-LHK, 2019 WL 3779185, at *6 (N.D. Cal. Aug. 12, 2019). Other courts in this district have reached the opposite conclusion. *See Pac. Structures, Inc. v. Greenwich Ins. Co.*, No. 21-cv-04438-HSG, 2022 WL 2673087, at *1 (N.D. Cal. June 15, 2022). And the Ninth Circuit has not directly addressed the issue.

### 2.1 Applicable Legal Standard

In *Landis*, the Supreme Court held that "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." 299 U.S. at 254. The Court articulated a narrower standard in *Colorado River*. 424 U.S. at 818–21.

---

[39] Mot. to Stay – ECF No. 12 at 5.

[40] *Id.* at 9–10; Opp'n to Mot. to Stay – ECF No. 18 at 4.

United States District Court
Northern District of California

1	First, the court in *Colorado River* identified several abstention doctrines where courts may
2	abstain from exercising jurisdiction in the face of competing state-court litigation for the following
3	specific reasons: (1) where the federal case involves constitutional issues that may be mooted by
4	state court proceedings; (2) where review by a federal court would be disruptive to state policy
5	problems of substantial public import; and (3) where federal jurisdiction has been invoked to
6	disrupt state criminal, nuisance, or tax proceedings. *Id.* at 813–17. The Court went on to hold that
7	— even if none of these "weightier considerations of constitutional adjudication and state-federal
8	relations" are present — trial courts may nonetheless abstain or dismiss an action in favor of
9	concurrent state proceedings in exceptional circumstances based on "reasons of wise judicial
10	administration." *Id.* at 817–18. Thus, the issue is whether *Landis* provides an alternative basis for a
11	stay in the interest of judicial economy or whether "the *Colorado River* doctrine is best understood
12	as an additional limitation on a court's inherent authority to grant a stay" under *Landis*. *AIIRAM*,
13	2019 WL 3779185, at *6 (cleaned up).

14	There is authority in this district supporting the view that a *Landis* stay may not be sought as an
15	alternative to a stay under *Colorado River*. For example, in *AIIRAM*, the court stated that,
16	"[a]lthough the Ninth Circuit has not spoken to the precise question [of whether *Landis* provides an
17	alternative basis to stay a case where the facts do not support a stay under *Colorado River*], other
18	circuits have held that *Landis* does not provide an alternative basis for a court to stay a case when a
19	*Colorado River* stay is not merited." *Id.* The court in *AIIRAM* applied the *Colorado River* test and
20	held that "*Landis* does not provide an alternative to a *Colorado River* stay." *Id.* at *7. Similarly, in
21	*Fisk Elec. Co. v. Obayashi Corp.*, the court held that "[w]hen the parallel case is a state court action,
22	as here, a stay may be granted pursuant to the *Colorado River* doctrine only." No. 18-CV-07671-
23	EMC, 2021 WL 197671, at *2 (N.D. Cal. Jan. 20, 2021).

24	On the other hand, some courts in this district have held that *Landis* provides an alternative
25	ground for a stay even where *Colorado River* could also apply. For example, the court in *Pacific
26	Structures* held that the "*Landis* and *Colorado River* standards exist as distinct doctrines for use
27	'in appropriate cases.'" 2022 WL 2673087, at *1 (quoting *Lockyer v. Mirant Corp.*, 398 F.3d
28	1098, 1113 (9th Cir. 2005)). The *Pacific Structures* court held that the *Colorado River* standard

applies when the parties contemplate that "'the federal court will have nothing further to do in resolving any substantive part of the case, whether it stays or dismisses.'" *Id.* (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 28 (1983)). But, when the stay is temporary and will "only postpone resolution of the case pending some related proceeding[,]" the *Landis* standard applies. *Id.* (cleaned up).

The court found support for its conclusion in cases holding that *Landis* stays may not be "so indefinite as to constitute the equivalent of a dismissal." *Id.* (quoting *Belize Soc. Dev. Ltd. v. Belize*, 668 F.3d 724, 730 (D.C. Cir. 2012)). In this respect, the Ninth Circuit has also stated that "[g]enerally, stays [under *Landis*] should not be indefinite in nature." *Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007).

Thus, the court in *Pacific Structures* applied the *Landis* factors and stayed an insurance-coverage action pending the outcome of an underlying state court action between the insured and a third party. 2022 WL 2673087, at *2–3. The court in *United Specialty Ins. Co. v. Bani Auto Grp., Inc.* reached a similar conclusion. No. 18-cv-01649-BLF, 2018 WL 5291992, at *4–8 (N.D. Cal. Oct. 23, 2018). There, the court found that the facts did not support abstention under *Colorado River*, but nonetheless stayed an insurance coverage action pending the outcome of underlying state court litigation against the insured, based on *Landis*. *Id.* at *8.

Decisions in other districts and some Ninth Circuit dicta also support the parties' position that a *Landis* stay may be granted as an alternative to a *Colorado River* stay in appropriate circumstances. *See Icon at Panorama, LLC v. Sw. Reg'l Council of Carpenters*, No. CV 19-00181CBM (MRWx), 2020 WL 5751228, at *2 (C.D. Cal. Mar. 12, 2020) ("Although binding authority on this issue [whether *Colorado River* provides the exclusive standard for staying a case pending state court proceedings] is lacking, a review of Ninth Circuit authority indicates that a discretionary stay under Landis is available."). And in *Leyva v. Certified Grocers of Cal., Ltd.*, the Ninth Circuit suggested that *Landis* stays may be appropriate even if the related litigation is not pending in federal court, but in another forum such as a state court. 593 F.2d 857, 863 (9th Cir. 1979). There, the court stated that trial courts may stay actions "pending resolution of independent proceedings which bear upon the

1  case," irrespective of "whether the separate proceedings are judicial, administrative, or arbitral in
2  character." *Id.* (citing, *inter alia*, *Landis*, 299 U.S. at 254–55)).

3  More recently, in an unpublished opinion, the Ninth Circuit said that a trial court could
4  exercise discretion to stay an action under *Landis*, even after it held that the trial court had erred
5  by staying the action under the *Pullman* abstention doctrine based on a pending state court
6  mandamus proceeding. *Patel v. City of Los Angeles*, 594 F. App'x 415, 415–16 (9th Cir. 2015)
7  (citing *R.R. Comm'n of Tex. v. Pullman Co.*, 312 U.S. 496, 498 (1941)). The purpose of the
8  *Pullman* abstention doctrine is to "allow[] federal courts to refrain from deciding sensitive federal
9  constitutional questions when state law issues may moot or narrow the constitutional questions."
10 *Porter v. Jones*, 319 F.3d 483, 492 (9th Cir. 2003) (cleaned up). Like abstention under *Colorado*
11 *River*, the *Pullman* abstention doctrine "is an extraordinary and narrow exception to the duty of a
12 district court to adjudicate a controversy." *Courthouse News Serv. v. Planet*, 750 F.3d 776, 783
13 (9th Cir. 2014) (cleaned up).

14 If *Colorado River* provided the only ground on which a court could grant a discretionary stay
15 in the face of competing state court litigation, then the *Patel* court would likely have cited it.
16 Instead, the *Patel* court cited *Landis* and other decisions applying *Landis*, such as *Lockyer*, 398
17 F.3d at 1110, and *Clinton v. Jones*, 520 U.S. 681, 706–07 (1997). *Patel*, 594 F. App'x at 416.
18 Thus, the *Patel* unpublished decision generally suggests that a temporary stay under *Landis* is
19 available as an alternative to courts even if a specific narrower abstention rule is not applicable.

20 In short, the issue is unsettled. But the weight of authority in this district and the Ninth Circuit
21 supports the conclusion that a discretionary stay under *Landis* may be appropriate under some
22 circumstances — such as where the requested stay is temporary — even where abstention under
23 *Colorado River* is not. Thus, because the defendant here is seeking a temporary stay pending the
24 outcome of related court litigation rather than the court's permanent abstention in favor of state
25 court proceedings, the court applies the standard articulated in *Landis*.

### 2.2   *Landis* Factors

To determine whether a stay is appropriate under *Landis*, the court "must weigh competing interests and maintain an even balance." *Landis*, 299 U.S. at 254–55. The competing interests include the following:

> [T]he possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay.

*CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (citing *Landis*, 299 U.S. at 254–55); *accord Lockyer*, 398 F.3d at 1110. "[I]f there is even a fair possibility" that the stay will harm the non-moving party, the party seeking the stay "must make out a clear case of hardship or inequity in being required to go forward." *Landis*, 299 U.S. at 255.

### 2.2.1   Potential Harm to the Plaintiff

Concerning the possible damage to the non-moving party, the plaintiff contends that "this case must be seen through to settlement or resolution on its merits" because there is a "remote likelihood of recovery in full" in the state-court litigation and there is a possibility that estate beneficiaries could petition to remove the plaintiff from her role as the administrator of the estate if there is a delay.[41] The plaintiff also cites possible spoliation of evidence.[42] The defendant counters with several points.

First, the defendant points out that a delay in recovering monetary damages is not a sufficient basis to deny a stay motion.[43] This is correct. A "mere delay in monetary recovery is an insufficient basis to deny a stay." *Gustavson v. Mars, Inc.*, No. 13-cv-04537-LHK, 2014 WL 6986421, at *3 (N.D. Cal. Dec. 10, 2014) (citing *Lockyer*, 398 F.3d at 1110–12). The plaintiff is seeking only monetary damages in this action.[44]

---

[41] Opp'n to Mot. to Stay – ECF No. 18 at 7–8.

[42] *Id.* at 8.

[43] Reply – ECF No. 21 at 2.

[44] Compl. – ECF No. 1-1 at 7; Opp'n to Mot. to Stay – ECF No. 18 at 7 (describing the plaintiff's responsibility to "marshal[] the assets of the Estate").

Second, the defendant contends that the plaintiff has not diligently pursued recovery in the state-court litigation and that, therefore, any delay is the fault of the plaintiff.[45] Again, the defendant is correct. The plaintiff appears to have defaulted in the interpleader action filed by National Recovery Services.[46] And the plaintiff's counterargument that she will not be able to recover against Mr. Abdeljawad in the malpractice action is speculative and irrelevant.[47]

The pendency of many similar malpractice claims against Mr. Abdeljawad and his possible lack of malpractice insurance does not necessarily mean that he could never satisfy a judgment against him.[48] Furthermore, Mr. Abdeljawad's ability to personally satisfy a judgment is irrelevant. The threshold issue in this case is whether Mr. Abdeljawad had authority to deposit the funds on the plaintiff's behalf. *See* Cal. Com. Code § 3420(a) ("An instrument is also converted if . . . a bank makes or obtains payment with respect to the instrument for a person not entitled to enforce the instrument or receive payment."). It is critical — in both this case and the pending state court litigation — for the plaintiff to establish that she is entitled to the funds and that she did not authorize Mr. Abdeljawad to deposit or disburse the funds as he apparently did. This issue is separate from Mr. Abdeljawad's ability to satisfy a judgment.

Third, the plaintiff's contention that the court should deny the stay request due to possible spoliation of evidence is unsupported. The claim at issue here involves the negotiation of a single check based on an allegedly forged signature.[49] It appears that the key evidence will be documents such as the plaintiff's agreement with her former attorney and National Recovery Services. It does not appear that this action will turn on witnesses' memories or other perishable materials. *See*, *e.g.*,

---

[45] Reply – ECF No. 21 at 3–4.

[46] Mot. to Stay – ECF No. 12 at 8; Docket, San Mateo Cnty. Super. Ct. Case No. 20-CIV-01183, Ex. A to Req. for Jud. Notice – ECF No. 12-1 at 9.

[47] Opp'n to Mot. to Stay – ECF No. 18 at 7–8 (noting "the remote likelihood of recovery in full in any of the other state court litigation").

[48] Prochnow Decl. in Supp. of Opp'n to Mot. to Stay – ECF No. 18-1 at 6–7 (¶ 29–32) (speculating that Mr. Abdeljawad "does not carry malpractice insurance" and neither "[Mr.] Abdeljawad nor [National Recovery Services] and its principals will be willing or able to satisfy a subsequent award" because they face many similar claims of misappropriating client funds).

[49] Compl. – ECF No. 1-1 at 7.

*Pac. Structures*, 2022 WL 2673087, at *2 (holding that the possibility that employees of the defendant insurance company may switch jobs during a stay did not warrant denying a stay in an "insurance coverage dispute that in large part concern[ed] the meaning of written agreements, rather than . . . the unrecorded memories of witnesses").

In sum, the first *Landis* factor favors granting a stay. But even if the plaintiff had been able to show a "fair possibility" that a stay would harm her, the other factors outweigh any such harm.

### 2.2.2   Hardship to the Defendant

The second factor — the hardship associated with being forced to proceed — also favors a stay. The plaintiff's claims against the defendant depend, in part, on whether her signature was forged and whether Mr. Abdeljawad had authority to deposit the check and distribute the proceeds in the manner he apparently did. These issues are more directly at issue in the malpractice action and interpleader action pending in state court. Forcing the defendant to concurrently litigate these issues here would impose a hardship because it would risk inconsistent rulings and confusion. *Vance v. Google LLC*, No. 5:20-CV-04696-BLF, 2021 WL 534363, at *5 (N.D. Cal. Feb. 12, 2021) (cleaned up) ("Although it is not necessarily hardship for a party to litigate similar claims on a mere two fronts[,] hardship may nonetheless occur where there is the potential for inconsistent rulings and resulting confusion.").

### 2.2.3   Orderly Course of Justice

To determine whether "[a] stay will contribute to the orderly course of justice," the court looks to whether the stay will simplify or complicate "'issues, proof, and questions of law.'" *Icon at Panorama*, 2020 WL 5751228, at *3 (quoting *Lockyer*, 398 F.3d at 1110). In *Icon*, the court stayed a federal action that hinged in part on whether the plaintiff could prove the defendant made misrepresentations in state court proceedings. *Id.* The court held that a stay would contribute to the orderly course of justice because the state court litigation would "likely illuminate what proof, if any, of alleged misrepresentations exists and clarify the law necessary to determine whether such misrepresentations occurred." *Id.*

The situation here is similar. The resolution of the plaintiff's claims against her former attorney, Mr. Abdeljawad, will illuminate what authority he or National Recovery Services may

have had to act on her behalf. The resolution of National Recovery Services' interpleader action will illuminate similar issues. Accordingly, staying this action pending the resolution of state court litigation would contribute to the orderly course of justice.

Thus, the court stays this action based on the court's inherent authority.

## CONCLUSION

The court grants the defendant's motions to dismiss and stay. The plaintiff's complaint is dismissed without prejudice, and the court stays the case pending resolution of the state court litigation involving the same issues, including the plaintiff's action against Mr. Abdeljawad and the interpleader action.

The court sets a status conference on January 19, 2023. The parties are ordered to file a joint status report regarding the status of the state court litigation seven days before the status conference.

The plaintiff may file an amended complaint within fourteen days after the stay is lifted. Any amended complaint must include as an attachment a blackline of the amended complaint against the operative complaint.

This disposes of ECF Nos. 12 and 13.

**IT IS SO ORDERED.**

Dated: September 13, 2022

LAUREL BEELER
United States Magistrate Judge